**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                          **Plaintiff,**<br><br>          v.<br><br>**STEPHEN M. KOVZAN,**<br><br>                          **Defendant.** | Civil No. 11-CV-2017 JWL/KGS<br><br>**ORAL ARGUMENT REQUESTED** |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
STEPHEN M. KOVZAN'S AMENDED MOTION TO DISMISS
<u>THE AMENDED COMPLAINT</u>**

<br>

| | |
|---|---|
| Andrew B. Weissman (admitted *pro hac vice*)<br>Christopher Wilber (admitted *pro hac vice*)<br>Nicole R. Rabner (admitted *pro hac vice*)<br>J. David Zetlin-Jones (admitted *pro hac vice*)<br><br>WILMERHALE LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 663-6000<br>andrew.weissman@wilmerhale.com<br>christopher.wilber@wilmerhale.com<br>nicole.rabner@wilmerhale.com<br>david.zetlin-jones@wilmerhale.com | Stephen L. Hill, Jr.          KS # 78029<br>Maxwell Carr-Howard      KS # 21042<br>Lyndsey J. Conrad          KS # 23527<br><br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, Missouri  64112<br>(816) 983-8000<br>(816) 983-8080<br>stephen.hill@huschblackwell.com<br>max.carr-howard@huschblackwell.com<br>lyndsey.conrad@huschblackwell.com |

*Attorneys for Defendant Stephen M. Kovzan*

This memorandum supplements the Memorandum in Support of Defendant's Motion to Dismiss ("MTD") by addressing new allegations inserted into plaintiff's Amended Complaint ("AC") after the motion to dismiss was filed. The new allegations seek to address compliance with the statute of limitations, and to enhance plaintiff's scienter allegations. As demonstrated below, the new allegations do not cure the deficiencies in the original Complaint.

## I. PLAINTIFF'S NEW ALLEGATIONS DO NOT SALVAGE ITS TIME-BARRED PENAL CLAIMS.

Plaintiff addresses its tardiness in commencing this action by alleging that it "proceeded with due diligence during the limitations period" and "did not receive inquiry notice of the fraud and other misconduct alleged … until June 7, 2007." (AC ¶ 69.) These allegations do not avoid dismissal because: (1) under 28 U.S.C. § 2462, a claim seeking punitive relief accrues when the alleged violation occurred, not when it was, or could have been, discovered; (2) equitable tolling doctrines are not applicable; and (3) even if equitable tolling could apply, plaintiff's allegations are insufficient to avoid dismissal on that basis.

### A. The Discovery Rule Does Not Apply to Claims Under 28 U.S.C. § 2462.

It "has been accepted without question" that Section 2462's limitation period commences with "the date of the underlying violation." *United States v. Core Labs.*, *Inc.*, 759 F.2d 480, 482-83 (5th Cir. 1985) (reviewing precedent under the predecessor statute). Plaintiff's focus on the alleged time of discovery of the violation appears to be premised on the mistaken belief that the common law "discovery rule" applies to penal actions covered by Section 2462. It does not:

> This discovery rule, which might be applicable to statutes of limitations in state tort actions, has no place in a proceeding to enforce a civil penalty under a federal statute. The statute of limitations begins with the violation itself—it is upon violation, and not upon discovery of harm, that the claim is complete and the clock is ticking.

*Trawinski v. United Techs.*, 313 F.3d 1295, 1298 (11th Cir. 2002) (discussing § 2642); *see also 3M Co. v. Browner*, 17 F.3d 1453, 1463 (D.C. Cir. 1994) (the discovery rule is "unworkable; outside the language of the statute … unsupported by the discovery of injury rule adopted in non-enforcement, remedial cases; and incompatible with the functions served by a statute of limitations in penalty cases").

