IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil No. 11-CV-2017 JWL/KGS |
| v. | |
| STEPHEN M. KOVZAN, | Judge John W. Lungstrum |
| Defendant. | |

**SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT STEPHEN M. KOVZAN'S AFFIRMATIVE DEFENSE OF LACHES**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") submits this Memorandum of Law in Support of its Motion to Strike Defendant Stephen M. Kovzan's Affirmative Defense of Laches.

**BACKGROUND**

On January 12, 2011, the SEC brought this civil enforcement action against Stephen M. Kovzan ("Kovzan"), the chief financial officer ("CFO") and former chief accounting officer ("CAO") of NIC Inc. ("NIC or the "Company"), a publicly-traded technology services company headquartered in Olathe, Kansas. The Commission's Amended Complaint ("Complaint") alleges that, between at least 2002 and 2007, Kovzan participated in a fraudulent scheme to conceal from investors over $1 million in secret compensation to Jeffrey Fraser, NIC's then-Chief Executive Officer ("CEO") and Chairman of its Board of Directors. Kovzan personally authorized and directed the Company's finance department to pay many of these personal

1

expenditures for Fraser's benefit. And after personally authorizing the payments, Kovzan -- who was trained as a certified public accountant and familiar with SEC disclosure requirements -- drafted financial disclosures and proxy statements for NIC in each year of the scheme that affirmatively concealed from NIC's shareholders the substantial benefits being bestowed on Fraser, notwithstanding the fact that both the Commission's rules and NIC's internal policies required such disclosure. For his central role in the fraudulent scheme, the Commission alleges that Kovzan violated the anti-fraud, books and records, internal controls, proxy disclosure, and lying to auditors provisions of the federal securities laws, and aided and abetted NIC's violations of certain of these same provisions.

On August 4, 2011, the Court entered an Order granting in part and denying in part Kovzan's Motion to Dismiss.  On August 26, 2011, Kovzan filed his Answer to the Commission's Amended Complaint, in which he asserted, among other things, the affirmative defense of laches.[1] After conferring with counsel for the SEC, Kovzan has not agreed to withdraw this affirmative defense. The SEC now files this Motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike the affirmative defense of laches, which is clearly without merit.  The Commission submits that Kovzan's defense should be stricken because it presents no substantial questions of law or fact and is insufficient as a matter of law.  Further, the SEC will be prejudiced by the potential confusion of trial issues, as well as increased expenditure of time and expense during discovery related to a defense that is plainly without merit.

---

[1] Kovzan asserts as his Third Affirmative Defense that Plaintiff's claims are "barred, in whole or in part, . . . because plaintiff unduly delayed the commencement of the claims to Mr. Kovzan's prejudice . . . rendering evidence supporting of his defense stale or inaccessible."

2

## ARGUMENT AND AUTHORITIES

### 1. The Standard of Review Governing Rule 12(f) Motions

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). As this Court has noted, "a defense is insufficient if, as a matter of law, it cannot succeed under any circumstances." *RTC v. Fleischer*, 835 F.Supp. 1318, 1320 (D. Kan. 1993). The "purpose of the rule is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial." *RTC v. Tri-State Realty Investors of K.C.*, 838 F.Supp. 1448, 1450 (D.Kan. 1993). Although motions to strike are generally not favored, a plaintiff may prevail on such a motion where "the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits." *Siuda v. Robertson Transformer*, No. 90-2245-JWL, 1992 WL 79311, *3 (D. Kan. March 16, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1381, at 802 (1969)). The determination "rests within the sound discretion of the district court." *Siuda*, No. 90-2245-JWL, 1992 WL 79311, *3.

