IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>STEPHEN M. KOVZAN,<br><br>      Defendant. | Civil No. 11-CV-2017 JWL/KGS |

## UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO MOVE TO COMPEL

| | | |
|---|---|---|
| Andrew B. Weissman (admitted *pro hac vice*) | Stephen L. Hill, Jr. | KS # 78029 |
| John A. Valentine (admitted *pro hac vice*) | Maxwell Carr-Howard | KS # 21042 |
| Nicole R. Rabner (admitted *pro hac vice*) | Lyndsey J. Conrad | KS # 23527 |
| J. David Zetlin-Jones (admitted *pro hac vice*) | | |
| Kelly S. Shoop (admitted *pro hac vice*) | HUSCH BLACKWELL LLP | |
| | 4801 Main Street, Suite 1000 | |
| WILMERHALE LLP | Kansas City, Missouri 64112 | |
| 1875 Pennsylvania Avenue, NW | (816) 983-8000 | |
| Washington, DC 20006 | (816) 983-8080 | |
| (202) 663-6000 | stephen.hill@huschblackwell.com | |
| andrew.weissman@wilmerhale.com | max.carr-howard@huschblackwell.com | |
| christopher.wilber@wilmerhale.com | lyndsey.conrad@huschblackwell.com | |
| nicole.rabner@wilmerhale.com | | |
| david.zetlin-jones@wilmerhale.com | | |

*Attorneys for Defendant Stephen M. Kovzan*

Pursuant to D. Kan. Rule 6.1(a), Defendant Stephen M. Kovzan hereby respectfully moves this Court for a [second] extension of time, up to and including February 27, 2012, to file his Motion to Compel Responses to his First Set of Requests for Production of Documents and Things ("Requests"), First Set of Interrogatories ("Interrogatories") [Dkt #51], as well as a motion to compel a sufficient privilege log, if the parties are unable to resolve their differences before that date. Plaintiff Securities and Exchange Commission does not oppose this request. In support of his motion, Mr. Kovzan states:

1. On November 15, 2011 Mr. Kovzan served Plaintiff with the Requests and the Interrogatories [Dkt #51].

2. Plaintiff served objections and responses to both the Requests and Interrogatories on December 23, 2011. On that date, Plaintiff also provided a log entitled "Further Log of Communications between SEC Divisions in *In the Matter of NIC Investigation*." This log was provided after ongoing discussions between the parties as to the adequacy of the privilege log initially submitted by Plaintiff on November 3, 2011, as well as the supplemental log entitled "SEC's Privilege Log Related to Witness Interviews" provided on December 16, 2011. Plaintiff represented that the November 3, 2011 log was provided to describe materials identified in Plaintiff's Initial Disclosures pursuant to Rule 26. The December 16, 2011 log was provided in response to a December 1, 2011 request from Mr. Kovzan for a description of documents related to interviews conducted during the investigative phase of the case as to which Plaintiff asserts various privileges.

3. This Court granted Mr. Kovzan's Unopposed Motion for Extension of Time to File a Motion to Compel on January 18, 2012 [Dkt #54].

4. Without further action, the Court's January 18, 2012 Order would require Mr.

Kovzan to file a motion to compel discovery relating to the Requests and the Interrogatories on or before February 13, 2012, unless the Court extends the time for filing such motion for good cause.

5. The parties have been working diligently to resolve outstanding discovery issues, having engaged in meet-and-confer calls on January 13 and February 2, 2012, and exchanged correspondence dated January 18, January 20, and January 31, 2012. Despite these efforts, the parties have been unable to resolve a number of significant issues. Mr. Kovzan has raised concerns about the sufficiency of the scope of plaintiff's search for responsive documents, and discussions on that subject are ongoing. Plaintiff has indicated that it is engaging in another review of certain of its discovery responses to determine whether it will supplement those responses. The parties require additional time to attempt to reach agreement on a reasonable search protocol and to assess any additional documents identified in Plaintiff's additional review.

6. Plaintiff has indicated that it intends to provide a supplemental privilege log this week and additional information concerning the scope of Plaintiff's search for responsive documents. The parties require additional time to determine whether the forthcoming privilege log, either standing alone or in combination with the logs previously provided, is sufficient to enable Mr. Kovzan to assess Plaintiff's privilege and work product claims over thousands of documents. The parties also require additional time either to reach agreement on the scope of Plaintiff's search for responsive documents or to narrow the disagreement on that issue as much as possible before submitting it to the Court for resolution.

7. In its January 31, 2012 letter, Plaintiff provided internet citations and physical locations of documents it has deemed potentially responsive to certain of the requests that

3

Plaintiff states are publicly available, including documents residing at the National Archives. Mr. Kovzan requires additional time to collect and review these documents in order to assess the sufficiency of Plaintiff's responses.

8. This is the second motion for an extension of time to move to compel discovery relating to the Requests, the Interrogatories, or the privilege logs.

9. The purpose of this extension is both to allow Mr. Kovzan time to meaningfully review documents and privilege claims that have not yet been produced as well as to allow the parties to engage in a meet-and-confer process in an attempt to resolve their differences without the need for motion practice.

10. Neither party will be prejudiced by the granting of this motion.

11. Plaintiff has no objection to the requested extension of time.

**WHEREFORE**, Defendant Stephen M. Kovzan, respectfully requests that this Court grant his motion and enter an order permitting him to file his Motion to Compel Responses to the Requests and the Interrogatories on or before February 27, 2012.

Dated: February 9, 2012

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
christopher.wilber@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com

Respectfully submitted,

/s/ Stephen L. Hill, Jr.

Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

David Frohlich
Erica Y. Williams
David Williams
Jeffrey Tao
Helaine Schwartz
U.S. Securities & Exchange Commission-DC
100 F. Street NE
Washington, DC 20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
frohlichd@sec.gov
williamsdav@sec.gov
taoje@sec.gov
schwartzh@sec.gov

*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney