IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>    v.<br><br>STEPHEN M. KOVZAN,<br><br>                      Defendant. | Civil No. 11-CV-2017 JWL/KGS |

JOINT MOTION OF DEFENDANT STEPHEN M. KOVZAN
AND PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
TO EXTEND THE DISCOVERY SCHEDULE

Defendant Stephen M. Kovzan and plaintiff Securities and Exchange Commission respectfully submit this joint motion for an extension of the schedule for discovery.

1. The Court issued its initial Scheduling Order (Dkt. # 43) on September 16, 2011. Under the Scheduling Order, all fact discovery must be commenced or served in time to be completed by May 15, 2012.

2. Since the Court issued its Scheduling Order, the parties in good faith have been pursuing discovery and have attempted to resolve disagreements concerning the scope of discovery. Plaintiff produced extensive portions of its investigative file over which it has made no claim of privilege or other protection, and plaintiff has issued subpoenas for documents from defendant and third parties NIC Inc. ("NIC") and PricewaterhouseCoopers LLP. These documents total over 200,000 pages. Defendant served discovery requests to which plaintiff responded, and the parties held extensive meet and confer sessions to resolve certain issues in connection with those responses and to identify issues that required submission to the Court, as discussed below. The

parties have been engaged in document review, and are now scheduling and noticing depositions of certain fact witnesses.

2. Two important issues remain unresolved, however, and their resolution could have a significant impact on the parties' ability to commence or serve fact discovery in time to be completed by the current deadline of May 15, 2012.

    A. First, defendant's pending Motion To Compel (Dkt. # 61) seeks discovery from plaintiff in a number of areas, including: (a) the identification of the alleged undisclosed perquisites at issue in this case; (b) the interpretation and understanding of the perquisite and internal controls regulations on which plaintiff's claims are based; (c) plaintiff's own review of NIC filings during the period at issue; and (d) the identification of documents referenced in a related enforcement action brought by plaintiff against NIC Inc. and certain of its current and former officers. In addition, defendant's Motion To Compel challenges the adequacy of plaintiff's privilege logs as a predicate for considering plaintiff's claims of privilege.

    B. Second, plaintiff and third party NIC have not finalized a proposed stipulated confidentiality agreement and protective order with respect to NIC's document production. Once those negotiations are complete and a protective order is entered, NIC and defendant will complete their respective productions of confidential NIC documents.

3. The resolution of these matters could have a significant impact on the direction the parties take in discovery and the appropriate timing for completion of fact discovery. For example, if defendant's Motion To Compel is granted in full or in part, plaintiff will be required to produce additional information and/or materials, and defendant will want to review those and have adequate time to pursue additional discovery on the basis of that review. In addition,

defendant has difficulty trying to finalize his plans for deposition and written discovery until the Motion To Compel is decided.

4. In light of these issues, the parties respectfully request a modest modification of the discovery schedule.

5. The parties request that time permitted for fact discovery be extended and ordered to be commenced or served in time to be completed by the earlier of: (a) sixty (60) days after the final resolution of defendant's Motion To Compel (Dkt. # 61), if defendant's Motion To Compel is denied in full; or (b) sixty (60) days after completion of production of any documents and/or information ordered by the Court, if defendant's Motion To Compel is granted in full or in part.

6. The parties respectfully request that following the resolution of defendant's Motion To Compel (Dkt. # 61), the Court direct the parties to submit a joint status report (a) indicating whether further modification of the pretrial schedule is necessary, and (b) proposing a reasonable further modification if appropriate.

Dated:  April 10, 2012            Respectfully submitted,

/s/ Stephen L. Hill, Jr.
Stephen L. Hill, Jr. KS #78029
Maxwell Carr-Howard KS #21042
Lyndsey J. Conrad KS #23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
stephen.hill@huschblackwell.com
max-carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)

Kelly S. Shoop (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6600
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

*Attorneys for Defendant Stephen M. Kovzan*


/s/ Jeffrey S. Kruske
Jeffrey S. Kruske (Kansas Bar No. 20098)
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

A. David Williams (Cal. Bar. 183854)
Sarah L. Levine (Mass. Bar No. 651718)
Securities and Exchange Commission
100 F. Street, NE
Washington, DC  20549-5546
(202) 551-4450
williamsdav@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to counsel of record and the foregoing was e-mailed to the following counsel:

>
> Jeffrey S. Kruske
> Office of the Securities Commissioner
> 109 SW 9th Street, Suite 600
> Topeka, KS  66612
> (785) 296-5215
> jeff.kruske@ksc.ks.gov
>
> David Williams
> Holly A. Pal
> Helaine Schwartz
> U.S. Securities and Exchange Commission
> 100 F. Street NE
> Washington, DC  20549-4010
> (202) 551-4450
> (202) 772-9246 (FAX)
> williamsdav@sec.gov
> palh@sec.gov
> schwartzh@sec.gov
>
> *Attorneys for Plaintiff Securities and Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney