IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                          **Plaintiff,**<br><br>      v.<br><br>STEPHEN M. KOVZAN,<br><br>                                          **Defendant.** | Civil No. 11-CV-2017 JWL/KGS |

**JOINT MOTION OF DEFENDANT STEPHEN M. KOVZAN
AND PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
TO EXTEND THE DISCOVERY SCHEDULE**

Defendant Stephen M. Kovzan and plaintiff Securities and Exchange Commission respectfully submit this joint motion for an extension of the schedule for discovery.

1. The Court issued its initial Scheduling Order (Dkt. # 43) on September 16, 2011. Under the Scheduling Order, all fact discovery was to be commenced or served in time to be completed by May 15, 2012.

2. On April 10, 2012, the parties jointly filed a Motion To Extend The Discovery Schedule. (Dkt. # 69). The motion was based, in part, on defendant's outstanding Motion to Compel. (Dkt. # 61). Briefly, defendant's Motion To Compel seeks discovery from plaintiff in a number of areas, including: (a) the identification of the alleged undisclosed perquisites at issue in this case; (b) the interpretation and understanding of the perquisite and internal controls regulations on which plaintiff's claims are based; (c) plaintiff's own review of NIC filings during the period at issue; and (d) the identification of documents referenced in a related enforcement action brought by plaintiff against NIC Inc. and certain of its current and former officers.  In

addition, defendant's Motion To Compel challenges the adequacy of plaintiff's privilege logs as a predicate for considering plaintiff's claims of privilege.

3. On April 11, 2012, the Court granted in part the parties' Motion To Extend The Discovery Schedule and extended the deadlines for completion of fact and expert discovery to July 30, 2012. (Dkt. # 70). The Court noted that it was amenable to further extending the deadline if the parties believe they require additional time for discovery in light of the Court's forthcoming ruling on the Motion To Compel. *Id.*

4. Since the Court entered its April 11, 2012 order, the parties in good faith have been pursuing discovery and have attempted to resolve disagreements concerning the scope of discovery. In addition to the efforts described in the parties' earlier Motion To Extend the Discovery Schedule, the parties have noticed and taken depositions of certain fact witnesses. The discovery that remains to be taken or completed largely relates to issues raised in defendant's pending Motion To Compel.

5. The parties agree that the resolution of the Motion To Compel is likely to have a significant impact on the scope and timing of discovery. If defendant's Motion To Compel is granted in full or in part, plaintiff will be required to produce additional information and/or materials, and defendant will need time to review those productions and may seek additional discovery on the basis of that review.

6. In addition, the parties previously agreed to adjourn the deposition of former NIC CEO Jeffrey S. Fraser, an important witness for both sides, until the Motion To Compel has been decided. On July 10, 2012, defendant issued a Rule 30(b)(6) notice of deposition to plaintiff, which scheduled the deposition for July 25, 2012. (Dkt. # 84). Because the Rule 30(b)(6) notice topics overlap extensively with the subjects of defendant's Motion To Compel, the parties

agree that the deposition should be postponed until there is a final resolution of the Motion To Compel. To proceed now without that resolution would potentially waste substantial resources, as it could require multiple depositions of Mr. Fraser (who currently resides in Alaska) and plaintiff in the event the Court's ruling extends discovery to areas that are currently in dispute.

7.  In the interest of full disclosure, the parties also acknowledge that, in light of the importance to both parties of the issues raised in the Motion To Compel, it is likely that at least some aspects of the Magistrate Judge's Order on that Motion will be appealed to Judge Lungstrum pursuant to Rule 72(a). That appeal process would take additional time, during which aspects of the Motion To Compel will remain unresolved.

8.  In light of these issues, the parties respectfully request that the Court suspend the current Scheduling Order until there is a final resolution on the Motion To Compel, including any appeal of the Magistrate Judge's forthcoming Order on the Motion To Compel to Judge Lungstrum. In the interim, the parties will work diligently to complete all facets of fact discovery that are not contingent on the outcome of the Motion To Compel.

9.  In addition, the parties respectfully propose that the Court (a) direct the parties to submit a joint proposal for an amended scheduling order within one week of the final resolution of the Motion To Compel, with the objective of establishing a schedule that is structured similarly to the current Scheduling Order, and/or (b) schedule a telephone status conference to discuss reinstating such a scheduling order as soon as is practicable following the final resolution of the Motion to Compel.

Dated: July 20, 2012          Respectfully submitted,

    /s/ Stephen L. Hill, Jr.
Stephen L. Hill, Jr. KS #78029
Maxwell Carr-Howard KS #21042
Lyndsey J. Conrad KS #23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
stephen.hill@huschblackwell.com
max-carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6600
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

*Attorneys for Defendant Stephen M. Kovzan*

    /s/ Jeffrey S. Kruske
Jeffrey S. Kruske (Kansas Bar No. 20098)
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

A. David Williams (Cal. Bar. 183854)
David S. Mendel (D.C. Bar No. 470796)
Securities and Exchange Commission
100 F. Street, NE

- 4 -

- 5 -

Washington, DC  20549-5546
(202) 551-4450
williamsdav@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of July 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to counsel of record

/s/ Stephen L. Hill, Jr.
Attorney