IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 11-2017-JWL<br>) |
| STEPHEN M. KOVZAN, | )<br>) |
| Defendant. | )<br>)<br>) |

## **MEMORANDUM AND ORDER**

In this case, the Securities and Exchange Commission ("SEC") has brought various claims against defendant Stephen M. Kovzan under the federal Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77a *et seq.*, and the federal Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a *et seq.* This matter presently comes before the Court on defendant's motion for review (Doc. # 96) of part of the Magistrate Judge's Memorandum and Order of July 31, 2012, by which the Magistrate Judge denied defendant's motion to compel the SEC's production of certain documents. For the reasons set forth below, the motion for review is **granted**; the Court sets aside that portion of the Magistrate Judge's Order, and defendant's motion to compel is granted with respect to the documents at issue in this motion for review. The SEC must produce

the requested documents on or before **November 9, 2012**.[1]

## I. Background

In this civil enforcement action, the SEC seeks civil money penalties, an injunction against further violations, a prohibition against defendant's acting as an officer or director of a publicly-traded company, and disgorgement of any ill-gotten gains. The SEC's claims are centered on its allegations that defendant was involved with the preparation and signing of public SEC filings for his employer, NIC Inc. ("NIC"), from 2002 to 2006 that were materially false and misleading because they did not disclose as income certain perquisites received by NIC's CEO. Among its other claims, the SEC also alleges that defendant made false or misleading statements to NIC's auditors, in violation of Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, to the effect that NIC maintained effective internal controls over financial reporting.

In February 2012, defendant filed a motion to compel certain discovery from the SEC (Doc. # 61), on which the Magistrate Judge ruled by Memorandum and Order of July 31, 2012 (Doc. # 89). In that Order, among other rulings, the Magistrate Judge denied defendant's motion to compel the production of documents by the SEC pursuant to defendant's document requests 11-16, 18-20, 32-34, and 64. Defendant now seeks review of that portion of the Order.

---

[1]The Court denies defendant's request for oral argument on this motion.

**II.     Standard of Review**

Fed. R. Civ. P. 72(a) governs objections to a non-dispositive order by a magistrate judge. Under that rule, the district court does not conduct a *de novo* review, but instead employs a more deferential standard under which the movant must show that the order "is clearly erroneous or is contrary to law." *See id.*; *accord First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *A/R Roofing, L.L.C. v. Certainteed Corp.*, 2006 WL 3479015, at *3 (D. Kan. Nov. 30, 2006) (citing *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991)); *see also* 12 Chas. A. Wright, et al., *Federal Practice and Procedure: Civil 2d* § 3069, at 350 (1997) (discovery disputes might be better characterized as suitable for an abuse-of-discretion analysis under Rule 72(a)), *cited in Microsoft v. MBC Enterprises*, 120 F. App'x 234, 243 (10th Cir. 2004).

### III.     Analysis

In its motion to compel, defendant sought responses to document requests 11-16, 18-20, and 32-34, by which defendant sought documents concerning the interpretation of and SEC interpretative guidance regarding Item 402 of Regulation S-K, 17 C.F.R. § 229.402, which provides detailed instructions for the disclosure of executive compensation in reports filed with the SEC.  Defendant also sought to compel a response to Request 64, by which defendant sought any documents suggesting that "an internal control related to the documentation of expenses that had no impact on the ability of a public company to incorporate those expenses into its financial statements is an 'internal control over financial reporting.'"

In response to these requests, the SEC claims that it has produced the following: "proposed and final rules reflecting amendments to Item 402; more than 800 public comment letters to the Commission relating to Item 402's requirements; public interpretive guidance promulgated by Commission staff relating to Item 402; no-action, interpretive and exemptive letters, and telephonic interpretations of Commission staff; a voluminous amount of additional comment letters by Commission staff to public issuers; and legal interpretations of Item 402 by the Commission in the context of more than a dozen litigated and administrative proceedings." (Italics omitted.)  The SEC refused, however, to undertake a search of its staff for other responsive documents,

including internal SEC documents.[2]

