# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>STEPHEN M. KOVZAN,<br><br>       Defendant. | Civil No. 11-CV-2017 JWL/KGS |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE TO COMPEL

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)

WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
christopher.wilber@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com

Stephen L. Hill, Jr.  KS # 78029
Maxwell Carr-Howard  KS # 21042
Lyndsey J. Conrad  KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

Pursuant to D. Kan. Rule 6.1(a), Defendant Stephen M. Kovzan hereby respectfully moves this Court for an extension of time, up to and including November 14, 2012, to file any motion to compel with respect to Plaintiff Securities and Exchange Commission's responses to Mr. Kovzan's First Set of Requests for Admission ("Requests"), First Set of Interrogatories, Second Set of Interrogatories, Third Set of Interrogatories, and documents appearing on Plaintiff's privilege logs, in accordance with Judge Sebelius' Order on Mr. Kovzan's Motion to Compel (Dkt. No. 89), if the parties are unable to resolve their differences before that date. Plaintiff does not oppose this request. In support of his motion, Mr. Kovzan states:

1. On February 27, 2012, Mr. Kovzan filed a Motion to Compel, which in pertinent part challenged the sufficiency of the Plaintiff's privilege logs as well as its responses to Mr. Kovzan's First Set of Interrogatories. (Dkt. Nos. 61-62).

2. On March 27, 2012, Plaintiff filed its response to Mr. Kovzan's Motion to Compel and on March 26, 2012, Mr. Kovzan filed his reply. (Dkt. Nos. 65-66).

3. On June 29, 2012, Mr. Kovzan served Plaintiff with the Requests and the Second and Third Set of Interrogatories (Dkt. No. 81).

4. On July 31, 2012, Judge Sebelius entered an Order granting in part and denying in part Mr. Kovzan's Motion to Compel. (Dkt. No. 89). In the Order, Judge Sebelius granted "Mr. Kovzan's motion to compel as to Interrogatory No. 1 and its subparts," ordering Plaintiff to "fully respond" within 14 days from the date of the Order, or August 14, 2012. Order at 5, 22. (Dkt. No. 89). Judge Sebelius further ordered that "Mr. Kovzan's motion to compel, as it pertains to documents appearing on the SEC's privilege log, is denied without prejudice to refiling within thirty (30) calendar days from the date of this order should such a motion become necessary after the parties meaningfully confer." Order at 22. (Dkt. No. 89).

2

5. On August 10, 2012, Judge Sebelius entered an Order granting Plaintiff's Unopposed Motion to Stay Compliance with the Magistrate Judge's Order granting in part Mr. Kovzan's Motion to Compel. (Dkt. No. 92).

6. Plaintiff served its Objections and Responses to Mr. Kovzan's Requests and the Second and Third Set of Interrogatories on August 17, 2012. (Dkt. No. 93).

7. On August 23, 2012, Judge Sebelius entered an Order granting Plaintiff's second Unopposed Motion to Stay Deadlines regarding the Magistrate Judge's Order granting in part Mr. Kovzan's Motion to Compel. (Dkt. No. 94).

8. On August 28, 2012, Judge Sebelius entered an Order granting Mr. Kovzan's Unopposed Motion for Extension of Time to File Renewed Motion to Compel as to documents reflected on Plaintiff's privilege logs. (Dkt. Nos. 99-100).

9. On August 31, 2012, Plaintiff served its Supplemental Objections and Responses to Mr. Kovzan's First Set of Interrogatories in compliance with Judge Sebelius' Order granting in part Mr. Kovzan's Motion to Compel. (Dkt. No. 101).

10. On September 11, 2012, Judge Sebelius entered an Order granting Mr. Kovzan's Second Unopposed Motion for Extension of Time to File Renewed Motion to Compel as to documents reflected on Plaintiff's privilege logs. (Dkt. No. 104).

11. On September 12, 2012, Judge Sebelius entered an Order granting Mr. Kovzan's Unopposed Motion for Extension of Time to File Motion to Compel responses to Mr. Kovzan's Requests as well as his Second and Third Set of Interrogatories. (Dkt. No. 106).

12. On September 25, 2012, Judge Sebelius entered an Order granting Mr. Kovzan's Third Unopposed Motion for Extension of Time to File Renewed Motion to Compel as to documents reflected on Plaintiff's privilege logs. (Dkt. No. 110).

13. On October 5, 2012, Plaintiff served Supplemental Responses to Mr. Kovzan's Requests as well as his First, Second and Third Set of Interrogatories.

14. Pursuant to the terms of Judge Sebelius' September 25, 2012 Order, Mr. Kovzan currently must refile his Motion to Compel as to documents reflected on Plaintiff's privilege logs on or before October 11, 2012.

15. Pursuant to the terms of Judge Sebelius' September 12, 2012 Order, Mr. Kovzan currently must file his motion to compel responses to the Requests and the Second and Third Set of Interrogatories on or before October 15, 2012.

16. Without further action, D. Kan. Rule 37.1(b) would require Mr. Kovzan to file a motion to compel further responses to his First Set of Interrogatories within 30 days after service of Plaintiff's supplemental responses. As a result, Mr. Kovzan must currently file a motion to compel as to Plaintiff's supplemental responses to the First Set of Interrogatories by November 5, 2012, unless the Court extends the time for filing such motion for good cause.

17. Due to the large volume of written discovery at issue, requiring legal analysis of over 200 pages of written discovery responses and objections, and covering a wide range of important issues, as well as continuing efforts to resolve any remaining disputes as to the sufficiency of Plaintiff's privilege logs, the parties require additional time to determine whether a motion to compel is required for any of Plaintiff's discovery responses.

18. The purpose of this extension is both to allow Mr. Kovzan time to meaningfully review Plaintiff's responses and objections, as well as to allow the parties to continue their active and ongoing meet-and-confer process in an attempt to resolve their differences without the need for motion practice. The purpose of this motion is also to place all outstanding discovery disputes on the same schedule for purposes of a motion to compel. Should the need

4

for motion practice arise, the parties can then address any remaining discovery disputes in the same motion to compel briefing.

19. The parties have been working diligently to resolve outstanding disputes on all discovery, having engaged in meet-and-confer calls on August 9, 24, and September 13, 2012. The parties also have exchanged correspondence dated August 15 and 29, 2012, as well as September 7, 18, 28, and October 3, 2012.  With respect to the privilege logs, the parties have specifically undertaken to follow Judge Sebelius' suggestions of ways to narrow the dispute "with the aim of reaching a more practical solution."  Order at 21.  (Dkt. No. 89).

20. In light of Judge Lungstrum's October 10, 2012 Order granting Mr. Kovzan's motion for review of portions of Judge Sebelius' July 31 Order, and requiring Plaintiff to search for and produce additional responsive documents, the granting of this motion will not delay fact discovery in this matter.  (Dkt. No. 113).

21. Neither party will be prejudiced by the granting of this motion.

22. Plaintiff has no objection to the requested extension of time.

**WHEREFORE**, Defendant Stephen M. Kovzan, respectfully requests that this Court grant his motion and enter an order permitting him to file any motion to compel with respect to Plaintiff's responses to the Requests, responses to any of the First, Second or Third Interrogatories, and permitting him to refile any motion to compel with respect to document reflected on Plaintiff's privilege logs, on or before November 14, 2012.

Dated:  October 10, 2012

                        Respectfully submitted,

                        /s/ Stephen L. Hill, Jr.

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
christopher.wilber@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com

Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

>David Williams
>David Mendel
>U.S. Securities & Exchange Commission-DC
>100 F. Street NE
>Washington, DC  20549-4010
>(202) 551-4450
>(202) 772-9246 (FAX)
>williamsdav@sec.gov
>mendeld@sec.gov
>
>Jeffrey S. Kruske
>Office of the Securities Commissioner
>109 SW 9th Street, Suite 600
>Topeka, KS  66612
>(785) 296-5215
>jeff.kruske@ksc.ks.gov
>
>*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney