# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil No. 11-CV-2017 JWL/KGS |
| v. ) ) | |
| STEPHEN M. KOVZAN, ) ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and in accordance with the Scheduling Order entered herein and the Guidelines for Agreed Protective Orders of this Court, the Parties have jointly requested a Protective Order because they may seek to discover and/or produce information as specifically identified below.

Plaintiff United States Securities and Exchange Commission ("Plaintiff") in this SEC enforcement action issued a third-party subpoena for documents to NIC Inc. ("NIC") on or about October 14, 2011.  NIC objected to producing certain confidential documents, further described below, without the protections of a protective order limiting use and dissemination of such information to use and dissemination for the purposes of this case.  In addition, the Plaintiff anticipates producing confidential materials pertaining to its investigative practices and processes that Plaintiff believes contain sensitive and non-public information.  The parties represent that they have no wish or intention to use such confidential information for any purpose other than the prosecution and defense of this litigation.  Unnecessary disclosure to the public of these records would cause embarrassment, annoyance and undue burden within the meaning of Fed. R.

Civ. P. 26(c). The Court therefore finds that good cause exists to enter a Protective Order limiting the disclosure and use of information and documents pursuant to Fed. R. Civ. P. 26(c). Accordingly, and for good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential and specifically identified below.

1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced by Defendant, NIC, or any of its attorneys, which NIC or Defendant believes in good faith is of a confidential nature, including: (a) Internal controls and SOX risk assessments, including fraud risk assessments; (b) NIC policies, draft policies and information relating to computer use and security, anti-virus protection, remote access, security audits, server security, VPN connectivity, wireless access, and document retention, unless the same are disclosed or were disclosed on its public-facing website; (c) Detailed financial, operational and strategic information provided to Board of Directors, senior executives and/or consultants, including compensation studies; (d) Board of Directors and Committee meeting minutes reflecting non-public personnel or business information; (e) NIC voting trust beneficiary information; (f) Personnel information including home contact information, benefit elections, performance evaluations, discipline records, and compensation or stock option/restricted stock award information for non-NEOs; (g) Information concerning discovery, investigation and reporting of employee embezzlement; (h) Any person's personal financial, investment and benefit information; (i) Report of independent consultant and/or investigators (including NIC in-house counsel and compliance personnel, Audit Committee counsel and FBD Consulting) and communications with any consultant and/or investigators concerning NIC controls and policies, expense reimbursements of officers or employees, and/or

any employee complaint or allegation of misconduct; (j) Tax forms, statements and returns; (k) Employee expense reports and direct pay invoices; (l) Dividend distribution journals with stockholder information; (m) Director and Officer questionnaires; (n) Air travel and other expense analyses; (o) non-public financial information, budgets, forecasts, plans and reconciliations; (p) non-public information concerning contract dispute and negotiations with Majesco; (q) accounting and/or tax advice from outside firms to NIC and discussions of such advice; (r) insurance information and advice from brokers to NIC and discussions of such information and advice; (s) information containing financial institution account (including credit card account) numbers; (t) compensation analyses, studies or information commissioned by or on behalf of NIC (hereinafter referred to collectively as "Confidential Information"), may be designated as Confidential Information and if so designated shall be treated as confidential and shall not be disclosed except as provided in this Order.

      2.    Any information produced by Plaintiff related to internal SEC communications or its periodic reviews or examinations of NIC or NIC's public filings that Plaintiff believes in good faith is of a confidential nature may be designated as Confidential Information and if so designated shall be treated as confidential and shall not be disclosed except as provided in this Order.

      3.    Any information produced by Plaintiff, Defendant or NIC that any party or NIC believes in good faith contains any information of a personal or intimate nature regarding any individual or the disclosure of which would cause embarrassment or annoyance to that individual within the meaning of Fed. R. Civ. P. 26(c) may be designated as Confidential Information and if so designated shall be treated as confidential and shall not be disclosed except as provided in this Order.

4. Designation of information as confidential shall be accomplished as follows: With respect to documents, any document produced may be marked, on each page, with the legend "CONFIDENTIAL." In addition, documents produced during the SEC's pre-filing investigation of this matter with the legend "Confidential Treatment Requested by NIC Inc." and falling within one or more of the categories set forth in paragraph 1 above shall be presumptively treated as Confidential Information hereunder. Should a party proposing to use a document produced during the SEC's pre-filing investigation of this matter have any questions about whether the document falls within one of the categories enumerated in paragraph 1, that party may contact the producing party for clarification. The parties shall act in good faith to designate and/or maintain Confidential designations only for such documents as they believe are subject to protection. The inadvertent failure to designate material as Confidential Information does not preclude a party from subsequently making such a designation, and, in that case, the material shall be treated as Confidential Information after being properly designated. With respect to deposition testimony, a party or non-party shall state, on the record, all testimony which the party intends to designate as confidential. Counsel may, alternatively, designate within thirty (30) days after receipt of the transcript provided by the Court Reporter, a written list of those portions of the transcript which such party or non-party then deems confidential.

5. Confidential Information shall be used solely for the purpose of the prosecution or defense of the litigation in this case, and shall not be disclosed in any manner to any person except as provided in this Order. By stipulating to this Order and agreeing to its terms, neither NIC nor the parties have waived any objections to any requested discovery served upon them, nor have the parties waived any objections to the admissibility of any testimony or exhibit in the case.

6. Disclosure of documents or information under the terms of this Order shall not constitute a waiver of any other privilege claimed by the party producing the confidential information.

7. Documents produced or testimony given under the terms of this Order shall be retained in the office of receiving counsel until required to be filed in the case, in which event the provisions of paragraph 11 shall apply. Counsel for the parties shall be responsible for assuring that access to Confidential Information shall be permitted only to:

　　a) counsel of record who are outside counsel to the parties herein, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff, so long as all such parties are informed of this Order and orally agree to its terms;

　　b) the Court and to court reporters and videographers, including deposition court reporters and videographers and their staff, and members of the jury;

　　c) the defendant in this matter;

　　d) persons who appear on the face of the Confidential Information as an author, addressee or recipient thereof;

　　e) the actual or potential deposition or trial witnesses to the extent the Confidential Information may reasonably be believed to relate to their testimony, subject to the terms of paragraph 8;

　　f) parties who are assisting counsel in the prosecution or defense of this action, subject to the terms of paragraph 8; and

　　g) outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 8;

  h) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, subject to the terms of paragraph 8;

  i) professional vendors to which disclosure is reasonably necessary for processing Confidential Information for this litigation, a representative of which has signed the Acknowledgement of Protective Order described in paragraph 8, and otherwise subject to the terms of paragraph 8.

No party having access to any Confidential Information shall disclose in any manner its contents to any person other than those described in this Order. No such disclosure shall be made for any purpose other than those specified in this Order.

  8. Counsel for the respective parties shall be responsible for informing witnesses, as necessary, of the contents of this Protective Order. From and after the date this Order is entered, disclosure to any person specified in subparagraphs (e), (f), (g), (h) and (i) of paragraph 7 shall be permitted only after each such person signs the Acknowledgement of Protective Order (attached as Exhibit A). Counsel disclosing Confidential Information to any such party shall be responsible for maintaining a file containing signed Acknowledgements of Protective Order for all such persons to whom Confidential Information has been disclosed. Upon request, the file shall be made available to opposing counsel at the termination of the case, or earlier by agreement of the parties or by order of the Court for cause shown. Outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action who sign an Acknowledgement of Protective Order may view and have possession of copies of Confidential Information in their own offices provided that they otherwise comply with the terms of this Order with respect to the use and protection of Confidential Information.

  9. Counsel desiring to make disclosure of protected information to any person other

than those set forth herein shall make such a request to the party or non-party producing the information, and those parties shall attempt to agree on whether such disclosure shall be made. In the event the parties cannot agree, the dispute may be presented to the Court *in camera*, and disclosure thereafter made upon such terms as the Court may provide.

10. After conferring with the appropriate party, any party, or NIC, may make application to the Court, with proper notice, under the procedure set out by the Court or under applicable rules, to the designating party or nonparty, for a determination that any document designated as Confidential is not, in fact, entitled to confidential treatment, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as Confidential Information, whether certain documents or information should be released from provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve the dispute by agreement before asking the Court to resolve the dispute pursuant to the applicable rules of civil procedure. The standard relevant to the determination of whether the subject material is entitled to confidential treatment under this Order is that of "good cause" under Fed. R. Civ. P. 26(c).

11. If a party wishes to use any Confidential Information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, and in the absence of agreement of all parties and non-parties that such materials need not be filed under seal, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court in accordance with D. Kan. Rule 5.4.6.[1] After leave to file under seal is granted by the Court, the party filing the document under seal shall file the document in compliance with Section II.J. of the Court's Administrative Procedures for filing documents

---

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004).

under seal in civil cases.

12. Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable notice to counsel for the party or non-party that designated the information as confidential and to the Court. The designating party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

13. Any restriction on the use of Confidential Information may be removed, wholly or partially, by written agreement of the designating party.

14. Nothing in this Stipulation and Order shall prevent any party from redacting personal identifiers such as social security numbers or other personal data identifiers set out in Section II.I of the Court's Administrative Procedures for ECF filing from documents prior to production based upon proper objections to the request for discovery of such information.

15. Nothing in this Order shall prevent a party or non-party from seeking additional protection as to information deemed confidential.

16. Nothing herein shall be deemed to restrict in any way a party or non-party or its attorneys with respect to its own documents or to prevent a party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case. Confidential Information shall at all times during the litigation be maintained in the utmost confidentiality by all parties having access to it. On conclusion of the case all Confidential Information in the possession or under the control of counsel, the parties or their agents, consultants or experts along with all copies, excerpts or

summaries therefrom shall be destroyed or returned to the producing or testifying party or non-party within 90 days.  The termination of the case shall not relieve any person covered by this Order from the obligation to comply with the terms of it and the provisions of this Order as to confidentiality shall not terminate with the disposition of this action.  Any party or non-party that has produced Confidential Information pursuant to the procedures set forth in this Order may seek leave to reopen the case to enforce the provisions of this Order.  This paragraph shall not apply to court personnel acting in the course of their official duties.

      **IT SO ORDERED** this 11th day of December, 2012.

      s/ K. Gary Sebelius
      Honorable K. Gary Sebelius
      U.S. Magistrate Judge

**STIPULATED AND AGREED:**

ATTORNEYS FOR PLAINTIFF

/s/ David Williams
Erica Y. Williams
David Williams
Helaine Schwartz
David S. Mendel
Holly A. Pal
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-5977
Telephone:  (202) 551-4548
Facsimile:  (202) 772-9292
williamse@sec.gov
williamsdav@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
palh@sec.gov

Jeffrey S. Kruske
Office of the Kansas Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
(785) 296-5215
(785) 296-5482 (FAX)
Jeff.Kruske@ksc.ks.gov


ATTORNEYS FOR DEFENDANT

Husch Blackwell LLP

/s/ Stephen L. Hill, Jr._____
Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

Wilmer Cutler Pickering Hale and Dorr LLP

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

ATTORNEYS FOR NON-PARTY NIC INC.

Stinson Morrison Hecker LLP

 /s/ Sean W. Colligan
Sean W. Colligan,  KS #70143
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
scolligan@stinson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**STEPHEN M. KOVZAN,** )<br>)<br>**Defendant.** ) | **Civil No. 11-CV-2017 JWL/KGS** |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have read the attached Protective Order and I agree to be bound in all respects by its terms.

By: _____

_____