# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 11-CV-2017 JWL/KGS |
| Plaintiff, | ORAL ARGUMENT REQUESTED |
| v. | |
| STEPHEN M. KOVZAN, | |
| Defendant. | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## STEPHEN M. KOVZAN'S SECOND MOTION TO COMPEL

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)

WILMER CUTLER PICKERING HALE AND
 DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.          KS # 78029
Maxwell Carr-Howard     KS # 21042
Lyndsey J. Conrad          KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ...................................................................................................................2

    I.     PLAINTIFF SHOULD BE REQUIRED TO COMPLY WITH THE
          COURT'S JULY 31 ORDER. ...............................................................2

    II.    PLAINTIFF WAIVED ANY POSSIBLE BURDEN OBJECTION. .......................4

    III.   FAIRNESS REQUIRES THAT PLAINTIFF ANSWER ON AN
          EXPENSE-BY-EXPENSE BASIS. .........................................................5

    IV.   MR. KOVZAN SEEKS EVIDENCE, NOT EXPERT OPINION. .......................18

CONCLUSION ................................................................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*,
No. 00-2402-JAR, 2002 U.S. Dist. LEXIS 9685 (D. Kan. May 2, 2002) ................................5

*Cardenas v. Dorel Juvenile Group*,
232 F.R.D. 377 (D. Kan. 2005)..........................................................................................4

*City of Philadelphia v. Fleming Cos.*,
264 F.3d 1245 (10th Cir. 2001) .......................................................................................14

*FTC v. Ivy Capital*,
No. 11-cv-00283, 2012 WL 1883507 (D. Nev. May 22, 2012) .........................................7, 8

*Hilt v. SFC Inc.*,
170 F.R.D. 182 (D. Kan. 1997)..........................................................................................7

*Hopson v. Deffenbaugh Indus.*,
No. 07-2232-CM, 2008 U.S. Dist. LEXIS 118026 (D. Kan. July 21, 2008)............................3

*In re Urethane Antitrust Litig.*,
No. 04-MD-1616-JWL, 2009 WL 2058759 (D. Kan. July 15, 2009) ................................6, 18

*Phillips USA v. Allfex USA*,
No. 95-3004, 1996 U.S. App. LEXIS 3116 (10th Cir. Feb. 26, 1996) ....................................3

*Presbyterian Manors Inc. v. SimplexGrinnell, L.P.*,
No. 09-2656-KHV, 2010 WL 3880027 (D. Kan. Sept. 28, 2010).........................................12

*SEC v. Kalvex, Inc.*,
425 F. Supp. 310 (S.D.N.Y. 1975).....................................................................................15

*Shoemake v. McCormick, Summers & Talarico II, LLC*,
No. 10-2514-RDR, 2011 WL 5553652 (D. Kan. Nov. 15, 2011) ...........................................4

*Stoldt v. Centurion Industries, Inc.*,
No. 03-cv-2634 (CM/DJW), 2005 WL 375667 (D. Kan. Feb. 3, 2005)..................................18

## OTHER AUTHORITIES

Rule 12(b)(6)...............................................................................................................7

Rule 33 ......................................................................................................................7

**PRELIMINARY STATEMENT**

Plaintiff's Opposition to Mr. Kovzan's Second Motion To Compel boils down to three arguments concerning its responses to Interrogatory 1 subparts (a) and 1(b):  (1) notwithstanding the Court's July 31 Order, it would be too burdensome for plaintiff Securities and Exchange Commission ("SEC") to identify on an expense-by-expense basis the principal or material facts supporting its contention that the expenses at issue were undisclosed perquisites and that Mr. Kovzan knew or recklessly disregarded that fact; (2) the SEC's broad-brush, narrative responses provide sufficient information on those subjects; and (3) Mr. Kovzan should just wait for plaintiff's forthcoming expert report after the close of fact discovery, which may or may not provide the information Mr. Kovzan seeks.  *See* Def.'s Opp. to Second Mot. To Compel ("Opp.") at 2, 19 (Dkt. No. 123).  For the reasons discussed below, none of these positions have merit.  They are simply a continuation of the plaintiff's effort to avoid its duty under the rules of discovery.

First, the Court has already ordered plaintiff to respond fully and in writing to Interrogatory subparts 1(a) and 1(b).  *See* July 31, 2012 Order ("Order") at 5 (Dkt. No. 89).  Plaintiff's fails to explain why it is not bound by the Court's Order.

Second, plaintiff waived any burden objection when it failed to assert that the requests were burdensome in opposition to Mr. Kovzan's First Motion To Compel.  Plaintiff's argument is further undermined by plaintiff's rejection of Mr. Kovzan's suggestion that plaintiff minimize the burden by identifying its perquisite and scienter evidence by reference to categories of expenses that together cover the entire perquisite list.

Third, and most importantly, Mr. Kovzan should be permitted to discover the factual bases, if any, for plaintiff's claims now, and not be required to wait for an as-yet-unwritten

1

expert report that may, or may not, provide the information reasonably requested.  It was plaintiff's decision to sue Mr. Kovzan for securities fraud based on more than 2,000 separate expenses that allegedly constituted perquisites.  Mr. Kovzan must confront each and every one of those expenses on summary judgment and potentially at trial.  It is unreasonable and unfair for plaintiff to continue to withhold material information as to why any particular expense is supposedly actionable.

It has been more than a year since Mr. Kovzan first sought answers to these basic questions.  The fact discovery cutoff is less than six weeks away, and the time for plaintiff to reveal the bases for its allegations has passed.  Mr. Kovzan respectfully requests that the Court require compliance with its July 31 Order and direct plaintiff to disclose the principal and material facts, on an expense-by-expense basis, supporting its contentions that:  (1) each expense on its Perquisite List is in fact an undisclosed perquisite; and (2) Mr. Kovzan knew or recklessly disregarded that each expense was a perquisite that was required to be disclosed.  If plaintiff will not or cannot do so, the Court should bar all evidence pertaining to those expenses on summary judgment and at trial.

<strong>ARGUMENT</strong>

**I.      PLAINTIFF SHOULD BE REQUIRED TO COMPLY WITH THE COURT'S JULY 31 ORDER.**

Although plaintiff acknowledges that the "Magistrate Judge granted Kovzan's motion to compel the Commission's response to Kovzan's First Set of Interrogatories," *see* Opp. at 2 (Dkt. No. 123), plaintiff argues that it is somehow excused from complying with the Order as to Interrogatory subparts 1(a) and 1(b) because it provided the Perquisite List in response to Interrogatory No. 1.  *See, e.g.*, *id*. at 2, 8-9 (Dkt. No.123).

2

The problem with that position is that plaintiff has already litigated this question – and lost.  The Court granted Mr. Kovzan's First Motion To Compel as to Interrogatory 1 <u>and its subparts</u>, ordering plaintiff to "fully respond" and stating that plaintiff "may not simply produce records in lieu of answering."  *See* Order at 5 (Dkt. No. 89).  Interrogatories 1(a) and 1(b), as drafted, unambiguously seek plaintiff's evidence on an expense-by-expense basis.  *See* Def.'s Ex. 1 at 3 (Dkt. No. 120).  The Court's July 31 Order did not give plaintiff permission to answer Interrogatories 1(a) and 1(b) with generalized narratives.  Nor did plaintiff seek the Court's leave to answer in that fashion.

Plaintiff's argument that it somehow was not ordered to provide the requested information for each alleged perquisite disregards these facts.  Federal courts have held parties in contempt for engaging in such dilatory tactics.  *See, e.g., Phillips USA v. Allfex USA*, No. 95-3004, 1996 U.S. App. LEXIS 3116, at *6-10 (10th Cir. Feb. 26, 1996) (affirming dismissal of action where plaintiff "chose a strategy of delay and contempt for the judicial process, … failed without adequate explanation or excuse to comply with orders … directing completion of discovery, and … [plaintiff's] conduct amounted to willful and not simply involuntary noncompliance with court orders"); *Hopson v. Deffenbaugh Indus.*, No. 07-2232-CM, 2008 U.S. Dist. LEXIS 118026, at *13 (D. Kan. July 21, 2008) (striking claim for lost earnings due to noncompliance with discovery order where plaintiff's "repeated failure to provide the requested discovery" caused additional motion practice and "delays in the entire discovery process prompt[ing] the need for extension of the discovery deadline and rescheduling of the final pretrial conference").

The fact discovery deadline in this case is January 16, 2013.  To avoid further unwarranted delay, Mr. Kovzan respectfully requests that plaintiff be required to comply with

3

the Court's initial Order by immediately answering Interrogatory 1 subparts (a) and 1(b) on an

expense-by-expense basis.

## II.    PLAINTIFF WAIVED ANY POSSIBLE BURDEN OBJECTION.

Plaintiff waived any objection to Interrogatories 1(a) and 1(b) on the basis of undue

burden by failing to make any such objection in opposition to Mr. Kovzan's First Motion To

Compel responses to these same Interrogatories.  *See* Def.'s Opp. to Mot. To Compel at 15-19

(Dkt. No. 65).  "Objections initially raised but not relied upon in response to the motion to

compel will be deemed abandoned."  *Cardenas v. Dorel Juvenile Group*, 232 F.R.D. 377, 380

n.15 (D. Kan. 2005).[1/]

Even if plaintiff had properly preserved a burden objection, plaintiff has not shown how

answering subparts 1(a) and 1(b) would be unduly burdensome.  Plaintiff must show "not only

undue burden or expense, but that the burden or expense is unreasonable in light of the benefits

to be secured from the discovery."  *Shoemake v. McCormick, Summers & Talarico II, LLC,* No.

10-2514-RDR, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011).  Answering subparts 1(a) and

1(b) on an expense-by-expense basis may well be a tedious task given the 2,000+ individual

expenses at issue, but tedium does not establish burden, and it was plaintiff's choice to assert

claims against Mr. Kovzan based on those facts.  Mr. Kovzan has no choice but to defend the

claims asserted against him in their entirety.  Discovery of plaintiff's perquisite and scienter

evidence (or lack of evidence) as to each alleged perquisite is critical to Mr. Kovzan's ability to

prepare a defense, and to his possible ability to pare down the broad scope of this action before

trial.

---

[1/]      In his October 10 Order granting Mr. Kovzan's Motion To Compel as to certain
document requests, Judge Lungstrum declined to consider a similar burden objection because
plaintiff failed to raise that objection in response to the motion in the first instance.  *See* October
10 Order at 5 n.2 (Dkt. No. 113).

Moreover, "[a]ny objections that discovery is unduly burdensome must contain a factual basis for the claim, and the objecting party must usually provide an 'affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'" *Id.*; *see also Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, No. 00-2402-JAR, 2002 U.S. Dist. LEXIS 9685, at *10 (D. Kan. May 2, 2002) (discovery "should be allowed unless the hardship is unreasonable in the light of the benefits to be secured"). Plaintiff makes no effort to substantiate its burden claim here.

Lastly, plaintiff rejected Mr. Kovzan's suggestion that plaintiff might reduce the burden of an itemized response by subdividing the Perquisite List into categories and identifying its perquisite and scienter evidence by reference to these categories. *See* Def.'s Mem. in Support of Mot. to Compel ("Def.'s Br.") at 3 (Dkt. No. 119). That approach could reduce the work associated with answering subparts 1(a) and 1(b), and Mr. Kovzan remains open to accepting answers in that format.[2]

## III.  FAIRNESS REQUIRES THAT PLAINTIFF ANSWER ON AN EXPENSE-BY-EXPENSE BASIS.

Plaintiff's Opposition vacillates between arguing that it is not required to respond to subparts 1(a) and 1(b) on an expense-by-expense basis and the seemingly contradictory position that its general narrative responses are so complete that it has effectively already done so. *See* Opp. at 8-9, 12 (Dkt. No. 123). The reality is that plaintiff's current responses do not come close

---

[2]   For example, plaintiff might be able to identify a large number of items that are on the Perquisite List because they are allegedly "commuting expenses" for which the principal and material evidentiary support might be identical. The same might be true of all expenses included on the Perquisite List because they are supposedly "obviously personal," or because they are alleged to be housing costs in Wyoming or Kansas City, or expenses for persons other than Mr. Fraser. Plaintiff simply declined that alternative during the meet and confer process.

ActiveUS 103964766v.6

to informing Mr. Kovzan of the principal and material perquisite and scienter evidence as to each alleged perquisite, and that fairness requires plaintiff to provide that information.

**Interrogatory 1(a), Perquisite Evidence.**  Plaintiff's refusal to identify  particularized evidence supporting the expenses it placed at issue as alleged perquisites seriously hamstrings Mr. Kovzan's ability to prepare a defense.  Mr. Kovzan cannot plan to refute plaintiff's evidence without notice of what that purported evidence is, or if it even exists.  Plaintiff's protracted and unremitting nonresponsiveness on this issue frustrates one of the key purposes of contention interrogatories, which is "to enable the propounding party to determine the proof required to rebut the respondent's position."  *See In re Urethane Antitrust Litig.,* No. 04-MD-1616-JWL, 2009 WL 2058759, at *2 (D. Kan. July 15, 2009).

As one of many possible examples, plaintiff's Perquisite List – which Mr. Kovzan only obtained by virtue of the Court's July 31 Order – includes two large, identical charges to Bally's health club for $2,145.12 in 2004 and 2005, respectively.  *See* Def.'s Ex. 2 at SEC-P 0000026, SEC-P 0000043 (Dkt. No. 120).  Prior to receiving plaintiff's Perquisite List, Mr. Kovzan had no reason to suspect that Bally's charges were included in the allegedly personal "health club[s]" expenses alleged in the Amended Complaint, because Mr. Fraser testified in the SEC's investigation that the Bally's membership was <u>for the entire NIC corporate office</u>, not just for him.  *See* Def.'s Ex. 16 (Fraser 7/30/09 Tr. at 220); Shoop Decl. ¶ 2.  Despite more than a year of fact discovery, plaintiff's reason for including those expenses on its Perquisite List remains a mystery.  At this late stage, there can be no excuse for plaintiff's failure to provide its evidence that items such as the Bally's charges were not legitimate business expenditures – or admit that

6

no such evidence exists.[3/]

Contrary to plaintiff's arguments (Opp. at 7-9) (Dkt. No. 123), subparts 1(a) and 1(b) do not seek information beyond the scope of Rule 33.  Plaintiff cites *Hilt v. SFC Inc*., 170 F.R.D. 182 (D. Kan. 1997), but the interrogatories at issue in that case sought "each and every fact supporting all of the allegations in Counts I through IV of [the] Complaint and to identify each person having knowledge of each fact and all documents purporting to support Counts I through IV."  *Id.* at 186 (internal quotation marks omitted).  Those requests were far broader in scope than Interrogatories 1(a) and 1(b) here, which merely seek "facts central to the SEC's claim."  Order at 5 (Dkt. No. 89).  Moreover, the court in *Hilt* acknowledged that discovery must "fit the needs of the particular case" and that broad discovery is not prohibited so long as a "party can obtain it without unreasonably burdening the opposition."  *Id*. at 187.

Likewise, in *FTC v. Ivy Capital*, No. 11-cv-00283, 2012 WL 1883507 (D. Nev. May 22, 2012), the court required that the Federal Trade Commission ("FTC") answer the interrogatories in dispute, concluding that the defendants' possession of some "fairly detailed factual information" from the complaint and briefing in the case did not relieve the FTC of its obligation

---

[3/]     Plaintiff seems to contend that Mr. Kovzan is precluded from arguing that alleged perquisites on plaintiff's newly-disclosed list were valid business expenses because his motion to dismiss argued that any unauthorized personal use of the Company credit card was not "compensation" within the meaning of the SEC's rules.  *See* Opp. at 13 (Dkt. No. 123).  The motion to dismiss assumed, as required by Rule 12(b)(6), that plaintiff's allegations that Mr. Fraser obtained reimbursement for personal credit card charges were correct, but argued that no violation of SEC rules occurred because the "Complaint alleges no decision by NIC to ratify Mr. Fraser's defalcations in return for his services, and plainly that was never intended, as Mr. Fraser was ultimately required to return what he misappropriated."  Def.'s Mem. in Support of Mot. to Dismiss at 14 (Dkt. No. 19).  In defendant's view, that legal theory remains valid as to unapproved expenses on plaintiff's Perquisite List that evidence shows were personal, but it surely does not bar a challenge to many expenses now identified on the Perquisite List that plaintiff cannot prove were personal in nature.  With respect to plaintiff's allegations concerning Mr. Fraser's so-called "commuting" expenses, Mr. Kovzan has consistently maintained that Mr. Fraser's expenses for business travel to Kansas City were valid, reimbursable expenses for ordinary business travel.  *See id*. at 19-21 (Dkt. No. 19).

7

to answer interrogatories with "a reasonably detailed summary of the facts which support *each of the referenced claims or allegations*." *Ivy Capital*, 2012 WL 1883507, at *9 (emphasis added). As *Ivy Capital* noted, "[a]nswers to contention interrogatories at or near the end of discovery serve to finalize the factual basis for claims which may have changed or developed during the course of discovery," including identification of "claims or allegations which are no longer viable and are now abandoned." *Id.* That is all Mr. Kovzan seeks here. Plaintiff has the burden of demonstrating that each expense on the Perquisite List was a personal item for Mr. Fraser rather than a business-related expense. If, as Mr. Kovzan suspects, plaintiff's particularized interrogatory responses reveal a lack of evidence that makes many of those expenses "no longer viable" as alleged undisclosed perquisites, disclosure of that information will allow for early resolution of plaintiff's claims as to those alleged perquisites, rather than wasting resources addressing those ill-supported assertions all the way through trial.

Plaintiff appears to ignore its obligation to provide evidence that establishes that each of the expenses it lists as perquisites were personal and not business expenses. Its Opposition repeatedly points to its own unsupported contentions as if they were evidence.[4] But apart from citing a handful of colorful examples of Mr. Fraser's expenses (accompanied by no reference to

---

[4]      For example, plaintiff states the following as supposed responses to the request in the Interrogatory for identification of *evidence*, when they in fact are no more than plaintiff's unsupported *allegations*: (1) "Kovzan has embarked upon a years-long pattern and practice of concealing Fraser's perquisite compensation" (*see* Opp. at 8) (Dkt. No. 123); (2) all of the expenses on plaintiff's list are "expenditures paid to Fraser by the company that were not legitimate business expenses" (*see id.* at 9); (3) "all of Fraser's corporate credit card expenses (including those marked as 'P' on Fraser's monthly expense vouchers) listed on SEC-P 0000001-56 are expenses that Fraser did not repay before the proxy statement was filed for the relevant reporting period" (*see id.* at 10); (4) certain spreadsheets produced by NIC in the investigative phase of this case document "undisclosed personal expenses" (*see id.* at 10); (5) out-of-pocket expenses and direct payments identified on a spreadsheet produced by the company and categorized as "possible perks" "have not been repaid by Fraser or disclosed in NIC's filings with the Commission" (*see id.* at 11).

8

evidence that they were known to Mr. Kovzan) (Opp. at 12-13) (Dkt. No. 123), plaintiff points to little or no evidence that: (i) its list of 2,000+ individual expenses over five years were not business expenses; (ii) Mr. Fraser failed to repay credit card charges he marked with a "P" on the credit card statements attached to his monthly expense reports;[5/] (iii) expenses classified by an unidentified NIC employee as "possible perks" in NIC's internal reviews were in fact perquisites; and (iv) each of the expenses Mr. Fraser agreed to reimburse during NIC's internal reviews were perquisites, rather than business expenses that lacked the documentation required under NIC's internal policies.

Learning plaintiff's evidentiary support for those contentions is essential to Mr. Kovzan's defense.  This need is readily apparent from, for example, plaintiff's position that an anonymous reference to an expense as a "possible perk" in the 2006-2007 internal review process is evidence that the expense was in fact a perquisite under the law.  *See* Opp. at 11 (Dkt. No. 123).  To refute this theory, Mr. Kovzan must know which expenses are included on the Perquisite List on that basis, as well as what, if any, other evidence plaintiff believes supports an inference that each of those expenses was a perquisite.

Plaintiff's attempt to point to its responses to *other* interrogatories as a sufficient reason to refuse to respond to Interrogatory 1(a) fails because it simply is not correct.  *See* Opp. at 11-13 (Dkt. No. 123).  Plaintiff seems to contend that it identified all the "obviously personal" expenses in its second supplemental response to Interrogatory 1 of Mr. Kovzan's Third Set of Interrogatories.  *Id.* at 11.  That interrogatory response, however, merely listed eight categories

---

[5/]     In particular, it is impossible to tell from the information plaintiff has provided the evidentiary basis for including expenses on its Perquisite List that were marked with a "P," given that plaintiff has admitted that Mr. Fraser repaid NIC contemporaneously for various expenses designated in that manner. *See, e.g.*, Def.'s Ex. 17 at 89-91 (Plf's. Second Supplemental Responses and Objections to Mr. Kovzan's First Set of Requests for Admission at 103, 104); Shoop Decl. ¶ 3.

of expenses as examples ("among other things") of what plaintiff now states – for the first time –
were "obviously personal" expenses.  Plaintiff refuses to identify the items on its Perquisite List
that it believes fall into each of those categories, or to confirm that this list represents all
categories of the supposed "obviously personal" expenses.  Most importantly, nothing in this list
of categories identifies what Interrogatory 1(a) specifically sought: the *evidence* plaintiff
principally relies on to support the contention that each of the expenses in those categories was
"obviously personal."  *See id.* at 11-12; Def.'s Ex. A (Plf.'s Supplemental Responses and
Objections to Mr. Kovzan's Third Set of Interrogatories at 9-14) (Dkt. No. 123-1).  The response
to Interrogatory No. 1 of Mr. Kovzan's Third Set of Interrogatories also incorporates by
reference an extensive collection of Mr. Fraser's monthly credit card statements, expense
vouchers and citations to investigative testimony (*see id*.), which is contrary to the Court's
directive that plaintiff "may not simply produce records in lieu of answering,"  Order at 5 (Dkt.
No. 89), and which does nothing to inform Mr. Kovzan of plaintiff's evidentiary basis for
contending that some of the expenses reflected in those documents were "obviously personal."
If plaintiff's principal and material evidence that expenses in these categories (which it must
identify) were personal in nature is no more than the expense charge itself and plaintiff's opinion
about the nature of that charge, then it should be required to state that and Mr. Kovzan can plan
his defense on that basis.  If as to any of these expenses plaintiff will seek to use other material
evidence to prove its case, it should be required to identify that evidence or forgo the opportunity
to use it.

Plaintiff's Perquisite List also plainly includes many expenses that cannot possibly fall
within the opaque "obviously personal" category, and the basis for the inclusion of those
expenses on the list will remain hidden until plaintiff answers Interrogatory 1(a).  These include:

10

(1) numerous hotel and meal charges in Kansas that likely relate to NIC business meetings; (2) hotel and meal charges outside of Kansas that could easily be ancillary to business activities; (3) numerous auto rental charges in various locations; (4) golf-related charges, where the only apparent evidence to date is Mr. Fraser's investigative testimony that he occasionally used golfing as a form of business entertainment (*see* Def.'s Ex. 16 (7/30/09 Fraser Tr. at 221)); (5) daily ski lift ticket charges that could have been in connection with business entertainment, particularly since Mr. Fraser testified that he often did business while skiing (*see id.* (7/30/09 Fraser Tr. at 176)); and (6) many charges with vendors that appear to sell jet fuel and other plane-related services in a variety of locations, including ones located in neither Wyoming nor Kansas, that have no apparent indicia of being for personal use of the private aircraft.  *See* Def.'s Ex. 2 at SEC-P 0000001 – 0000056 (Dkt. No. 120).  Mr. Kovzan is entitled to know the principal and material evidentiary grounds plaintiff relies on to contend that these and other categories of expenses on the Perquisite List were personal, and not business, expenses.

Plaintiff's Opposition seems to attempt to step back from one of its own interrogatory responses.  When asked directly whether plaintiff contends that the reimbursement of expenses that were insufficiently documented under company policy had to be reported as compensation or a perquisite, plaintiff plainly responded "Not necessarily."  *See* Def.'s Ex. 9 at 12 (Plf's. Responses to Def's. Second Set of Interrogs., Response to Interrog. No. 6) (Dkt. No. 120).  Plaintiff went on: "Identifying whether a particular expense reimbursed by a company without documentation called for by company policies was required to be reported as compensation or a perquisites requires an <u>assessment of the facts and circumstances of the particular situation</u>."  *See id.* (emphasis added).  Yet in its current filing, plaintiff now contends that it made no such

11

admission, and that the absence of documentation by itself "creates a powerful inference that the expenses were, in fact, personal."  *See* Opp. at 13-14 (Dkt. No. 123).

Mr. Kovzan is entitled to learn, in response to Interrogatory 1(a), the extent to which plaintiff's evidentiary grounds for contending that certain reimbursed expenses were perquisites is founded on the supposed "powerful inference" that an alleged lack of sufficient documentation indicates that an expense was personal in nature.  If there is other material evidence that plaintiff believes supports an inference that particular expenses were personal, plaintiff should be required to identify that evidence for each alleged perquisite.  Mr. Kovzan may only assess the "facts and circumstances" supporting plaintiff's contention that an expense is a perquisite if plaintiff discloses the facts and circumstances pertaining to each expense.  There is no other way for Mr. Kovzan "to narrow and define issues for trial" and "determine the proof required to rebut the respondent's position."  *See Presbyterian Manors Inc. v. SimplexGrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *14 (D. Kan. Sept. 28, 2010) (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625953, at *3 (D. Kan. Oct. 5, 1995)).

**Interrogatory 1(b), Scienter Evidence**.  For all of the same reasons, fairness requires that Mr. Kovzan be informed of the principal evidence underlying plaintiff's contention that he acted with scienter, *i.e.*, that he knew or recklessly disregarded that each expense on the Perquisite List was required to be disclosed as a perquisite.  Mr. Kovzan cannot reasonably be expected to refute scienter evidence as to any given expense if he is uncertain what that evidence is.

For example, the date of the first credit card expense on plaintiff's Perquisite List is May 20, 2002.  *See* Def.'s Ex. 2 (SEC-P 0000001, 0000003) (Dkt. No. 120).  Yet the earliest evidence

12

cited in plaintiff's interrogatory responses that even touches upon scienter for credit card expenses is an email dated October 2, 2003,[6/] leaving a nearly 17-month gap in which plaintiff has identified no evidence whatsoever that Mr. Kovzan knew about or recklessly disregarded the existence of undisclosed perquisites for Mr. Fraser.  *See* Def.'s Ex. A (Plf.'s Supplemental Responses and Objections to Mr. Kovzan's Third Set of Interrogatories at 28) (Dkt. No. 123).  If plaintiff knows of no evidence specifically addressing alleged perquisites in those 17 months, it should be required to acknowledge that fact.  In short, plaintiff should either identify its principal evidence as to those alleged perquisites, or admit it has none.

Moreover, the evidence cited by plaintiff in its response to Interrogatory 1(b) indicates that Mr. Kovzan had actual knowledge of only a handful of  personal or potentially personal expenses incurred by Mr. Fraser – well under the annual $50,000 disclosure threshold known to Mr. Kovzan at the time.  *See* Def.'s Br. at 9-11 (Dkt. No. 119) (citing evidence).  The bulk of the dollars on plaintiff's Perquisite List comprises:  (1) expenses for so-called "commuting" between Wyoming and Kansas; (2) expenses for housing Mr. Fraser in Kansas City; and (3) expenses identified by Mr. Fraser as office expenses in Wyoming that included undisclosed use by Mr. Fraser as personal housing.  *Id.*  Yet plaintiff refuses to identify the principal and material facts it asserts would show that Mr. Kovzan contemporaneously knew or recklessly disregarded that items on the Perquisite List were commuting expenses or non-business housing costs.

Plaintiff's failure to identify evidence that Mr. Kovzan was aware of specific personal expenses over the $50,000 threshold in any year suggests that plaintiff's scienter case will rest largely on a recklessness theory – *i.e.*, disregard of a known or obvious danger of misleading

---

[6/]      For reasons explained in detail in prior briefing, that email falls far short of supporting a reasonable inference that Mr. Kovzan was aware of personal expenses incurred by Mr. Fraser that should have been disclosed as perquisites.  *See* Def.'s Br. at 10-11 (Dkt. No. 119).

13

investors, involving an "extreme departure from the standards of ordinary care." *City of Philadelphia v. Fleming Cos*., 264 F.3d 1245, 1258 (10th Cir. 2001). Plaintiff's Opposition likewise suggests that it will pursue a recklessness case, asserting that "Kovzan's fraud <u>does not turn on the specifics of any one expense or particular set of expenses</u>, but on whether Kovzan knew or was reckless in not knowing that, as a general matter, NIC was paying undisclosed personal expenses for Fraser." Opp. at 15 (Dkt. No. 123) (emphasis added). However plaintiff chooses to articulate its theory, it cannot avoid identifying the principal evidence it contends supports that theory. At this stage, Mr. Kovzan has no notice of the evidence plaintiff principally relies on to support scienter because plaintiff refuses to reveal any evidence it might have of Mr. Kovzan's knowledge of the items on Perquisite List, or that he recklessly failed to learn about those items.

Plaintiff's own arguments amply reveal why its refusal to respond to Interrogatory 1(b) cannot be sustained. Plaintiff argues that Mr. Kovzan's scienter flows inexorably from the allegedly "readily understandable and basic proposition of fact that where – as here – a senior executive authorizes the payment of personal expenses from the corporate till, those payments are disclosable compensation to that executive." Opp. at 9 (Dkt. No. 123). But plaintiff refuses to identify any evidence that supports this supposed "basic proposition of fact." If plaintiff has evidence that Mr. Kovzan "authorize[d] the payment of personal expenses from the corporate till," it must identify any such evidence as to each and any of the expenses on the Perquisite List, which are the only "expenses from the corporate till" at issue in this case. But plaintiff brazenly refuses to do so, while simultaneously making general hyperbolic accusations like this against Mr. Kovzan throughout its submission. *See id*. at 4-6, 12-17. At this stage of the case, plaintiff no longer should be permitted the benefit of accusation without substantiation. A valid

14

interrogatory requests the substantiation, and plaintiff's refusal to back up its words with evidence should not be permitted.

Plaintiff's reliance on *SEC v. Kalvex, Inc*., 425 F. Supp. 310, 312 (S.D.N.Y. 1975), for the proposition that what constitutes a perquisite is a "readily understandable and basic proposition of fact," *see* Opp. at 9 (Dkt. No. 123), is likewise misplaced.  The defendant in that case incurred the expenses at issue himself and did not dispute that they were personal in nature.  *See id*. at 312.  Unlike *Kalvex*, plaintiff has identified no evidence here establishing that the vast majority of the expenses on its Perquisite List were not business-related, much less that Mr. Kovzan knew they were not business-related.  Moreover, plaintiff has never alleged that Mr. Kovzan himself ever received an undisclosed perquisite.  *See* Am. Compl. (Dkt. No. 22).

In an effort to convince the Court that requiring plaintiff to identify its scienter evidence is unnecessary, plaintiff also grossly mischaracterizes both Mr. Kovzan's Answer to the Amended Complaint and the evidentiary record.  Mr. Kovzan's Answer admitted only that "at times he was sent or copied on email communications attaching lengthy spreadsheets containing certain of Mr. Fraser's credit card charges, Mr. Fraser's proposed budgets, and/or monthly consolidated income statements, which documents are the best evidence of their contents, and which he may or may not have reviewed."  Answer ¶ 24 (Dkt. No. 38).  What plaintiff neglects to mention is that both Mr. Kovzan and Mr. Reynolds, the NIC Assistant Controller referenced throughout the Amended Complaint, testified that reviewing the detail of Mr. Fraser's monthly expenses was not even a part of Mr. Kovzan's duties as Chief Accounting Officer.  *See* Def.'s Br. at 12 (Dkt. No. 119).  Mr. Kovzan has never admitted being familiar with the expenses that now appear on plaintiff's Perquisite List.

15

In the same vein, Mr. Kovzan's Answer acknowledged his understanding that "at times Mr. Fraser used his corporate credit card for personal expenses and undertook to identify and reimburse those personal expenses," that "at times Mr. Fraser submitted insufficient documentation for claimed business expenses," that "NIC's policy or practice was to pay expenses charged to corporate credit cards by all employees, including Mr. Fraser, and for the employees to submit expense reports thereafter," and that Mr. Fraser's compensation was required to be disclosed.  Answer ¶¶ 20, 22, 24, 25 (Dkt. No. 38).  These statements establish only that Mr. Kovzan was aware that certain of Mr. Fraser's expenses being paid by NIC lacked documentation called for by company policy, not that those expenses were perquisites.[7/]  In any event, if plaintiff plans to rely on other evidence, it has no choice but to identify that evidence in response to Interrogatory 1(b).

Moreover, plaintiff cannot satisfy this obligation merely by citing to its own allegations.  Plaintiff cites to its responses to Interrogatory 4 of Mr. Kovzan's Third Set of Interrogatories.  *See* Opp. at 16-17 (Dkt. No. 123).  Those responses principally restate the allegations of the Amended Complaint, adding a handful of citations that either do not support the allegations or leave out critical context.  The Court will have the opportunity to evaluate plaintiff's evidence at a later date.[8/]  The point at this stage is that plaintiff refuses to indicate in response to

---

[7/]      As noted above, plaintiff's own interrogatory responses concede that lack of documentation, by itself, is insufficient to establish that a reimbursed expense is a perquisite.  *See* Def.'s Br. at 8 (citing Def.'s Ex. 9 at 12 (Dkt. No. 120)).

[8/]      Plaintiff asserts that Mr. Kovzan was "*repeatedly* warned of problems with Fraser's expense reporting" (Opp. at 16 (emphasis in original)), but there is scant evidence cited of such warnings over several years, or of the identification of specific problematic expenses, as opposed to documentation issues.  Plaintiff also contends that Mr. Kovzan "signed off on NIC's monthly corporate department financials, which listed expenses for Fraser that clearly appeared to be personal."  Opp. at 16.  As plaintiff well knows, at this stage the only record evidence is deposition testimony stating that Mr. Kovzan was not expected to, and did not, review the detailed attachments to the monthly financials he received from every department in the

16

Interrogatory 1(b) that the evidence it cited in this interrogatory response constitutes the principal and material evidence it knows of bearing on Mr. Kovzan's alleged scienter in connection with NIC's failure to disclose the items on plaintiff's Perquisite List in its proxy statements.  If that represents the sum and substance of plaintiff's evidence on scienter, it should be required to say so and Mr. Kovzan can prepare his defense.  If not, the response to Interrogatory 1(b) should set forth the information sought, and any material evidence not included in the response should not be permitted at trial.

In sum, Mr. Kovzan is entitled to learn plaintiff's principal or material evidence on an expense-by-expense basis so that he can prepare his defense – and any summary judgment motion – to refute plaintiff's scienter theories, whatever they are.  Insofar as plaintiff contends there is evidence showing Mr. Kovzan's had actual knowledge that specific expenses were personal in nature, and that such expenses were required to be disclosed under the perquisite disclosure rules, plaintiff should be required to identify that evidence or acknowledge that it does not exist.  If plaintiff's theory is instead that Mr. Kovzan acted recklessly in failing to examine specific charges in Mr. Fraser's expense reports and determine that they were disclosable perquisites, plaintiff should be required to identify the evidence that supports that contention and the specific expenses to which that evidence applies.  These are core evidentiary disclosures that discovery is designed to address; any fraud defendant is entitled to this information to prepare his or her defense.  With less than six weeks remaining in fact discovery, plaintiff's obstinate refusal to provide a straightforward, complete answer to Interrogatory 1(b) should not be sustained.

---

Company, and that even if he had reviewed Mr. Fraser's expense record, he could not tell which expenses were reimbursed by Mr. Fraser.  *See* Def.'s Ex. 18 (4/25/2012 Reynolds Tr. at 80-86); Shoop Decl. ¶ 4.  Once again, any material evidence in support of plaintiff's charge should be required to be disclosed so that Mr. Kovzan can address it at or before trial.

## IV.   MR. KOVZAN SEEKS EVIDENCE, NOT EXPERT OPINION.

Plaintiff attempts to evade its fact discovery obligations altogether by contending that it need not disclose its perquisite and scienter evidence except through expert testimony.  Opp. at 18 (Dkt. No. 123).  As plaintiff concedes, however, expert evidence does not supersede plaintiff's obligation to answer an interrogatory with information presently available.  *See Urethane Antitrust Litig.*, 2009 WL 2058759, at *2 ("Although plaintiffs' expert may identify additional [evidence] that support plaintiffs' claims, plaintiffs may not shirk their duty of answering [the interrogatory] 'now with whatever information they have.'").

Why plaintiff believes an expert report is the appropriate means to lay out the facts in support of its perquisite and scienter theories is puzzling, given that plaintiff investigated these claims for three and a half years and has been litigating them for nearly the past two.  Regardless, an expert cannot supply facts – he or she can only render an opinion based on an existing factual record.  If plaintiff cannot identify that factual record at this late stage, it is difficult to see how it can turn to an expert to save the day.  Such an expert should not be permitted by the Court to address factual grounds for concluding expenses were perquisites, or that Mr. Kovzan acted with scienter, that plaintiff has not identified in response to subparts 1(a) and 1(b).  As the court observed in *In re Urethane Antitrust Litigation* under similar circumstances, "[t]he court is not convinced that production of the requested facts requires input by plaintiffs' expert.  As argued by defendants, this case has been pending for more than four years and during that time plaintiffs

18

should have gathered the relevant facts."  2009 WL 2058759, at *2 n.5.  That reasoning applies equally to this case.[9/]

This Court has already held that "Mr. Kovzan has served a permissible contention interrogatory" and ordered plaintiff to respond "fully."  Order at 4, 5 (Dkt. No. 89).  Plaintiff should be required to provide whatever information it presently has in response to Interrogatory 1 subparts 1(a) and 1(b) on an expense-by-expense basis, as previously ordered by the Court.

## CONCLUSION

Mr. Kovzan continues to request the information sought by subparts 1(a) and 1(b) for the same reason he requested it when those Interrogatory 1 was first served – to enable him to challenge, on an item-by-item basis, "(i) whether the expenses at issue were in fact perquisites under the law, and (ii) whether Mr. Kovzan knew, or recklessly disregarded, the existence of the alleged personal expenses."  *See* Reply Br. in Support of Mr. Kovzan's First Mot. To Compel at 7 (Dkt. No. 66).  Having waited more than a year for answers to those fundamental questions, Mr. Kovzan respectfully requests that this Court grant his Second Motion To Compel and order that plaintiff immediately provide the information sought on an expense-by-expense basis, or if plaintiff will not or cannot do so, bar all evidence pertaining to those expenses on summary judgment and at trial.

---

[9/]     Contrary to plaintiff's assertion, *Stoldt v. Centurion Industries, Inc*., No. 03-cv-2634 (CM/DJW), 2005 WL 375667 (D. Kan. Feb. 3, 2005) does not address the use of expert testimony, but rather addresses whether production of audio tapes should be held until after a 30(b)(6) deposition.  *See id*. at *1.

19

Dated:  December 11, 2012

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Respectfully submitted,

/s/ Stephen L. Hill, Jr.
Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

20

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

> Erica Y. Williams
> David Williams
> Helaine Schwartz
> David S. Mendel
> Holly A. Pal
> U.S. Securities & Exchange Commission-DC
> 100 F. Street NE
> Washington, DC  20549-4010
> (202) 551-4450
> (202) 772-9246 (FAX)
> williamse@sec.gov
> williamsdav@sec.gov
> schwartzh@sec.gov
> mendeld@sec.gov
> palh@sec.gov
> *Attorneys for Plaintiff Securities & Exchange Commission*


> Jeffrey S. Kruske
> Office of the Kansas Securities Commissioner
> 109 SW 9th Street, Suite 600
> Topeka, KS 66612
> (785) 296-5215
> (785) 296-5482 (FAX)
> Jeff.Kruske@ksc.ks.gov
> *Attorney for Plaintiff Securities & Exchange Commission*



> /s/ Stephen L. Hill, Jr.
> Attorney

21