IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

           **Plaintiff,**

  v.

STEPHEN M. KOVZAN,

           **Defendant.**

Civil No. 11-CV-2017 JWL/KGS

### DEFENDANT STEPHEN M. KOVZAN'S AMENDED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 26 AND 30(b)(6) DIRECTED TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

PLEASE TAKE NOTICE THAT pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, as well as this Court's Deposition Guidelines, Defendant Stephen M. Kovzan in the above captioned action will take the deposition upon oral examination under oath of the person(s) designated by Plaintiff Securities and Exchange Commission at 9 a.m. on January 9, 2013, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC  20006, or at such time and place as may be agreed to by the deponent and parties.  The deposition shall continue up to seven (7) hours and may, for good cause, be extended.

Plaintiff is directed to designate one or more witnesses to testify on Plaintiff's behalf to the extent of any information known or reasonably available to Plaintiff as to those topics provided on Schedule A attached hereto.  Defendant reserves the right to seek relief in the event

that the designated deponent is not properly prepared to testify on Plaintiff's behalf with respect to the identified topics.

The deposition shall be taken upon oral examination before a certified court reporter and videographer.  You are hereby noticed and invited to attend and participate.

| | |
|---|---|
| Dated:  December 18, 2012 | /s/ Stephen L. Hill, Jr.<br>Andrew B. Weissman (*pro hac vice*)<br>John A. Valentine (*pro hac vice*)<br>Nicole R. Rabner (*pro hac vice*)<br>J. David Zetlin-Jones (*pro hac vice*)<br>Kelly S. Shoop (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>(202) 663-6600<br>andrew.weissman@wilmerhale.com<br>john.valentine@wilmerhale.com<br>nicole.rabner@wilmerhale.com<br>david.zetlin-jones@wilmerhale.com<br>kelly.shoop@wilmerhale.com<br><br>Stephen L. Hill, Jr. KS #78029<br>Maxwell Carr-Howard KS #21042<br>Lyndsey J. Conrad KS #23527<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, Missouri  64112<br>(816) 983-8000<br>stephen.hill@huschblackwell.com<br>max-carr-howard@huschblackwell.com<br>lyndsey.conrad@huschblackwell.com<br><br>*Attorneys for Defendant Stephen M. Kovzan* |

## SCHEDULE A

## DEFINITIONS

All definitions and rules of instructions set forth in Fed. R. Civ. P. 26 and 30 shall apply herein, as well as the following definitions and instructions:

1. "You" and "Your" refers to the Securities and Exchange Commission and its staff in each of its Divisions and Offices, including but not limited to the Division of Enforcement, the Division of Corporation Finance, the Office of the Chief Accountant, Office of the General Counsel, and Offices of each Commissioner.

2. "NIC" refers to NIC Inc. and any predecessor, subsidiary or affiliate.

3. "Mr. Fraser" or "Fraser" refers to Jeffery Fraser, NIC's former Chairman and Chief Executive Officer.

4. "Mr. Kovzan" or "Kovzan" refers to Defendant Stephen M. Kovzan, NIC's former Chief Accounting Officer and current Chief Financial Officer.

5. "Perquisite" refers to the term as used in Item 402 of Regulation S-K, or instructions thereto, and/or any of its predecessor statutes, instructions or interpretations.

6. "Compensation" refers to the term as used in Item 402 of Regulation S-K, or instructions thereto, and/or any of its predecessor statutes, instructions or interpretations.

7. The terms "document" or "documents" are used herein in its broadest sense and include "documents," "other tangible things," and any other materials within the scope of Fed. R. Civ. P. 26 and 34(a), including, without limitation, any copy or non-identical copy of any handwriting, transcript, electronic record, computer file, e-mail, note, printing, photocopying, photographing and every other means of recording upon any tangible thing, or any form of

communication or representation, including letters, words, pictures, and symbols or any combination of them.

8.      "Communication" means every oral or written manner of transmitting or receiving facts, information, opinions, and/or thoughts.

9.      The terms "and" and "or" are to be construed both conjunctively and disjunctively, and each includes the other wherever a dual construction will serve to bring within the scope of these Deposition Topics any responses that would otherwise not be brought within their scope.

10.     The term "any," as used herein, shall be construed to mean "any and all."

11.     The term "each," as used herein, shall be construed to mean "each and every."

12.     The term "concerning" shall mean, with respect to a given subject, constitutes, embodies, reflects, identifies, states, refers to, evidences, substantiates and/or being in any way relevant to the subject.

13.     The term "Complaint" shall mean the Amended Complaint filed in this action on April 8, 2011.

14.     The present tense shall include the past tense and the past tense shall include the present tense as necessary to bring within the scope of these Deposition Topics any information that might otherwise be construed to be outside their scope.

15.     The singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these Deposition Topics any information that might otherwise be construed to be outside their scope.

## DEPOSITION TOPICS

1. The bases for your allegations in paragraph 49 of the Complaint concerning the amount of Mr. Fraser's alleged undisclosed perquisites from 2002 through 2006.

2. The definition of the terms "perquisite," "compensation," and "commuting" (or variants of those terms), as used in Item 402 of Regulation S-K and/or SEC guidance, from 1977 to the present.

3. The purpose, nature and meaning of perquisite disclosure requirements as discussed in *Disclosure of Management Remuneration*, Release No. 33-5856, 1977 WL 186972 (Aug. 18, 1977); *Disclosure of Management Remuneration*, Release No. 33-5904, 1978 WL 170874 (Feb. 6, 1978), *Disclosure of Executive Compensation*, Release No. 33-6486, 1983 WL 35821 (Sept. 23, 1983).

4. The meaning of Your 1978 guidance that "unauthorized receipt of benefits by officers and directors" is not covered by Item 402. *See Disclosure of Management Remuneration*, Release No. 33-5904, 1978 WL 170874, at *2 (Feb. 6, 1978).

5. The reasons for Your decision to rescind prior guidance issued with respect to perquisite reporting, as reflected in *Disclosure of Executive Compensation*, Release No. 33-6486, 1983 WL 35821, at *2 (Sept. 23, 1983).

6. The purpose, nature and meaning of Your interpretive guidance regarding perquisite disclosure requirements in *Executive Compensation and Related Party Disclosure*, Release No. 33-8655, 2006 WL 1596503 (Jan. 27, 2006), and *Executive Compensation and Related Person Disclosure*, Release No. 33-8732A, 2006 WL 2589711 (Sept. 8, 2006), and how, if at all, those 2006 publications changed Your prior or existing interpretive guidance with respect to perquisite disclosure requirements.

7. The basis for Your statements in *Executive Compensation and Related Party Disclosure*, Release No. 33-8655, 2006 WL 1596503 (Jan. 27, 2006), and *Executive Compensation and Related Person Disclosure*, Release No. 33-8732A, 2006 WL 2589711 (Sept. 8, 2006), that "for decades questions have arisen as to what is a perquisite or other personal benefit required to be disclosed."

8. The identification and contents of communications with You, from 1983 to the present, in which uncertainty regarding "what is a perquisite or other personal benefit required to be disclosed" was expressed.

9. The policies, practices, and procedures You have implemented or followed since 1977 concerning questions raised with You by outside parties (e.g., public companies, legal practitioners) regarding "what is a perquisite or other personal benefit required to be disclosed."

10. Communications between You and third parties regarding the meaning of the perquisite disclosure regulations and the definition of internal control over financial reporting, as well as any final decision by You as to what guidance, if any, Your staff may provide to reporting companies regarding those topics, including the scope of Your search for those communications.

11. The meaning of the phrases "compensation awarded to, earned by, or paid to named executive officers" and "[w]hy the registrant chooses to pay each element [of compensation]," as used in Item 402 of Regulation S-K.

12. The basis for Your contention that You acted diligently in investigating the claims asserted in the Complaint.

13.     The scope of Your search for documents ordered to be produced by Judge Sebelius' July 31, 2012 Order (Dkt. No. 89) and Judge Lungstrum's October 10, 2012 Order (Dkt. No. 113).

14.     The basis for your contention that you did not receive inquiry notice of the fraud and misconduct alleged until June 7, 2007.

15.     The reasons why You failed to discover Your claims concerning disclosure of Mr. Fraser's air travel expenses before 2007.

16.     The purpose and scope of Your review of disclosure documents filed with the SEC by NIC and by Mr. Fraser from 2002 through 2006, including but not limited to NIC's Schedules 14A, Forms 10-K, and Forms 10-Q, and Schedules 13D filed on behalf of Mr. Fraser.

17.     The identification of information obtained and questions raised by You in the course of Your reviews of disclosure documents filed with the SEC by NIC and by Mr. Fraser from 2002 through 2006.

18.     The meaning and applicability of Your regulations or interpretive guidance regarding internal controls over financial reporting, including but not limited to those specified in 17 C.F.R. § 240.15d-15(f), to company records that do not materially affect the accuracy of the company's financial statements.

19.     Your bases for the following contentions in the Complaint: (a) that Mr. Fraser's travel between Wyoming and Kansas constituted commuting that should have been publicly disclosed as a perquisite; (b) that Mr. Kovzan authorized and directed the payment of any of Mr. Fraser's personal expenses; (c) that Mr. Fraser received NIC checks bearing Mr. Kovzan's signature; (d) that Mr. Kovzan personally profited from the alleged misconduct described in the Complaint; (e) that unless restrained and enjoined by the Court, Mr. Kovzan will violate the

federal securities laws in the future; (f) that Mr. Kovzan should be ordered to pay civil money penalties; and (g) that Mr. Kovzan should be prohibited from acting as an officer or director of a public company.

20. Your bases for the following contentions in the complaint filed in *SEC v. NIC Inc., et al.*, No. 11-cv-2016 (D. Kan. Jan. 12, 2011): (a) that Mr. Fraser submitted expense vouchers falsely claiming personal items as business-related; (b) that Mr. Fraser sought reimbursement for certain expenses he had not incurred; (c) that Mr. Fraser completed, signed and submitted director and officer questionnaires that failed to disclose his perquisites in full; (d) that Mr. Herington and Mr. Bur failed to take meaningful action to address Mr. Fraser's expense reporting issues; (e) that Mr. Bur had NIC account for Mr. Fraser's travel expenses as business expenses; and (f) that Mr. Bur permitted payment of Mr. Fraser's credit card and other expenses; (g) that Mr. Bur failed to ensure that Mr. Fraser's perquisites were disclosed in NIC's public filings; (h) that the Audit Committee's review of Mr. Fraser's expenses from 2004 to 2007 was not thorough; (i) that Mr. Herington received lists of Mr. Fraser's expenses in 2004 and 2005; (j) that Mr. Herington reviewed Mr. Fraser's expenses reports from May 2006 through July 2007, failed to apply NIC's expense policies, and approved Mr. Fraser's expense vouchers that contained charges for personal items; and (k) that Mr. Bur reviewed NIC's proxy statements and participated in the preparation of executive compensation disclosures.

21. The evidentiary basis for including each of the expenses reflected on the spreadsheets entitled "Mr. Fraser's Undisclosed Credit Card Expenses Perquisite Compensation," at SEC-P 0000001-56; "Mr. Fraser's Undisclosed Direct Payments Perquisite Compensation," at SEC-P 0000057-58; "Mr. Fraser's Undisclosed Out-of-Pocket Perquisite Compensation," at SEC-P 0000059; and "Mr. Fraser's Undisclosed Private Aircraft Travel

Perquisite Compensation," at SEC-P 0000060, including (1) the evidence supporting your contention that each expense constitutes an undisclosed perquisite to Mr. Fraser; (2) the evidence supporting your contention that Mr. Kovzan knew or recklessly disregarded that the expense constituted an undisclosed perquisite; and (3) the methodology for calculating the percentage of "deemed perquisites" for expenses reflected on those spreadsheets at SEC-P 0000055-56 and SEC-P 0000060.

22. The bases for Your Responses and Objections to, and all Supplemental Responses and Objections to, Interrogatories 2 – 6, 8, 10, 12-14, and 16 of Mr. Kovzan's Second Set of Interrogatories, including the information provided in the spreadsheets at Exhibit A, SEC-P 0000061-67.

23. The bases for Your Responses and Objections to, and all Supplemental Responses and Objections to, Interrogatories 1-7 of Mr. Kovzan's Third Set of Interrogatories.

24. The bases for Your denial or partial denial of Mr. Kovzan's Requests for Admission Nos. 26, 29, 47, 51, 56-57, 59, 61, 64, 68-72, 76-79, 81, 89-129, 132-135, 138, 144-147, 156-158, and 162.

25. The bases for Your Responses to Mr. Kovzan's Second Set of Requests for Admission and the scope of Your search for documents responsive to Mr. Kovzan's Third Set of Requests for the Production of Documents addressing topics including, but not limited to, the Report of Investigation by the United States Securities and Exchange Commission, Office of Inspector General ("OIG"), entitled *Excessive Payment of Living Expenses in Contravention of OPM Guidance for a Headquarters Senior Official*, Case No. OIG-561 (Sept. 7, 2011), portions of which are available in redacted form at http://www.sec.gov/foia/docs/oig-561.pdf.

26. The steps You have taken to prepare to answer questions on the foregoing topics.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 18th day of December, 2012, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to counsel of record and the foregoing was e-mailed to the following counsel:

    Jeffrey S. Kruske
    Office of the Securities Commissioner
    109 SW 9th Street, Suite 600
    Topeka, KS  66612
    (785) 296-5215
    jeff.kruske@ksc.ks.gov

    Erica Y. Williams
    David Williams
    Holly A. Pal
    Helaine Schwartz
    David S. Mendel
    U.S. Securities and Exchange Commission
    100 F. Street NE
    Washington, DC  20549-4010
    (202) 551-4450
    (202) 772-9246 (FAX)
    williamse@sec.gov
    williamsdav@sec.gov
    palh@sec.gov
    schwartzh@sec.gov
    mendeld@sec.gov

    *Attorneys for Plaintiff Securities and Exchange Commission*


          /s/ Stephen L. Hill, Jr.
          Attorney