### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11-2017-JWL ) |
| STEPHEN M. KOVZAN, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter comes before the court upon Stephen M. Kovzan's Second Motion to Compel (ECF No. 118). The court previously granted Mr. Kovzan's motion to compel a response to Interrogatory No. 1 and its subparts. Interrogatory No. 1 calls for a list of expenses the Securities and Exchange Commission contends were undisclosed perquisites to a chief executive officer. The subparts call for disclosure of certain evidence pertaining to each expense disclosed in repose to Interrogatory No. 1. The SEC, however, has submitted a narrative statement in response to each of the subparts even though the subparts call for a particularized response. The court holds that absent a valid objection, the party responding to an interrogatory must respond to the question as drafted. For this reason and the reasons stated below, the court will compel the SEC to supplement its responses to Interrogatory No. 1's subparts by answering in the manner the subparts direct. The court denies as premature Mr. Kovzan's request for an order barring the SEC from offering evidence pertaining to information sought by Interrogatory No. 1 in the event that the SEC does not or cannot provide the information. The court also denies Mr. Kovzan's request for oral argument, finding that oral argument would not materially aid in the disposition of this matter.

**I.     Background**

This is a civil enforcement action brought by the SEC against Mr. Kovzan. Highly summarized, the SEC alleges that Mr. Kovzan was involved with the preparation and signing of filings with the SEC that were materially false and misleading because they failed to disclose as income a chief executive officer's perquisites. On July 31, 2012, the court granted in part Mr. Kovzan's first motion to compel. Among other things, the court required the SEC to supplement its responses to Mr. Kovzan's Interrogatory No. 1 and its two subparts. Interrogatory No. 1 asks the SEC to identity each and every expense the SEC contends constituted an undisclosed perquisite to the CEO, including but not limited to undisclosed perquisites alleged in paragraph 49 of the complaint. Subpart (a) states, "For each and every expense identified, identify all evidence of any type supporting the inference that the expense constituted an undisclosed perquisite." Subpart (b) states, "For each and every expense identified, identify all evidence of any type supporting the inference that Mr. Kovzan knew or recklessly disregarded that the expense constituted an undisclosed perquisite."

Since the court compelled the SEC to respond to Interrogatory No. 1, the SEC has supplemented its response three times. But as to the interrogatory's subparts, however, the SEC has answered in a generalized narrative form each time rather providing a specific answer as to each expense identified, as the subparts request. Mr. Kovzan offered that, where evidence pertaining to a particular expense was not unique to that expense, the SEC could identify the perquisite and scienter evidence that the SEC believes supports its allegations by referencing categories of expenses that together cover the entire list of alleged undisclosed perquisites. The SEC provided some additional detail regarding alleged commuting expenses but declined to provide further information about the other expenses.

**II.     Discussion**

Mr. Kovzan argues that the manner in which the SEC has responded to subparts (a) and (b) is deficient. Because of this, he seeks a court order requiring the SEC to identify with specificity (1) why the expenses incurred by the CEO were perquisites and (2) the basis for contending that Mr. Kovzan either knew or recklessly disregarded that those expenses were perquisites. Mr. Kovzan also argues that if the SEC does not or cannot provide the information sought by the subparts, the SEC should be barred from offering evidence pertaining to those expenses in conjunction with a summary judgment motion or at trial. The SEC, on the other hand, argues that the subparts seek information beyond the proper scope of discovery. The SEC contends it need only disclose principal and material facts and that it is inappropriate to ask for a narrative statement of the opposing party's case. The SEC also argues that the information supplied to Mr. Kovzan should sufficiently enable him to determine the evidence the SEC believes supports its position that the charges are undisclosed perquisites and that the current motion to compel was unnecessary.

Fed. R. Civ. P. 33 governs interrogatories. The rule expressly permits contention interrogatories, such as this one. It states, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to a fact or the application of law to a fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."[1] In addition to permitting contention interrogatories, the rule also requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[2] Rule 33 was amended in

---

[1] Fed. R. Civ. P. 33(a)(2).

[2] Fed. R. Civ. P. 33(b)(3).

3

1993 to "emphasize the duty of the responding party to provide full answers to the extent not objectionable."[3] Evasive or incomplete answers are treated as a failure to fully disclose or respond.[4]

As an initial matter, the issue before the court concerns whether the SEC's response, in narrative form, is sufficient or whether the SEC is required to respond to Interrogatory No. 1's subparts as to each alleged undisclosed perquisite, as the subparts explicitly request. Both parties raise additional issues—what the SEC has or has not said in its narrative responses, whether Mr. Kovzan should be able to infer certain information from these responses, and whether the subparts are too broad. The only issue properly before the court is whether the SEC is required to respond to the questions posed to it in the manner directed. The court holds that it is. In other words, the SEC may not answer the subparts as it wishes they had been drafted—particularly here, where the time for objections has passed and court has already ordered the SEC to fully respond to Interrogatory No. 1. The plain language of the subparts calls for the SEC to respond as to each of the alleged undisclosed perquisites, not in narrative form. The court will briefly address some of the additional issues raised by the parties. However, in again compelling the SEC to fully respond to Interrogatory No 1's subparts, it is not the court's role to resolve issues about whether the SEC's contentions are reasonable or supported by law or whether the subparts are objectionable. The time for objections has passed, and the time for a determination regarding the SEC's evidence has yet to come.

The SEC has set forth no compelling reason why it should not be required to respond to the subparts as drafted. For one, the SEC contends these subparts seek information beyond the

---

[3] *Id.* advisory committee's note to the 1993 amendment.

[4] Fed. R. Civ. P. 37(a)(4).

proper scope of interrogatories. The undersigned agrees with the SEC's recitation of case law on this point: This district has previously limited contention interrogatories to "material or principal facts which support a party's contentions in the case."[5] Of course, that line of cases does not involve a situation where the court has already ruled on a responding party's objections. The SEC is essentially attempting to assert a belated overly broad and/or undue burden objection. If the SEC wanted the court to limit the scope of Mr. Kovzan's interrogatory, it should have initially objected in response to the interrogatory and then subsequently raised the objection in conjunction with the briefing on Mr. Kovzan's first motion to compel. Moreover, this argument is likely of little significance anyway. Mr. Kovzan's conclusion section of his memorandum in support of the motion to compel specifies that he seeks an order compelling the SEC to disclose the principal and material facts supporting its contention that the each individual expense was an undisclosed perquisite and supporting its contention that Mr. Kovzan either knew or recklessly disregarded that the expense was an undisclosed perquisite.[6] Therefore, to the extent the SEC wishes to limit its answer to material and principal facts that support its position, it may do so. The SEC's position regarding the scope of Interrogatory No. 1's subparts, however, has no bearing on the SEC's refusal to respond to the subparts as drafted.

The SEC also argues that the information supplied to Mr. Kovzan is adequate at this stage of the proceedings. As to the evidence supporting the SEC's contention that certain expenses were undisclosed perquisites, the SEC argues that Mr. Kovzan is well aware of the SEC's views regarding what evidence supports the SEC's position that the expenses were undisclosed perquisites and that Mr. Kovzan acted with scienter. The court has reviewed the SEC's

---

[5] *Presbyterian Manors Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *14 (D. Kan. Sept. 28, 2010).

[6] *See* Mem. of Law Supp. of Stephen M. Kovzan's Second Mot. to Compel at 16, ECF No. 119.

supplemental responses. While the responses reference certain Bates-stamped documents and specific expenses the SEC contends are undisclosed perquisites, the court cannot determine whether the SEC has provided this information as to each of the expenses because the SEC has organized its responses to the subparts in narrative form rather than responding on an expense-by-expense basis. In short, the court disagrees that the SEC's narrative responses have provided Mr. Kovzan with the information he seeks.

The SEC also argues that the court should evaluate the sufficiency of the SEC's response to Interrogatory No. 1's subparts in light of its other responses to discovery requests. To that end, the SEC states that it has responded to additional contention interrogatories that have asked for the identification of similar information. The court is disinclined to review additional discovery responses to determine whether it was possible for Mr. Kovzan to piece together the information sought by Interrogatory No. 1's subparts. This is not efficient for the court or for Mr. Kovzan. Rather, the SEC is obligated to fully and completely respond to Interrogatory No. 1 and its subparts as it was ordered to do.

In sum, the SEC's responses to the interrogatory's subparts are not fully responsive because the SEC has not provided the information the subparts explicitly seek—an expense-by-expense accounting of evidence that supports the SEC's position that the expenses are undisclosed perquisites and that Mr. Kovzan acted with scienter. Therefore, the court orders that within fourteen (14) days from the date of this order, the SEC shall fully respond to Interrogatory No. 1's subparts. In his memorandum in support of his motion to compel, Mr. Kovzan has indicated he seeks a court order compelling disclosure of the *principal and material facts* (1) supporting the SEC's contention that each expense was an undisclosed perquisite and (2) supporting the SEC's contention that Mr. Kovzan either knew or recklessly disregarded that the

expense was an undisclosed perquisite. Mr. Kovzan has also indicated he remains open to accepting responses that involve the SEC dividing its perquisite list into categories and identifying its perquisite and scienter evidence by reference to these categories. Accordingly, the SEC need only identify principal and material facts supporting its position, and the SEC may also respond to the subparts by grouping expenses.

The court will not, however, require the SEC to provide more information than what the interrogatory's subparts seek. For example, the SEC has stated in response to subpart (a) that certain expenses are "obviously personal." Mr. Kovzan raises the point that the SEC has offered no evidence as to certain expenses beyond its opinion that they are "obviously personal." Mr. Kovzan suggests that the SEC should be required to provide the basis for its opinion that the expenses are "obviously personal" and should further be required to state whether it has any additional evidence. The interrogatory's subparts already require the SEC to disclose evidence supporting the inference that the expenses are perquisites. If Mr. Kovzan sought an affirmative statement that no responsive material existed, he was free to draft discovery requests that specifically called for such a statement. Moreover, if Mr. Kovzan seeks additional information about the SEC's position that some expenses are "obviously personal," Mr. Kovzan is free to serve additional discovery requests addressing this point. The SEC must respond to the subparts as drafted; the court will not compel the SEC to do any more or permit the SEC to do any less.

Mr. Kovzan also asks that the SEC be barred from offering evidence on the subjects covered by subsections (a) and (b) if the SEC does not or cannot supplement its responses. That request is denied as premature. The court has ordered the SEC to supplement its responses to these subsections, and the court will not grant additional relief unless it becomes clear that the SEC has failed to comply with what is ordered. As the SEC points out, discovery is also ongoing,

and some expert disclosures may bear upon the SEC's answers to these interrogatories. If the SEC fails to disclose evidence it attempts to rely on in conjunction with a summary judgment motion or at trial, Mr. Kovzan is also free to move for exclusion at that time.

Accordingly,

**IT IS THEREFORE ORDERED** that Stephen M. Kovzan's Second Motion to Compel (ECF No. 118) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) calendar days from the date of this order, the SEC shall supplement its answers to Interrogatory No. 1's subparts as directed in this memorandum and order.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
