# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHEN M. KOVZAN,<br><br>      Defendant. | Civil No. 11-CV-2017 JWL/KGS |

## JOINT MOTION OF DEFENDANT STEPHEN M. KOVZAN
## AND PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
## TO EXTEND THE DISCOVERY SCHEDULE

Defendant Stephen M. Kovzan and plaintiff Securities and Exchange Commission respectfully submit this joint motion for an extension of the schedule for discovery.

1. On October 22, 2012, the Court issued an order (Dkt. # 117, "Scheduling Order") amending the initial scheduling order (Dkt. # 43) and setting a deadline for the completion of fact discovery of January 16, 2013.

2. Since the Court entered its October 22, 2012 order, the parties have worked together in good faith to conclude fact discovery and have attempted to resolve disagreements concerning the scope of discovery. The parties completed the deposition of a central witness in the case (former NIC Inc. CEO Jeffery S. Fraser), produced additional documents and privilege logs, received a third party production, and exchanged additional interrogatories and requests for admission. On Friday, January 11, 2013, plaintiff supplemented its responses to defendant's interrogatories concerning the alleged undisclosed perquisites at issue, as required by the Court's order dated December 21, 2012 (Dkt.# 136, "December 21 Order"). In addition, plaintiff's

KCP-4290665-1

search for documents that must be produced pursuant to the Court's order dated October 10, 2012 (Dkt. # 113, "October 10 Order") is ongoing with respect to documents that may exist in the files of former SEC employees.

    3.    Despite their good faith efforts, it appears the parties will be unable to complete fact discovery by the January 16, 2013 deadline. There are also several disagreements concerning the scope of discovery that the parties have been unable to resolve.

    a.    As mentioned above, plaintiff must still complete its production of documents pursuant to the Court's October 10 Order.

    b.    Defendant is presently required to respond by January 16, 2013 to plaintiff's First Set of Interrogatories, which addresses, among other things, defendant's defenses to the undisclosed perquisite allegations. Because defendant only received Plaintiff's supplemental interrogatory responses recently on January 11, 2013, and in view of the other motions filed in this case in this period, defendant needs additional time to complete his responses.

    c.    Defendant is currently reviewing plaintiff's supplemental interrogatory responses in detail. To the extent those responses contain information previously unknown to defendant, follow-up discovery may be required. It is also possible that defendant will challenge the sufficiency of plaintiff's supplemental responses if he believes they are not consistent with the Court's December 21 Order.

    d.    On December 21, 2012, defendant filed his Third Motion To Compel (Dkt. # 137), which seeks discovery of the SEC's treatment of travel-related expenses for certain executive officers of the SEC that were the subject of an inspector general report.

   e. On January 7, 2013, plaintiff filed a Motion To Quash (Dkt. # 143), which requests an order that precludes defendant from taking deposition testimony from plaintiff's representatives pursuant to Rule 30(b)(6).

   f. By no later than January 16, 2013, defendant will file a Fourth Motion to Compel, seeking the production by plaintiff of materials identified on a privilege log that reflect communications between the SEC staff and third parties with respect to the perquisite disclosure and internal controls regulations at issue.

  4. Depending on the Court's rulings on the pending motions, and whether additional issues may arise out of the pending discovery responses by both plaintiff and defendant, additional discovery pertaining to the subjects addressed in those motions may be necessary.

  5. Given the number of important issues pertaining to fact discovery that remain unresolved, the parties respectfully request that the Court: (a) extend the deadline for defendant to respond to plaintiff's First Set of Interrogatories Directed to Defendant until January 30, 2013; and (b) suspend the current Scheduling Order until the final resolution of the above-referenced Motions To Compel and Motion To Quash, including any objections that might be presented to Judge Lungstrum.

  6. The parties agree about the need for additional time to complete fact discovery. However, the parties disagree about the appropriate scope of discovery that should be permitted beyond the present January 16, 2013 fact discovery deadline.

   a. Plaintiff's position is that fact discovery should remain open on all subjects.

   b. Defendant's position is that fact discovery should remain open only as to subjects within the scope of the unresolved issues identified above (*supra* ¶ 3) and subjects

that flow directly from the resolution of those issues (e.g., depositions of newly-identified witnesses or production of newly-identified documents).

The parties respectfully request that, in ruling upon this Joint Motion, the Court resolve this disagreement concerning the boundaries of future fact discovery.

7. In addition, the parties respectfully propose that the Court (a) direct the parties to submit a joint proposal for an amended scheduling order within one week of the final resolution of the Motions To Compel and Motion To Quash, with the objective of establishing a schedule that is structured similarly to the current Scheduling Order, and/or (b) schedule a telephone status conference to discuss establishing such a scheduling order as soon as is practicable following the final resolution of the Motions To Compel and Motion To Quash.

Dated:  January 14, 2013                         Respectfully submitted,


/s/ Stephen L. Hill, Jr.
Stephen L. Hill, Jr. KS #78029
Maxwell Carr-Howard KS #21042
Lyndsey J. Conrad KS #23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
stephen.hill@huschblackwell.com
max-carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006

- 5 -

(202) 663-6600
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

*Attorneys for Defendant Stephen M. Kovzan*

/s/ Jeffrey S. Kruske
Jeffrey S. Kruske (Kansas Bar No. 20098)
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

A. David Williams (Cal. Bar. 183854)
David S. Mendel (D.C. Bar No. 470796)
Securities and Exchange Commission
100 F. Street, NE
Washington, DC  20549-5546
(202) 551-4450
williamsdav@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

- 6 -

## CERTIFICATE OF SERVICE

   I hereby certify that on this 14th day of January 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to counsel of record


/s/ Stephen L. Hill, Jr.
Attorney