# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **Civil No. 11-CV-2017 JWL/KGS** |
| **Plaintiff,** | **ORAL ARGUMENT REQUESTED** |
| **v.** | |
| **STEPHEN M. KOVZAN,** | |
| **Defendant.** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## STEPHEN M. KOVZAN'S FOURTH MOTION TO COMPEL

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)

WILMER CUTLER PICKERING HALE AND
 DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.          KS # 78029
Maxwell Carr-Howard     KS # 21042
Lyndsey J. Conrad           KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................1

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY ....................................2

II.     ARGUMENT.......................................................................................................9

        A.      PLAINTIFF'S PRIVILEGE CLAIMS ARE IMPERMISSIBLY
                OVERBROAD................................................................................................9

        B.      PLAINTIFF FAILED TO SUBSTANTIATE OR LOG PROPERLY
                ITS CLAIMS OF DELIBERATIVE PROCESS PRIVILEGE ............................12

CONCLUSION.......................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Children First Found., Inc. v. Martinez*,
  2008 U.S. Dist. LEXIS 120828 (N.D.N.Y. June 20, 2008) ..................................................10

*In re McKesson*,
  264 F.R.D. 595 (N.D. Cal. 2009) ....................................................................9, 10, 12,13, 15

*Info. Network for Responsible Mining v. BLM*,
  611 F. Supp. 2d 1178 (D. Colo. 2009) ...........................................................................13, 14

*Marilley v. McCamman*,
  No. C11-02418, 2012 U.S. Dist. LEXIS 134269 (N.D. Cal. Sept. 19, 2012) ........................15

*SEC v. Collins & Aikman*,
  256 F.R.D. 403 (S.D.N.Y. 2009) ....................................................................................10, 14

*SEC v. Pentagon Capital Mgmt. PLC*,
  844 F. Supp. 2d 377 (S.D.N.Y. 2012) ....................................................................................3

*SEC v. Sentinel Mgmt. Group*,
  No. 07-c-4684, 2010 U.S. Dist. LEXIS 127355 (N.D. Ill. Dec. 2, 2010) .........................10, 12

*Texaco P.R., Inc. v. Dep't of Consumer Affairs*,
  60 F.3d 867 (1st Cir. 1995) ....................................................................................................9

*Trentadue v. Integrity Committee*,
  501 F.3d 1215 (10th Cir. 2007) ..........................................................................10, 11, 12, 15

*Vietnam Veterans of America v. CIA*,
  No. 09-cv-0037, 2012 U.S. Dist. LEXIS 72044 (N.D. Cal. May 23, 2012) ...........................14

### OTHER AUTHORITIES

D. Kan. R. 37.2 .......................................................................................................................1

Fed. R. Civ. P. 37(a)(1) ............................................................................................................1

*Executive Compensation and Related Person Disclosure*, Rel. No. 8732A, 2006 WL
  2589711, at *31 (SEC Sept. 8, 2006) ......................................................................................1

*Executive Compensation and Related Person Disclosure*, Rel. No. 8655, 2006 WL
  1596503 (Jan. 27, 2006) .....................................................................................................3, 6

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant Stephen M. Kovzan respectfully submits this Memorandum of Law in support of his Motion To Compel with respect to the validity and sufficiency of plaintiff Securities and Exchange Commission's privilege claims over documents withheld in response to Judge Lungstrum's October 10, 2012 Order granting Mr. Kovzan's Motion for Review.[1/]  (Dkt. No. 113.)

## PRELIMINARY STATEMENT

Mr. Kovzan regretfully requires this Court's assistance in requiring plaintiff to produce relevant, non-privileged documents that reflect plaintiff's communications with business groups and other third parties concerning the perquisite disclosure and internal control regulations at the heart of this case.  Judge Lungstrum's October 10, 2012 Order ("October 10 Order") unambiguously required the production of such materials.  (Dkt. No. 113.)  Notwithstanding that order, plaintiff failed to produce responsive materials based on a plainly inadequate and unsupported sweeping claim of privilege.

In plaintiff Securities and Exchange Commission's own 2006 rulemaking, plaintiff stated that "for decades questions have arisen as to what is a perquisite or other personal benefit required to be disclosed." *Executive Compensation and Related Person Disclosure*, Rel. No. 8732A, 2006 WL 2589711, at *31 (SEC Sept. 8, 2006).  For over a year, Mr. Kovzan has sought documents from plaintiff concerning the "decades of questions" plaintiff itself described, as well as the scope of the term "internal controls over financial reporting."  Given plaintiff's own characterization of third parties' views known to the SEC, discovery may show that during the

---

[1/]    In accordance with D. Kan. R. 37.2 and Fed. R. Civ. P. 37(a)(1), the parties have made reasonable efforts to confer and resolve the parties' differences without resorting to motion practice, having exchanged written correspondence and/or held telephonic conferences on November 30, 2012 and December 4, 10, and 20, 2012. *See* Shoop Declaration and Certification of Compliance with D. Kan. Rule 37.2.

2002 – 2006 time period, representatives from public companies and business associations

expressed contemporaneous views or understandings about the disclosure requirements at issue

in this case that are contrary to the positions plaintiff now presses, including what was

understood to be reportable as a perquisite, the application of SEC Regulation S-K's perquisite

reporting threshold to executive officers who received either no or nominal compensation, and

the scope of controls comprising "internal controls over financial reporting." *See also* Def.'s

Memo. in Support of Rule 72(a) Objections, at 15-16 (Dkt. No. 97).  Judge Lungstrum expressly

ruled that this discovery is relevant to plaintiff's scienter claims, because the test for scienter has

an objective component that takes into account relevant industry standards.  *See* October 10

Order at 6, 8 (Dkt. No. 113).  Judge Lungstrum also expressly ruled that this discovery is

relevant to whether Mr. Kovzan had fair notice of what plaintiff now contends the perquisite

regulations required.  *Id.* at 10-11.

Plaintiff's response to Judge Lungstrum's October 10 Order failed to satisfy its

obligations under the Federal Rules of Civil Procedure.  Specifically, plaintiff asserted sweeping

claims of deliberative process privilege without providing in its privilege log the underlying

substantiation required under the law.  Mr. Kovzan seeks this Court's assistance overruling

privilege claims asserted without required substantiation.  Mr. Kovzan respectfully requests that

this Court order plaintiff (1) to produce promptly all documents reflected on its privilege log for

which its privilege claim is not properly invoked; and (2) to produce promptly the portions of

any withheld document that describes views of third parties.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The background of this discovery dispute is well known to this Court.  On November 15,

2011, Mr. Kovzan served his First Set of Requests for the Production of Documents and Things.

(Dkt. No. 51)  Certain of these requests sought documents concerning the SEC's own

interpretation of perquisite reporting relevant to plaintiff's claims, and other requests sought

documents concerning confusion or ambiguity surrounding plaintiff's guidance (or lack of

guidance).[2/]  Through this discovery, Mr. Kovzan sought to develop evidence, among other

things, that there was a lack of clarity surrounding the proper application of the perquisite

regulations before plaintiff's issuance of final guidance and amendments to the perquisite

regulations in August 2006.[3/]  Evidence of this "atmosphere of uncertainty" over what the

regulations required would support Mr. Kovzan's contention that he acted reasonably in his role

in NIC's compliance with the perquisite regulations.  *See, e.g., SEC v. Pentagon Capital Mgmt.*

*PLC*, 844 F. Supp. 2d 377, 415-416 (S.D.N.Y. 2012); *see also* Def.'s Memo. in Support of First

Mot. To Compel, at 12-13 (Dkt. No. 62).  This evidence also would support Mr. Kovzan's

affirmative defense that the regulations were not sufficiently specific to provide Mr. Kovzan fair

notice of what plaintiff now contends the regulations required during the 2002-2006 time period.

*See id*. at 13.

    After an extensive meet-and-confer process, Mr. Kovzan on February 27, 2012 moved

this Court to compel responses to certain of the Requests.  *See* Def.'s Memorandum in Support

of Mot. To Compel at 2-3 (Dkt. No. 62); July 31, 2012 Order at 1 (Dkt. No. 89).  Specifically,

Mr. Kovzan asked this Court to order plaintiff to "undertake reasonable searches of hard copy

---

[2/]     As explained in Mr. Kovzan's First Motion To Compel, "Requests 11 – 16, 18 – 20, and 32 – 34 seek documents concerning:  (1) interpretative guidance issued by the SEC related to 'compensation,' 'perquisites,' and 'commuting' as those terms are used in Item 402 of SEC Regulation S-K; (2) the application of Item 402 to unauthorized payments or benefits by directors or officers of public companies; (3) the application of Item 402 to the disclosure of employee aircraft or travel expense reimbursements as perquisites; and (4) ambiguity or confusion surrounding the guidance issued by the SEC on the meaning of the terms compensation, perquisites, and commuting."  *See* Def.'s Memo. In Support of Mot. to Compel at 9 (Dkt. No. 62).  Request 64 seeks documents concerning the definition of "internal control over financial reporting."  *See id*. at 10-11.

[3/]     *See Executive Compensation and Related Person Disclosure*, Rel. No. 8655, 2006 WL 1596503 (Jan. 27, 2006) (proposing release).

documents and email files of relevant SEC employees" during the years 2002 – 2006, the time

period covered by the complaint in this action, for documents responsive to these Requests.  *See*

Def.'s Memo. in Support of Mot. To Compel at 15-16 (Dkt. No. 62).

After this Court denied this portion of Mr. Kovzan's motion, *see* July 31 Order at 9, 11

(Dkt. No. 89), Mr. Kovzan filed a limited Motion for Review of the July 31 Order, seeking three

narrow categories of plaintiff's internal documents responsive to the requests at issue:

> (1) communications between plaintiff Securities and Exchange
> Commission and third parties; (2) non-privileged portions of
> plaintiff's internal documents that reflect communications between
> plaintiff and third parties; and (3) plaintiff's internal documents
> concerning a final decision as to what guidance, if any, the SEC
> staff may provide to reporting companies regarding the meaning of
> the perquisite disclosure regulations and the definition of internal
> control over financial reporting.

Def.'s Memo. in Support of Rule 72(a) Responses and Objections at 3 (Dkt. No. 97).

On October 10, 2012, Judge Lungstrum granted Mr. Kovzan's Motion for Review and

ordered plaintiff to produce responsive documents by November 9, 2012.  *See* October 10 Order

at 15 (Dkt. No. 113).  In his Order, Judge Lungstrum noted that "evidence of practice within the

industry may be relevant to the issue of scienter" and for that reason, Mr. Kovzan "is entitled to

seek evidence relating to the industry standard, whether or not such evidence was previously

known to him or the public."  *See id*. at 8.  Judge Lungstrum also rejected plaintiff's attempt to

prejudge Mr. Kovzan's fair notice defense on the merits in the context of a discovery order,

concluding that the "SEC has not provided any reason why the (later) consideration of this

defense on the merits may not include matters contained in non-public documents held by the

SEC."  *Id*. at 11.  With respect to plaintiff's claims of deliberative process privilege over its non-

public documents, Judge Lungstrum refused to issue a "blanket exemption" over these

documents, agreeing only that "documents 'concerning' the SEC's final decisions *might* be

4

privileged" and requiring plaintiff to provide a privilege log for any documents withheld.  *Id*. at

14 (emphasis added).

> **Plaintiff's November 9, 2012 Document Production and Privilege Log**.  Following

Judge Lungstrum's Order, plaintiff produced approximately 450 pages of documents on

November 9, 2012.  *See* Ex. 1 (Plf.'s Third Supplemental Responses and Objections to Mr.

Kovzan's First Request for Production of Documents and Things).[4/]  Plaintiff's production

consisted of three partially-redacted email chains from February and October 2006 and

approximately 15 hard copy documents, the earliest of which appears to be dated sometime in

2002.  *See* Ex. 1; Shoop Cert. ¶ 3.  Plaintiff also provided a privilege log (the "November 9

containing 68 entries describing documents dated between November 2002 and December 2006

which plaintiff withheld in full on the basis of deliberative process privilege, as well as two

entries describing documents produced in redacted form.  *See* Ex. 2.[5/]  All items on the

---

[4/]      Citations to "Ex. ___" refer to exhibits referenced in the accompanying Declaration of Kelly S. Shoop.

[5/]      Ten entries reflect that the referenced documents also were withheld on the basis of attorney-client privilege.  *See* Ex. 2.

November 9 Log are from one of the four custodians plaintiff identified when explaining the

scope of its search in response to Judge Lungstrum's October 10 Order.[6/]  *See* Exs. 2, 3.

Several of the entries on the November 9 Log describe notes or memoranda concerning

SEC staff meetings with third parties.  Some of these withheld notes or memoranda are dated as

early as July 2004, nearly 18 months before plaintiff announced proposed amendments to

Regulation S-K's rules for executive compensation disclosure, and nearly two years before

plaintiff issued final rules.[7/]  *See* Ex. 2.  For example:

- The first entry describes notes and internal memoranda prepared in May 2005 concerning

  a "Meeting with ABA Joint Committee on Employee Benefits."

- The second entry describes notes and memoranda prepared in May 2005 concerning a

  "Meeting with Society of Corporate Secretaries and Governance Professionals."

---

[6/]      During a meet-and-confer telephone call on December 20, 2012 (the "December 20 Call"), counsel for Mr. Kovzan questioned the sufficiency of the scope of plaintiff's search for documents in response to Judge Lungstrum's October 10 Order.  In its December 10 Letter, plaintiff represented that it identified individuals from the Commission's Division of Corporation Finance and Office of Chief Accountant who "would plausibly receive and maintain external communications relating to interpretations or guidance pertinent to the rules at issue, or have had significant involvement in the pertinent rulemakings," and directed those individuals "to search all electronic as well as hardcopy materials in order to identify any materials that could plausibly fall within the scope of your limited requests."[6]  *See* Ex. 3 at 2.  Plaintiff confirmed on the December 20 Call that, notwithstanding the fact that the relevant time period for the Requests is 2002 – 2006 – going back over a decade, plaintiff's search was limited to email and hardcopy documents of *current* SEC employees, except to the extent documents from the files of former employees were placed in a "central repository" plaintiff searched before Mr. Kovzan moved to compel.  *See* Exs. 3, 5.  Mr. Kovzan expressed the view that plaintiff must expand its search for responsive documents to the email and hardcopy documents of any relevant *former* SEC employees in the Division of Corporation Finance and Office of Chief Accountant.  Plaintiff agreed to do so.  Mr. Kovzan has not yet received the results of plaintiff's expanded search, and the present motion therefore is limited to the adequacy of plaintiff's privilege log.

[7/]      *See Executive Compensation and Related Person Disclosure*, Rel. No. 8655, 2006 WL 1596503 (Jan. 27, 2006) (proposing release).

- The third entry describes notes and memoranda prepared in July 2004 concerning a meeting with representatives of the "HR Policy Association" and the State University of New Jersey at Rutgers.

- The fourth entry describes notes, internal emails and internal memoranda prepared in September and October 2004 concerning a meeting with the "HR Policy Association" and WorldatWork, a group that, according to its website, is a non-profit association "dedicated to knowledge leadership in compensation, benefits, and total rewards."

*See* Ex. 2. As to these and 48 other entries plaintiff asserted "Deliberative Process" as the reason the documents were withheld and provided the following "Basis of Privilege Assertion":

> These are internal, deliberative documents that (i) were authored prior to the Commission's decision to adopt final amendments to the disclosure requirements for executive and director compensation including perquisites (which is evidenced by the fact that the SEC did not adopt these final amendments until August 29, 2006, and that the preparer of the documents lacks the legal authority to decide to promulgate new rules, as only the Commission has such authority), and (ii) reflect SEC staff assessments, and analysis relating to legal/policy matters bearing on the Commission's decision to adopt these final amendments.[8]

---

[8] Other entries include variants of this "Basis of Privilege Assertion." For example, as to 11 entries, the SEC wrote, "This is an internal, deliberative document that was authored prior to the Commission's decision to promulgate a proposed rule, Release No. 33-8762, on December 20, 2006, which reflects SEC staff opinions, analysis, and editing process relating to legal/policy matters bearing on the Commission's decision to promulgate this guidance." *See* Ex. 2. One entry states that "[t]his is an internal, deliberative document that was authored prior to the Commission staff's decision to promulgate guidance on May 16, 2005, 'Staff Statement on Management's Report on Internal Control Over Financial Reporting' which reflects SEC staff opinions, analysis and editing process relating to legal/policy matters bearing on the Commission's decision to promulgate guidance." *See id.* Four other entries state the following as the "Basis of Privilege Assertion": "This is an internal, deliberative document that was authored prior to the Commission staff's decision to publicly announce that it would issue further guidance by release dated May 16, 2006, 'SEC Announces Next Steps for Sarbanes-Oxley Implementation' which reflects SEC staff opinions, analysis, and editing process relating to legal/policy matters bearing on the Commission's decision to promulgate this guidance." *See id.*

7

*Id.* Another entry on the November 9 Log describes internal memoranda and internal drafts concerning a June 24, 2004 "meeting re corporate transparency" with representatives of the Greelining Institute, the National Black Business Council, the Asian American Business Associations, and the Latin Business Association. *See* Ex. 2. For this entry and seven others, the SEC asserted "Attorney-Client Communication" in addition to "Deliberative Process" as the basis for withholding the referenced documents and, in addition to the rationale set out above, wrote, "These documents contain internal communications relating to confidential legal advice provided to the Commission by Commission attorneys regarding amending the disclosure requirements for executive and director compensation." *See* Ex. 2. The November 9 Log does not indicate which portions of the referenced documents it contends are protected by the attorney-client privilege.

On a November 30, 2012 meet-and-confer telephone call, counsel for Mr. Kovzan asked plaintiff to reconsider its decision to withhold in full the documents on its November 9 Log and to produce all factual portions of handwritten notes and internal memoranda or email that reflect communications with third parties. *See* Ex. 4. By letter dated December 10, 2012 (the "December 10 Letter"), plaintiff represented that the Commission "asserted privilege over materials which may contain factual statements by agency personnel pertinent to third party communications where those factual discussions are 'so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations.'" *See* Ex. 3 at 3. Plaintiff acknowledged that these documents were responsive to Mr. Kovzan's requests, representing that "[t]he current privilege log has identified those materials as directed by the Court" in its October 10 Order. *See id.*

## II.    ARGUMENT

### A.    PLAINTIFF'S PRIVILEGE CLAIMS ARE IMPERMISSIBLY OVERBROAD.

Plaintiff has failed to meet its burden of demonstrating that the documents it withheld on the basis of deliberative process privilege warrant that protection.  Many of the subject matter descriptions on the November 9 Log indicate that the withheld documents concern SEC staff communications with third parties, including various business groups and professional associations whose perspectives are likely to shed light on the prevailing industry standards with respect to both perquisite disclosure and the scope of internal controls.  These documents are precisely the type of documents Judge Lungstrum ruled are relevant and ordered plaintiff to produce in his October 10 Order.  *See* October 10 Order at 15 (Dkt. No. 113).  As Judge Lungstrum ruled, these materials may contain important evidence bearing on Mr. Kovzan's scienter, as well as the fair notice affirmative defense.

Plaintiff makes broad assertions of the deliberative process privilege that are contrary to the law.  The deliberative process privilege is both a qualified and discretionary privilege. *See Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 885 (1st Cir. 1995) (noting that the deliberative process privilege is a discretionary privilege and that "[i]n deciding how to exercise its discretion, an inquiring court should consider, among other things, the interest of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government").  As with all privileges, it is to be narrowly construed.  *See In re*

9

*McKesson*, 264 F.R.D. 595, 601 (N.D. Cal. 2009) ("[T]he privilege must be strictly confined

within the narrowest possible limits consistent with the logic of its principles.").[9]

Even when the deliberative process privilege is properly invoked (which it was not here,

*see* Part II below), the privilege is limited to "documents reflecting advisory opinions,

recommendations and deliberations comprising part of a process by which governmental

decisions and policies are formulated." *SEC v. Collins & Aikman*, 256 F.R.D. 403, 415

(S.D.N.Y. 2009); *see also Trentadue v. Integrity Committee*, 501 F.3d 1215, 1226 (10th Cir.

2007) (same).  The privilege applies only to documents that are both "predecisional and

deliberative." *Id.* at 1227.  The rationale supplied by plaintiff in its November 9 Log comes

nowhere close to meeting this standard.  As to numerous withheld documents, plaintiff contends

only that the documents "reflect SEC staff opinions, assessments and analysis relating to

legal/policy matters bearing on the Commission's decision to adopt" final amendments to the

"disclosure requirements for executive and director compensation including perquisites." *See*

2.  Plaintiff does not appear to contend that the referenced documents themselves concern the

agency's deliberative process to formulate policy and make decisions, but only that the

---

[9]       The deliberative process privilege is not absolute, and "may be overcome where the party
seeking the documents establishes that he has a particularized need for the documents and his
need outweighs the government's interest in confidentiality." *SEC v. Sentinel Mgmt. Group*, No.
07-c-4684, 2010 U.S. Dist. LEXIS 127355, at *10 (N.D. Ill. Dec. 2, 2010) (quoting *United States
v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993)).  "Among the factors to be considered in making
this determination are:  1) the relevance of the evidence; 2) the availability of other evidence; 3)
the government's role in the litigation; and 4) the extent to which disclosure would hinder frank
and independent discussion regarding contemplated policies and decisions." *McKesson*, 264
F.R.D. at 601 (quoting *FTC v. Warner Commc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984)); *see also
Children First Found., Inc. v. Martinez*, 2008 U.S. Dist. LEXIS 120828, at *8-9 (N.D.N.Y. June
20, 2008) (the deliberative process privilege is not a bar to discovery where the agency's
"decisionmaking process itself is the subject of the litigation" (collecting cases)).  Although
arguably plaintiff has waived any claim of deliberative process privilege by putting the
interpretation of the perquisite regulations and definition of internal control at issue when it sued
Mr. Kovzan, here Mr. Kovzan has expressly sought only those materials not protected by the
deliberative process privilege.

documents relate to *legal or policy matters*, and that these legal or policy matters in turn "bear[]

on" the Commission's decisions.  *See* Ex. 2.  This proffered claim of privilege is overbroad on its

face.  Tellingly, this sweeping assertion of privilege stands in stark contrast to the grounds stated

by plaintiff for a small subset of entries, which claim privilege for documents containing

"advice … regarding amending the disclosure requirements."[10]  Plaintiff plainly conveyed

through these descriptions that this small subset of documents is different in kind than the

broader claim of privilege set forth above.

Pertinent here, the deliberative process privilege does not protect "memoranda consisting

only of compiled factual material or purely factual material contained in deliberative memoranda

and severable from its context."  *Id*.  Any factual information about views expressed by third

parties contained in the memoranda and notes withheld by plaintiff plainly does not warrant

protection under the deliberative process privilege.  The November 9 Log supplied by plaintiff

strongly suggests that the views of various third parties – including the ABA Joint Committee on

Employee Benefits, the Society of Corporate Secretaries and Governance Professionals, the HR

Policy Association, a Rutgers University professor, WorldatWork, the Greelining Institute, the

National Black Business Council, the Asian American Business Associations, and the Latin

Business Association – are contained in the withheld materials.

Likewise, "information is not protected simply because disclosure would reveal some

minor or obvious detail of an agency's decisionmaking process."  *Id.* at 1228.  The Tenth Circuit

has held that factual information may be withheld under the deliberative process privilege only

---

[10]      Even as to these eight entries, in which the attorney-client privilege is invoked by
plaintiff in addition to the deliberative process privilege, plaintiff did not indicate which portions
of the referenced documents rely on which protection.  Nor did plaintiff establish why the
entirety of these materials (some of which expressly concern meetings with third parties) warrant
protection under either doctrine.  *See* Ex. 2.

when "disclosure would so expose the deliberative process within an agency that it must be deemed exempted." *Id*. (emphasis in original).  "Discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege." *SEC v. Sentinel Mgmt. Group, Inc*., No. 07-c-4684, 2010 U.S. Dist. LEXIS 127355, at *9 (N.D. Ill. Dec. 2, 2010) (citing *Trentadue*).  Plaintiff has given no reason why each of the documents it withheld meets this standard.  All  "objective facts" – including but not limited to summaries of views expressed by third parties to the Commission staff – should be produced promptly.

> **B.**      **PLAINTIFF FAILED TO SUBSTANTIATE OR LOG PROPERLY ITS CLAIMS OF DELIBERATIVE PROCESS PRIVILEGE.**

Plaintiff has not properly invoked the deliberative process privilege.  "Generally, the deliberative process privilege may be invoked only by the agency head after personally reviewing the documents for which the privilege is asserted." *McKesson*, 264 F.R.D. 595, at  Although the head of an agency need not always personally review the documents withheld on the basis of that privilege, "the duty to invoke the privilege cannot be delegated so far down the chain of command that purposes of the requirement are undermined." *Id*.  This is to ensure that government agencies like the SEC are deterred *"from too freely claiming a privilege that is not to be lightly invoked*." *Id*. at 601 (emphasis added).  Unfortunately, that appears to be precisely what happened here.  Plaintiff makes blanket claims of protection under the deliberative process privilege for documents described as an internal memoranda or consisting of handwritten notes, even where the subject matter plainly reflects a communication with a third party. *See, e.g*., Ex. 3 at 2-3.  Plaintiff asks that Mr. Kovzan (and this Court) simply accept its representation that every fact contained within these materials, which on their face reflect communications with third parties, is so "inextricably intertwined with deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *See* Ex. 3 at 3 (quoting

12

*Silverstein v. Federal Bureau of Prisons*, No. 07-cv-2471, 2009 WL 4949959, at *7 (D. Colo.

Dec. 14, 2009).  This does not comport with the requirements for invoking this narrow privilege.

Judge Lungstrum made clear in his Order that the SEC may not claim a "blanket exemption" for

documents "concerning" the SEC's final decisions, even though they "might" be subject to

privilege.  *See* October 10 Order at 14 (Dkt. No. 113).  As the court in *McKesson* observed:

> In order to invoke the privilege, there are several requirements,
> none of which is met here.  For example, [the agency] should have
> provided a declaration from an agency head that includes the
> following information with respect to each document for which the
> deliberative process privilege is asserted:  1) <u>specific</u> facts
> demonstrating why each document is "deliberative" and
> "predecisional"; 2) <u>specific</u> facts concerning:  a) the degree and
> type of harm that would result from requiring production of each
> document; and b) what type of protective order would be necessary
> to reduce that harm or, alternatively, why a protective order would
> not reduce this harm; and 3) what portions of each document are
> deliberative and, if specific sections are purely factual, why those
> sections cannot be produced.  Without this information, the Court
> cannot determine whether the documents at issue are deliberative
> or predecisional.  Nor can the Court adequately assess the harm
> that would result if production is ordered.

*McKesson*, 264 F.R.D. 595 at 602 (emphasis added).

Plaintiff has met none of the law's requirements with respect to the documents reflected

on the November 9 Log.  It provides no *specific* facts demonstrating why each document is both

predecisional *and* deliberative, instead offering only generalized boilerplate assertions.  *See* Ex. 2

(November 9 Log).  Nor does plaintiff provide any specific facts about the degree and type of

harm that would result from producing these documents.  *See* Ex. 2 (November 9 Log); Ex. 3.

As other district courts in the Tenth Circuit and elsewhere have recognized, such generalized

statements "are not sufficiently specific to permit a reasoned judgment as to whether the material

is actually" protected by the deliberative process privilege.  *See Info. Network for Responsible*

*Mining v. BLM*, 611 F. Supp. 2d 1178, 1188 (D. Colo. 2009) (analyzing the privilege in the

context of FOIA Exemption 5 and concluding that the agency had not "met its burden of

demonstrating that the information it redacted … is deliberative and therefore exempt from

disclosure"); *Collins & Aikman*, 256 F.R.D. at 416 (rejecting as insufficient the SEC's privilege

log where "[t]he SEC asks the Court simply to take its word that these particular documents were

predecisional, deliberative, purely subjective, and neither adopted nor incorporated in the

agency's final decision").  Instead, "the agency seeking to withhold all or part of a deliberative

document [must] conduct a detailed analysis to determine whether factual or other non-exempt

material can be severed from privileged material and produced."  *Info Network,* 611 F. Supp. 2d

at 1188.  Factual material may not be withheld simply because "it reflects a choice as to which

facts to include in a document."  *Id*.; *see also Vietnam Veterans of America v. CIA*, No. 09-cv-

0037, 2012 U.S. Dist. LEXIS 72044, at *6 (N.D. Cal. May 23, 2012) ("A document does not

become a part of the deliberative process merely because it contains only those facts which the

person making the report thinks material.").

     No such detailed analysis has been provided here.  It is impossible to conclude that

plaintiff's privilege claims are valid based on the information provided, and it is difficult if not

impossible to ascertain how no severable factual material is present in, for example, notes from

meetings with third parties such as the Society of Corporate Secretaries and Governance

Professionals.[11]  *See* Ex. 2.  Such an approach is plainly insufficient as a matter of law.  *See Info.*

*Network*, 611 F. Supp. 2d at 1189 (concluding that the agency's "blanket, conclusory statements

that all factual materials in 151 pages of agency records are too intertwined with deliberative

materials to be segregable or too revealing of the deliberative process to be disclosed provide me

with no basis on which to make the necessary determination with respect to any particular

---

[11]     Mr. Kovzan would be amenable to the Court ordering in camera review of all of the
documents withheld by plaintiff.

14

redaction or set of redactions"); *Trentadue*, 501 F.3d at 1230 ("The manner in which an author

organizes her thoughts may make [a determination of whether a document is deliberative] more

or less difficult, but the solution is not to simply abdicate and allow withholding en masse.").

Plaintiff's approach is likewise incompatible with Judge Lungstrum's rejection of a "blanket

exception" for production of documents "concerning" the SEC's final decisions.  *See* October 10

Order at 14 (Dkt. No. 113).

Moreover, this Court entered a protective order in this case on December 11, 2012,

which, at plaintiff's suggestion, specifically provides protection for materials "pertaining to its

investigative practices and processes that Plaintiff believes contain sensitive and non-public

information." *See* December 11, 2012 Order at 1 (Dkt. No. 128).  Plaintiff does not explain why

this protective order (or any reasonable amendment thereto) would not sufficiently guard against

any perceived chilling effect caused by disclosure of these documents (or portions of these

documents) to Mr. Kovzan for use in this litigation.  *See McKesson*, 264 F.R.D. at 602

(concluding that the protective order in place in that action sufficient protection for the agency's

interests); *Marilley v. McCamman*, No. C11-02418, 2012 U.S. Dist. LEXIS 134269, at \*18-19

(N.D. Cal. Sept. 19, 2012) (concluding that a protective order would mitigate any concerns about

chilling of agency discussion and noting that "if because of this case, members of government

agencies acting on behalf of the public at large are reminded that they are subject to scrutiny, a

useful purpose will have been served").

## CONCLUSION

For the foregoing reasons, Mr. Kovzan respectfully requests that the Court enter an order

compelling plaintiff to:

> 1) Produce all documents on the November 9 Log for which
>    plaintiff failed to invoke the deliberative process privilege

properly, instead making a broad claim of privilege inconsistent with the law;

2) As to any documents properly withheld under claim of "Attorney-Client Privilege" or "Deliberative Process Privilege," produce all factual portions of such documents that are not protected from discovery, including the views expressed by third parties in communications with the SEC; and

3) As to any future production made by plaintiff in compliance with Judge Lungstrum's October 10 Order, supply a privilege log that complies with the requirements of the law or produce the relevant documents.

Dated:  January 16, 2013

Respectfully submitted,

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

/s/ Stephen L. Hill, Jr._____
Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

Erica Y. Williams
David Williams
Helaine Schwartz
David S. Mendel
Holly A. Pal
Natalie Shioji
U.S. Securities & Exchange Commission-DC
100 F. Street NE
Washington, D.C.  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
palh@sec.gov
shiojin@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

Jeffrey S. Kruske
Office of the Kansas Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
(785) 296-5215
(785) 296-5482 (FAX)
Jeff.Kruske@ksc.ks.gov
*Attorney for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney

17