Plaintiff has tried repeatedly to graft the discovery rule onto Section 2462, but courts around the country routinely reject these efforts.[1/]  And for good reason: the discovery rule's purpose is *equitable* – to preserve a plaintiff's hidden damages claim.  *See 3M*, 17 F.3d at 1460.  But Section 2462 applies only to *penal* actions.  Penalty cases seek not to redress a wrong, but to punish it.  That is not the type of claim the discovery rule was created to protect.  *See id.* (the purpose of the discovery rule is not served in penalty cases where "injuries or damages resulting from the violation are not part of the cause of action").  Delaying the accrual of penal claims until discovery of alleged violations would create the potential for a virtually unlimited delay in commencing them, a consequence that "would be utterly repugnant to the genius of our laws … where not even treason can be prosecuted after a lapse of three years."  *Adams v. Woods*, 6 U.S.

---

[1/]     *See SEC v. Microtune, Inc.*, No. 08-cv-1105, 2011 WL 540280, at *4 n.7 (N.D. Tex. Feb. 15, 2011) (rejecting discovery rule for fraud claims subject to § 2462); *SEC v. Huff*, No. 08-cv-60315, 2010 WL 5287452, at *43 (S.D. Fla. Dec. 17, 2010) (same); *SEC v. Leslie*, No. 07-cv-3444, 2010 WL 2991038, at *36 (N.D. Cal. July 29, 2010) (same); *SEC v. Gabelli*, No. 08-cv-3826, 2010 WL 1253603, at *5 (S.D.N.Y. Mar. 17, 2010) ("the discovery rule does not apply to claims subject to … § 2462"); *SEC v. Berry*, 580 F. Supp. 2d 911, 919 (N.D. Cal. 2008) (§ 2462 "is not subject to the discovery rule"); *SEC v. Richie*, No. 06-cv-63, 2008 WL 2938678, at *11 (C.D. Cal. May 9, 2008) ("A claim first accrues on the date the defendant allegedly violated the statute and not when the plaintiff knew or should have known of the alleged violation"); *SEC v. Jones*, No. 05-cv-7044, 2006 WL 1084276, at *6 (S.D.N.Y. Apr. 25, 2006) (same); *SEC v. Harden*, No. 05-cv-354, 2006 WL 89864, at *2 (W.D. Mich. Jan. 12, 2006) (§ 2462 "is not subject to equitable extensions, such as due to delayed discovery"); *SEC v. Scrushy*, No. 03-cv-0615, 2005 WL 3279894, at *3 (N.D. Ala. Nov. 29, 2005) (the "start of the statute of limitations is the date of the violations for which the civil penalties are sought, not the discovery of such violations").

(2 Cranch) 336, 342 (1805) (Marshall, C.J.).

Moreover, the discovery rule's equitable considerations make little sense in the context of SEC enforcement actions, in which the Commission enjoys "distinct investigatory advantage[s] over a typical private plaintiff," including "a veritable army of trained attorneys," investigatory subpoena power, and an extended five-year limitation period. *See SEC v. Fisher*, No. 07-cv-4483, 2008 WL 2062699, at *4 (N.D. Ill. May 13, 2008). In short, the discovery rule does not apply to plaintiff's penal claims against Mr. Kovzan, making plaintiff's new allegations about its discovery of the alleged violations irrelevant.

### B.      Plaintiff Has Not Alleged Fraudulent Concealment.

Plaintiff's penal claims for conduct before January 12, 2006 could avoid dismissal only if the Section 2462 limitations period could be tolled by fraudulent concealment. To plead fraudulent concealment, plaintiff must allege facts showing: (1) Mr. Kovzan used fraudulent means to prevent discovery of the claim; (2) this fraudulent concealment prevented plaintiff from discovering the operative facts of its claim; and (3) plaintiff could not have learned about the potential claim through the exercise of due diligence. *See Ballen v. Prudential Bache Sec. Inc.*, 23 F.3d 335, 337 (10th Cir. 1994) (quoting *King & King Enters. v. Champlin Petroleum Co.,* 657 F.2d 1147, 1154 (10th Cir. 1981)); *In re Urethane Antitrust Litig.,* 409 F. Supp. 2d 1275, 1284 (D. Kan. 2006) (Lungstrum, J.). The Amended Complaint does not satisfy this standard.

#### 1.      Plaintiff fails to allege that Mr. Kovzan concealed any violation.

To plead fraudulent concealment against Mr. Kovzan, plaintiff must allege – with particularity under Fed. R. Civ. P. 9(b) – affirmative steps he took to frustrate discovery of the violation by depriving plaintiff of information needed to pursue its claims. *See In re Urethane*

*Antitrust Litig.*, 235 F.R.D. 507, 517-19 (D. Kan. 2006).[2/]  Dismissal is required where a plaintiff fails to plead a defendant's *active efforts* to thwart the claim's discovery.  *See id*. at 517.

The Amended Complaint is devoid of any facts giving rise to an inference that Mr. Kovzan took affirmative steps to conceal the purported misconduct.  To the contrary, the company documents on which plaintiff bases its allegations establish the opposite.  As to allegedly unreported commuting expenses, NIC's payment for Mr. Fraser's use of private aircraft was openly disclosed, and the facts that Mr. Fraser lived in Wyoming and NIC was headquartered in Kansas were readily apparent.  As to the reimbursement of Mr. Fraser's expenses, the materials cited in the Amended Complaint show that Mr. Kovzan never hid facts about Mr. Fraser's documentation deficiencies from anyone.  Instead, he consistently informed his superiors about those concerns, forwarding to them the same materials he received.  (*See* MTD at 29-32).  Moreover, the documents reflecting these documentation concerns were openly maintained in NIC's records, never hidden by Mr. Kovzan (or anyone else), and readily revealed the facts plaintiff now cites as the basis for its claims.

---

[2/]     Although some courts hold the fraudulent concealment doctrine tolls a statute of limitations where the wrong alleged was "self-concealing," the Tenth Circuit has never adopted this standard (*see Urethane*, 235 F.R.D. at 518), and the tautological nature of this approach has been criticized.  *See OBG Tech. Servs. Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 507 (D. Conn. 2007) (the self-concealing standard is a "fallback notion [that] apparently will obviate proof of concealment for the diligent plaintiff") (internal citations and quotations omitted); *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1103 (7th Cir. 1992) (Posner, J., concurring) ("Self-concealing sounds good, but what does it mean?").  In any event, the Amended Complaint does not allege the violations at issue were "self-concealing," whatever that term may mean.  *See Microtune*, 2011 WL 540280, at *5 ("the Court rejects the proposition that all claims grounded in the federal securities statutes are inherently self-concealing"); *SEC v. Jones*, 476 F. Supp. 2d 374, 382 (S.D.N.Y. 2007) ("allegations of fraud are generally insufficient to demonstrate that a particular act is self-concealing … for a fraud to be self-concealing, the defendant must have engaged in some misleading, deceptive or otherwise contrived action or scheme, *in the course of committing the wrong*, that [was] designed to mask the cause of action") (citations omitted, emphasis in original).

- 4 -

The Amended Complaint alleges only that Mr. Kovzan failed to report the airplane expenses as perquisites, and failed to reveal Mr. Fraser's improperly-claimed expenses sooner. Those allegations fall far short of pleading fraudulent concealment. *See Urethane*, 235 F.R.D. at 519 ("mere silence or denial of wrongdoing is not sufficient to support a fraudulent concealment tolling theory"). Indeed, if those allegations were sufficient to plead fraudulent concealment, the exception would swallow the rule – virtually every claim alleging misleading disclosures would automatically toll the statute. That is not the law. Because plaintiff fails to plead "any basis for believing that [defendant] had attempted to keep any information from [plaintiff]," the doctrine of fraudulent concealment does not apply. *See Ballin*, 23 F.3d at 337 (affirming dismissal on statute of limitations grounds and rejecting tolling on the basis of fraudulent concealment).

### 2. Plaintiff fails to show its own due diligence.

To toll the statute based on fraudulent concealment, a plaintiff must plead specific facts "alleging how it has engaged in due diligence during the time that the statute of limitations was running." *Gabelli*, 2010 WL 1253603, at *7; *SEC v. Fraser*, No. 09-cv-443, 2009 WL 2450508, at *16 (D. Ariz. Aug. 11, 2009) ("The SEC has also failed to allege any facts regarding the third element of fraudulent concealment: that the SEC acted with due diligence until discovering the fraudulent concealment.").

Plaintiff fails to satisfy this requirement. It does not identify any actions taken during the limitations period to discover the alleged fraud. Instead it makes the conclusory statement that plaintiff "proceeded with due diligence during the limitations period, and did not receive inquiry notice of the fraud and other misconduct alleged herein until June 7, 2007, when an informant reported to the Commission's Enforcement staff that NIC's CEO had received certain personal benefits that the company covered up." (AC ¶ 69.) That is not enough to satisfy the SEC's burden. *See Gabelli*, 2010 WL 1253603, at *7 (SEC's allegation that it "could not have

- 5 -

discovered that wrongdoing earlier" failed to satisfy requirement of showing due diligence).  It does not even attempt to address the claims based on alleged "commuting expenses," and pursuing a four-year inquiry after receiving notice hardly is evidence of due diligence.

All operative facts forming the basis for plaintiff's "commuting" claims were apparent beginning in at least 2003, when filings with the SEC disclosed that (1) NIC was headquartered in Kansas, (2) Mr. Fraser resided in Wyoming, and (3) Mr. Fraser traveled by corporate aircraft at company expense.  *See, e.g.*, Ex. C (Schedule 13D (Sept. 16, 2002), listing Mr. Fraser's Wyoming address); Ex. D (excerpts from NIC Schedule 14A (Apr. 3, 2003) reflecting Mr. Fraser's Wyoming residence, NIC's Kansas headquarters, and NIC's lease of private aircraft for Mr. Fraser).  Since plaintiff alleges that these facts alone establish that NIC paid Mr. Fraser's "commuting expenses" (*see* AC ¶ 32), reasonable diligence should have led to asserting this claim in fewer than 8 years.  Likewise, the documents reflecting concerns about Mr. Fraser's expense reimbursements were available for review shortly after plaintiff acknowledges notice of the potential claim.  It was only through lack of diligence that the claim was delayed more than three years.  *See Jones*, 476 F. Supp.2d at 383 (rejecting equitable tolling where "[t]he Commission had access to much or all of [the relevant] information through the Funds' prospectuses, registration statements, and the Commission's own investigatory authority").

### C.  Plaintiff failed to assert its claims within a reasonable period.

Even if plaintiff could show fraudulent concealment, its penal claims are still barred because it failed to "act[] diligently in filing its complaint in a timely manner once it had inquiry notice."  *Microtune*, 2011 WL 540280, at *7 ("equity would not be served by allowing the SEC to wait a full five years to file its case after being apprised of Microtune's practices").  Plaintiff's rationalization for waiting almost four years after actual notice to bring its claims is untenable.  (*See* AC ¶ 70.)  The facts regarding supposed "commuting expenses" were apparent for close to

- 6 -

a decade. And plaintiff charges that the personal nature of Mr. Fraser's expense reimbursements was so obvious that Mr. Kovzan was reckless for failing to recognize and disclose them immediately. Yet, plaintiff excuses its own delay in asserting its claims with the incompatible argument that it needed more than three years to "ascertain the nature of the thousands of personal payments to the CEO disguised as legitimate business expenses … and review hundreds of thousands of documents involved." *Id*.

Because plaintiff did not bring suit within a reasonable time after it admits being on notice of its claims, fraudulent concealment – even if pled – does not save the claims.

## II. PLAINTIFF'S NEW ALLEGATIONS DO NOT RAISE A PLAUSIBLE INFERENCE OF SCIENTER.

The Amended Complaint adds three new allegations that appear designed to address scienter: (1) "[b]y at least mid-2002, NIC's Assistant Controller notified Kovzan that there was no documentation supporting a business purposes for Fraser's expenses …." (AC ¶ 26); (2) during an interview with NIC counsel as part of NIC's 2007 internal review of Mr. Fraser's expenses, Mr. Kovzan allegedly said there was a decision not to "bust Fraser's chops" about sloppy documentation practices (*id.*); and (3) "in August 2003 and September 2003, Kovzan received analyses of Fraser's credit card charges prepared by the Assistant Controller that included Fraser's personal expenses" (*id.* ¶ 28). None of these allegations contributes to a plausible inference that Mr. Kovzan made intentionally misleading perquisite disclosures.

The first two allegations at most indicate Mr. Kovzan knew that Mr. Fraser's expense reports lacked required documentation – they do *not* create an inference that he knew Mr. Fraser was misreporting his business expenses. Knowledge of non-compliance with a corporate policy is not tantamount to knowing about or recklessly disregarding a fraud. These new allegations, like others in the Amended Complaint, do not create an inference that Mr. Kovzan knew or

recklessly disregarded that the Company's proxy statements failed to reflect that Mr. Fraser misappropriated expense reimbursements from NIC.  *See* MTD at 29-32; *City of Phila. v. Fleming Cos.,* 264 F.3d 1245, 1261 (10th Cir. 2001) (scienter allegations require facts showing *both* that "(1) the defendant knew of the potentially material fact; *and* (2) the defendant knew that failure to reveal the potentially material fact would likely mislead investors").

The third allegation – that Mr. Kovzan received "analyses of Fraser's credit card charges … that included Fraser's personal expenses" – says nothing about scienter.  Plaintiff does not identify what those personal charges were, whether or how they were misrepresented to be business-related, how Mr. Kovzan should have known they were personal, whether Mr. Fraser in fact repaid some or all of them,[3/] and how Mr. Kovzan could determine which had been repaid.

Plaintiff's new allegations also do not cure the failure to plead any fact suggesting Mr. Kovzan could have been aware of problems with Mr. Fraser's expense reimbursements before an October 2, 2003 e-mail.  (*See* MTD at 31 n.18.)  The general allegation that NIC's Assistant Controller notified Mr. Kovzan "by at least mid-2002" that there was "no documentation supporting a business purpose for Mr. Fraser's expenses" is plainly insufficient.  "Where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information."  *Novak v. Kasaks*, 316 F.3d 300, 309 (2d Cir. 2000); *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 165 (D. Conn. 2007).

---

[3/]   Plaintiff acknowledges that Mr. Fraser routinely identified and repaid personal expenses on his corporate credit card statements.  (*See* NIC Compl. ¶ 31, attached as Exhibit D to MTD.)

- 8 -

- 9 -

Andrew B. Weissman (admitted *pro hac vice*)
Christopher Wilber (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
christopher.wilber@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com

Dated: April 25, 2011

Respectfully submitted,

/s/ Stephen L. Hill, Jr.
Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 25, 2011, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

      David Frohlich
      Erica Y. Williams
      David Williams
      Jeffrey Tao
      Helaine Schwartz
      U.S. Securities & Exchange Commission-DC
      100 F. Street NE
      Washington, DC  20549-4010
      (202) 551-4450
      (202) 772-9246 (FAX)
      frohlichd@sec.gov
      williamsdav@sec.gov
      taoje@sec.gov
      schwartzh@sec.gov

      *Attorneys for Plaintiff Securities & Exchange Commission*

      /s/ Stephen L. Hill, Jr.
      Attorney