### 2. There Is No Basis For the Defense of Laches in an SEC Enforcement Action

The inadequacy of the laches defense asserted by Kovzan in this SEC enforcement action is clearly apparent. It is settled that as a general matter "the United States is not subject to the defense of laches in enforcing its rights." *SEC v. Silverman*, 328 Fed. Appx. 601, 2009 WL 13762248 (11th Cir. May 19, 2009) (*quoting United States v. Summerlin*, 310 U.S. 414, 416 (1940) (27 year lapse on commencement of denaturalization proceedings not subject to defense of laches.)). The Tenth Circuit has repeatedly held that "the United States is not subject to the defense of laches." *FDIC v. Hulsey*, 22 F.3d 1472, 1490 (10th Cir. 1994) (*citing United States v.*

*First Nat'l Bank of Prague, Okla.*, 124 F.2d 484, 488 (10th Cir.1941)); *Roberts v. Morton*, 549 F.2d 158, 163 (10th Cir. 1977).

For this reason, courts around the country have held that the Commission, in conducting its investigations and bringing government enforcement actions, is acting in the public interest and is not subject to a laches defense. *See, e.g., SEC v. PacketPort.com*, No. 05-1747-JCH, 2006 WL 2798804, at *4 (D.Conn. Sept. 27, 2006) ("The court finds no legal basis for the application of the laches doctrine to the case at bar because the government is acting in the public interest in bringing this enforcement action"); *SEC v. Tandem Mgmt. Inc.*, No. 95-8411-JGK, 2001 WL 1488218, at *3-5 (S.D.N.Y. Nov. 21, 2001) ("The defense of laches is thus inapplicable to SEC civil enforcement actions seeking to enjoin future violations of the securities laws"); *SEC v. Sanders*, No. 85-2542-C, 1986 WL 15546 (D. Colo. Nov. 5, 1986) (laches defense "cannot be applied to a government agency working in the public interest"); *SEC v. Willis*, 777 F. Supp. 1165, 1175 (S.D.N.Y. 1991) ("Even if there had been some unreasonable delay on the part of the SEC, or prejudice to [Defendant] as a result, the defense of laches is generally unavailable when the government is a party"); *SEC v. Gulf & Western Industries, Inc.*, 502 F. Supp. 343, 348 (D.D.C. 1980).

There is no legal basis for application of the laches doctrine here.[2] Accordingly, the defense should be stricken because "the presence of this defense threatens to increase the time and expense of trial." *SEC v. Toomey*, 866 F. Supp. 719, 725 (S.D.N.Y 1992). "Courts must not be oblivious to the caseload pressures and budgetary restrictions on government enforcement

---

[2] Indeed, Kovzan in his Answer does not identify any facts or circumstances that might support his claim that any delay on the part of the Commission might have "render[ed] evidence supportive of his defense stale or inaccessible." This Court requires an affirmative defense to include a "short and plain statement of supporting facts, in order that the opposing party may have fair notice of the defense and the ground upon which it rests." *Sprint v. Big River Telephone*, No. 08-2046-JWL, 2008 WL 4171595, *1 (D. Kan. Sept. 8, 2008). Failure to provide such notice, in and of itself, constitutes sufficient prejudice to warrant striking an affirmative defense. *Id*.

agencies, nor should they be unmindful that the discovery process can be unduly and unnecessarily delayed by counsel seeking to establish the defense of laches." *SEC v. Sarivola*, No. 95-9270-RPP, 1996 WL 304371, at *1 (S.D.N.Y. June 6, 1996). Thus, "inclusion of this defense would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial of this matter." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 327 (S.D.N.Y. 1999).

## CONCLUSION

For the reasons stated above, the Court should strike Kovzan's Third Affirmative Defense.

Dated:  September 19, 2011

Respectfully submitted,

    /s/ Rick A. Fleming_____
 Rick A. Fleming (Kansas Bar No. 17127)
109 SW 9th Street, Suite 600
Topeka, KS  66612
Telephone: (785) 296-5215

A. David Williams (Cal. Bar 183854)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5546
Phone: (202) 551-4548

*Attorneys for Plaintiff*