In his motion for review, defendant states that he is now narrowing his requests to the following categories of non-privileged documents within the scope of the document requests: "(1) communications between plaintiff Securities and Exchange Commission and third parties; (2) non-privileged portions of plaintiff's internal documents that reflect communications between plaintiff and third parties; and (3) plaintiff's internal documents concerning a final decision as to what guidance, if any, the SEC staff may provide to reporting companies regarding the meaning of the perquisite disclosure regulations and the definition of internal control over financial reporting." The SEC argues that the present motion for review should be denied because defendant did not present these specific categories to the Magistrate Judge in briefing the motion to compel. The Court rejects this argument. By this motion, defendant has not made any new arguments or sought any discovery outside the scope of the document requests considered by the Magistrate Judge. Rather, defendant effectively seeks review of the Magistrate Judge's ruling only with respect to these categories of responsive documents, while accepting the Magistrate Judge's ruling with respect to any other documents within the scope of the document requests at issue.

   A.   *Relevance*

---

[2]The SEC states that such a search would be burdensome, but it did not object on the basis of burden in litigating the motion to compel. Nor has it elaborated on that characterization in responding to defendant's present motion for review. Thus, the Court does not consider the SEC's potential burden in producing the requested documents.

5

Defendant challenges the Magistrate Judge's ruling that the requested documents are not relevant to any claim or defense in the case. In its motion to compel and in this motion, defendant has argued that the documents are relevant to three specific issues: scienter; his constitutional defense of fair notice; and the appropriateness of the injunctive relief requested in this case by the SEC.

As noted above, the Magistrate Judge's ruling is entitled to some deference from this Court. Nevertheless, after reviewing this matter, the Court is left with the definite and firm conviction that the Magistrate Judge mistakenly analyzed this issue of relevance, and that he therefore clearly erred in denying the motion to compel, at least with respect to the narrowed categories of documents requested by defendant. *See Ocelot Oil*, 847 F.2d at 1464 (defining the clearly erroneous standard). First, with respect to the issue of scienter, the Magistrate Judge did not consider the objective component, which could require consideration of the standard of care in the industry, of the Tenth Circuit's definition of recklessness for purposes of applying the scienter requirement in securities fraud cases. He also did not analyze the relevance of the requested documents to the affirmative defense of fair notice or to the issue of the injunctive relief requested by the SEC in this case. For these reasons, the Court concludes that the Magistrate Judge's ruling regarding relevance is contrary to law. The Court addresses these three issues in turn.

1. SCIENTER

Defendant argues that documents concerning the interpretation of Item 402 are

6

relevant to the SEC's claim of defendant's involvement in the misstatement of an executive's compensation based on the alleged reimbursement of expenses incurred by the executive for personal purposes, including travel between his Wyoming home and the company's Kansas headquarters. Defendant's request 64 relates to the SEC's claim that he misrepresented in letters to auditors that the company maintained effective controls over financial reporting, and defendant argues that the request is relevant to that claim in light of this Court's rejection at the pleading stage of defendant's argument that such statement could not be false if no financial statements were misstated. *See SEC v. Kovzan*, 807 F. Supp. 2d 1024, 1044 (D. Kan. 2011).

Specifically, defendant argues that the requested documents are relevant to whether he acted with the required scienter. With respect to the SEC's securities fraud claims, this Court previously noted that scienter "requires a showing of an intent to defraud or recklessness." *See id.* at 1039 (citing *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1257-58 (10th Cir. 2001)). In *Fleming*, the Tenth Circuit defined recklessness as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Fleming*, 264 F.3d at 1258 (citing *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1232 (10th Cir. 1996)); *see also Dronsejko v. Thornton*, 632 F.3d 658, 665 (10th Cir. 2011) (applying this definition of "recklessness"). Thus, defendant argues that scienter may include an objective component, such that the standard of care in the industry is relevant. Defendant similarly

7

argues that the SEC's claim under Rule 13b2-2, relating to the statement about internal controls, also contains such an objective component, as it is governed at least by a standard of reasonableness. *See, e.g.*, *SEC v. Kelly*, 765 F. Supp. 2d 301, 324 (S.D.N.Y 2011).

The Magistrate Judge effectively concluded that scienter relates to what defendant knew or should have known, and that therefore information may be relevant to scienter only if known to the public or to defendant. As noted above, however, the Magistrate Judge clearly erred in failing to consider that evidence of the standard of care in the industry may be relevant in light of the Tenth Circuit's definition of "recklessness" or the reasonableness standard that the SEC seeks to apply to the Rule 13b2-2 claim.

The Court agrees with defendant that, under the Tenth Circuit's definition of recklessness to include an extreme departure from the standard of ordinary care, evidence of the practice within the industry may be relevant to the issue of scienter. Of course, the SEC could attempt to prove scienter in this case solely by showing an intent to defraud, thereby removing the issue recklessness from the case. The SEC has not limited its case in that manner, however. Accordingly, the Court concludes that defendant is entitled to seek evidence relating to the industry standard, whether or not such evidence was previously known to him or the public. The Court notes in this regard that that evidence need not be ultimately admissible to be discoverable, *see* Fed. R. Civ. P. 26(b)(1), and the Court concludes that these requests are reasonably calculated to lead to the discovery of admissible evidence relevant to the issue of scienter.

8

The Court does not find the opinion in *SEC v. Nacchio*, 704 F. Supp. 2d 1099 (D. Colo. 2010), on which the Magistrate Judge relied, to be persuasive, as that court did not consider the Tenth Circuit's definition of the recklessness prong of the scienter requirement. In *Nacchio*, the court, after discussing the application of privilege to a request for deposition answers from the SEC concerning internal SEC communications, stated at the conclusion of its analysis that the requested information also appeared to be irrelevant. *See id.* at 1112. In a footnote, without citation to authority, the court rejected the defendant's argument that uncertainty within the SEC was relevant to his own lack of understanding of the applicable regulations, and the court stated that the SEC's knowledge or beliefs were irrelevant to the defendant's scienter, which turned on his own thought process. *See id.* at 1112 n.16. Thus, the court did not take into account the objective component of recklessness that may make industry standards relevant under the Tenth Circuit's definition. Moreover, in the present case, and particularly in his narrowed requests, defendant does not merely seek the SEC's internal communications, but seeks information regarding communications between the SEC and third parties. Thus, the Court is not persuaded by the *Nacchio* court's ruling relating to the particular discovery before it.

In its brief to this Court, the SEC addressed this issue of the standard of care within the industry by citing cases in which two courts noted that acts in conformity with industry practice may still be fraudulent, as that practice itself may be fraudulent. *See Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir.

9

1998); *SEC v. Rauscher Pierce Refsnes, Inc.*, 17 F. Supp. 2d 985, 1001 (D. Ariz. 1998). Those cases, however, only stand for the proposition that the industry standard is not necessarily determinative; they do not support the SEC's position that evidence of the industry standard is not relevant. Certainly, the SEC might eventually argue that evidence of confusion regarding the regulations in communications to the SEC does not actually represent the state of the industry practice; again, however, the issue of the admissibility of the evidence is for a later day.

Accordingly, in the absence of binding or persuasive authority that communications between the SEC and third parties, although not known by the public or defendant, cannot be relevant to the issue of recklessness, the Court concludes that defendant's requests could properly lead to the discovery of admissible evidence on the issue of scienter. The Court thus overrules the SEC's relevance objection.

2.   FAIR NOTICE

Defendant also argues that the requested discovery is relevant to his constitutional fair notice defense, by which defendant asserts that the applicable regulations were impermissibly vague, particularly in light of the lack of guidance issued by the SEC. *See, e.g.*, *FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012). As noted above, the Magistrate Judge's ruling does not contain any analysis of the relevance of the requested discovery to defendant's fair notice defense. In its brief to this Court, the SEC has responded to this argument solely by arguing the merits of the fair notice defense in this case. The Court is not inclined to consider those merits in this context of

a motion for review of a discovery ruling, however. The SEC has not provided any reason why the (later) consideration of this defense on the merits may not include matters contained in non-public documents held by the SEC.

The Court concludes that discovery of such non-public documents may lead to the discovery of admissible information relevant to defendant's fair notice defense. *See, e.g.*, *Ohio Cast Prods., Inc. v. Occupational Safety & Health Rev. Comm'n*, 246 F.3d 791, 799 (6th Cir. 2001) (industry practice may be considered in ruling on fair notice defense); *General Elec. Co. v. EPA*, 53 F.3d 1324, 1332 (D.C. Cir. 1995) (confusion and inconsistent interpretations within an agency support a fair notice defense). Thus, defendant's requests may be relevant to this issue as well.

### 3. INJUNCTIVE RELIEF

Finally, defendant argued in its motion to compel, and argues in this motion, that the requested documents are relevant to the injunctive relief requested by the SEC in this suit, including an officer-director bar. Specifically, defendant argues that the industry practice, guidance given to other companies, and confusion within the SEC itself may be relevant to the degree of defendant's scienter—how reckless he was—which in turn is relevant to whether injunctive relief should be granted. *See, e.g.*, *SEC v. Pros Int'l*, 994 F.2d 767, 769 (10th Cir. 1993) (degree of scienter is relevant to propriety of injunctive relief for securities violation).

Neither the Magistrate Judge in his order nor the SEC in responding to the present motion addressed this argument by defendant. The Court agrees with defendant, for the

reasons argued by him, that the requested documents may be relevant to this issue of the relief sought by the SEC. Thus, these requests are relevant with respect to multiple issues, and the Magistrate Judge's ruling to the contrary therefore constitutes an abuse of his discretion and is contrary to law.

### B.     *Other Bases for Denial of the Motion to Compel*

The Magistrate Judge separately ruled that the requests relating to Item 402 are facially overbroad, seemingly on two bases. First, the Magistrate Judge noted that some of the requests were "sweeping" and applied to communications of persons outside or within the SEC. The Magistrate Judge did not explain, however, how these requests were impermissibly broad. That conclusion by the Magistrate Judge was likely influenced by his ruling, hereby reversed by this Court, that the requests sought irrelevant information. The Court does not find that these requests are fatally overbroad, particularly as narrowed by defendant in his present motion. The Magistrate Judge also noted that, in the copy provided to him, many of the requests contained no temporal limitations. This issue of temporal limitations, however, was not raised by the SEC in opposing the motion to compel, and the requests' instructions (not provided to the Magistrate Judge) do specifically request documents from 2002 to 2006. Thus, the Court overrules any objection that these requests are overbroad.

The Magistrate Judge also concluded that defendant's document requests sought documents protected by the deliberative process privilege. The requests, however, also seek documents relating to communications with third parties that would not fall within

12

that privilege, and in narrowing his requests, defendant seeks only non-privileged documents. Thus, the fact that some documents responsive to the original requests may be privileged does not provide a basis for denying the motion to compel the production of non-privileged responsive documents. In light of the Court's ruling that the requested information is relevant, the Court concludes that the Magistrate Judge therefore clearly erred to the extent that it denied the motion to compel in its entirety for the separate reason that the requests sought some documents that would be privileged.

For these reasons, the Court concludes that defendant's motion to compel, as it relates to the narrow categories of documents set forth by defendant in the present motion, should not have been denied. Defendant's present motion for review is therefore granted, and the SEC must produce the requested documents on or before **November 9, 2012**.

### C. *Production Required by the SEC*

Finally, the SEC argues that, in providing the public documents, it has already produced the requested third-party communications. The SEC has not shown or stated, however, that all communications with third parties concerning these regulations were made public. Indeed, it appears that the SEC has not even conducted a search to confirm that all such third-party communications have been produced. Moreover, defendant has requested internal documents that reflect third-party communications, which documents would not seem to have been included within the SEC's prior production.

The SEC also asserts that additional responsive documents will naturally fall

within the deliberative process privilege. Again, however, the SEC has not yet conducted the relevant search, and thus it cannot credibly make that determination. The Court agrees that documents "concerning" the SEC's final decisions might be privileged, but the Court cannot issue a blanket exemption for such documents. The SEC may withhold any privileged documents that are responsive to defendant's narrowed requests (while adding such documents to its privilege log), but it must nevertheless search for responsive documents and produce all such documents that are not privileged.[3]

---

[3]The issue of whether any particular documents actually fall within the deliberative process privilege is not presently before the Court.

14

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for review (Doc. # 96) of part of the Magistrate Judge's Memorandum and Order of July 31, 2012, is **granted**; the Court sets aside that portion of the Magistrate Judge's Order, and defendant's motion to compel is granted with respect to the documents discussed herein.  Plaintiff SEC shall produce the requested documents in accordance with this Order on or before **November 9, 2012**.

IT IS SO ORDERED.

Dated this 10th day of October, 2012, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge