

**DIVISION OF
ENFORCEMENT**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, NE
WASHINGTON, D.C.  20549

DAVID WILLIAMS
ASST. CHIEF LITIGATION COUNSEL
DIRECT DIAL:  (202) 551-4548
FACSIMILE:    (202) 772-9231

December 10, 2012

VIA EMAIL
Kelly Shoop, Esq.
Wilmer Hale
1875 Pennsylvania Avenue, NW
Washington, DC 20006

Re:   SEC v. Kovzan
Case Number 11-cv-2017 (D. Kan.) (JWL/KGS)

Dear Ms. Shoop:

I write in response to your letter of November 19, 2012.  In your letter, you raise a number of questions with respect to the Commission's discovery responses.  First, with respect to the Commission's Second Supplemental Responses and Objections to Defendants' First Request for Production of Documents and Things, you note that the Commission, in response to Requests 67 and 68, produced a small number of documents and indicated that a small number of additional documents had been identified over which the Commission would assert deliberative process privilege.

As I indicated to you on our meet-and-confer call, the Commission no longer intends to assert deliberative process privilege as to any of the responsive materials identified as responsive to Requests 67 and 68. As I also indicated to you, the Commission was awaiting the negotiation of a stipulated protective order prior to producing responsive materials.  While that order has been negotiated and submitted for entry, it has yet to be entered by the Court.  As you indicate in your letter that you will agree to maintain the materials on an "attorney's eyes only" basis until the protective order is entered, I am producing with this letter documents Bates labeled SEC-P 000420 through SEC-P 000610, with the understanding that these materials will be maintained on this basis, and will be subject to the stipulated protective order once that order is issued. Because responsive materials were identified in both electronic and hard-copy format, there is a significant amount of duplication among the documents now produced.  Because there appears to be an error with respect to the Bates ranges associated with the documents contained in the original August 31, 2012, production, and all documents associated with that original production are also included in today's production, you should consider the August 31, 2012 production withdrawn and replaced by today's production.

Additional materials also responsive to this request were previously produced to you on February 17, 2012, in response to the Commission's First Supplemental Response to your Request.  These materials were Bates labeled SEC v. Kovzan 0029757 to SEC v. Kovzan 0029882.  The Commission similarly designates these materials as confidential, and requests that you afford these materials the same treatment as the materials now being produced.  With the

materials enclosed, the Commission has now produced to you all materials identified as responsive to your requests.

You also request a description of the scope of the Commission's search for responsive materials produced in response to Judge Lungstrum's October 10, 2012 Order.  As explained more fully in my February 17, 2012 letter to you, the Commission's initial search for responsive materials began with a search, by either myself or a member of my litigation team, of centralized repositories of materials maintained by the Commission staff that are associated with the relevant rulemakings in order to identify responsive materials.  Those materials have previously been identified to you.  Following the entry of the October 10, 2012 Order, I oversaw the additional gathering of responsive materials by meeting with staff from the Commission's Division of Corporation Finance and the Commission's Office of Chief Accountant, the two Commission Divisions that would plausibly receive and maintain external communications relating to interpretations or guidance pertinent to the rules at issue, or have had significant involvement in the pertinent rulemakings, and directed senior officials in each Division to identify individuals who might possess responsive materials, as set forth by the limitations of the October 10, 2012 Order.  After those individuals were identified, they were each directed to search all electronic as well as hardcopy materials in order to identify any materials that could plausibly fall within the scope of your limited requests.  As a result of this process, a significant volume of both electronic and hardcopy materials were supplied to me.  I, along with members of my litigation team, reviewed these materials to identify documents or materials that were, in fact, responsive to your requests, and also to determine which materials should be withheld on account of privilege.  All materials that have been identified as responsive have been produced to you, and all materials identified over which the Commission asserts a privilege have been reflected on our log of November 9, 2012.

With respect to the documents identified, documents from Bates ranges SEC-P 00068 through SEC-P 000499 are from the Division of Corporation Finance.  The custodians of these materials are Anne Krauskopf, Senior Special Counsel, and Carolyn Sherman, Special Counsel.  Email communications were reduced to hard-copy, so the dates of these materials are apparent from the documents themselves.  The dates of other materials is not clear, as these materials are maintained in hard copy format, but appear to be within the responsive period of 2002 through 2006. Documents from Bates ranges SEC-P 00500 through SEC-P 000519 are from the Office of Chief Accountant.  The custodian of the document that begins on SEC-P 00500 is Kevin Stout and the date of creation is July 25, 2006.  The custodian of the document that begins on SEC-P 00504 is Amy Hargrett and the date of creation is May 2, 2006.  The custodian of the document that begins on SEC-P 00505 is the OCA staff shared directory and the date of creation is June 2, 2004.  The custodian of the document that begins on SEC-P 00510 is Amy Hargrett and the date of creation is May 15, 2006.  The custodian of the document that begins on SEC-P 00514 is Kevin Stout and the date of creation is May 31, 2006. The custodian of the document that begins on SEC-P 00516 is the OCA staff shared directory and the date of creation is May 25, 2004.

With respect to your questions with respect to the Commission's privilege log, we have endeavored to produce to you materials that reflect communications by third parties to the Commission, as well as any response or statements made by the Commission to any third parties.

2

*See, e.g*., SEC-P 00085 – 00109.   In addition, we have endeavored to identify internal Commission statements where the Commission staff has attempted to compile or record a summary or narrative descriptions of third party communications.  *E.g,* SEC-P 000514-519.  We have, however, asserted privilege over materials which may contain factual statements by agency personnel pertinent to third party communications where those factual discussions are "so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations."  *Silverstein v. Federal Bureau of Prisons*, No. 07-cv-2471 (PAB/KMT), 2009 WL 4949959, at *7 (D. Colo. Dec. 14, 2009).  We believe this to be consistent with Judge Lungstrum's Order, which expressly provides that the "Court agrees that documents 'concerning' the SEC's final decisions might be privileged, . . . . The SEC may withhold any privileged documents that are responsive to defendant's narrowed requests (while adding such documents to its privilege log)."  Order at 14.  The current privilege log has identified those materials as directed by the Court.

Finally, you raise a question pertinent to the Commission's spreadsheet relative to how the Commission determined the percentages applied to various expenditures.  As you note, most of the expenditures that the Commission asserts to have been perquisites are attributed at 100% of the relevant amount.  However, with respect to a number of expenses, the Commission asserts that the expenditures are incident to Mr. Fraser's commuting expense.  Under those circumstances, the Commission has applied the commuting percentage calculated for the particular year, and attributed the commuting expense to the relevant expense.  In this respect, the Commission distinguishes Mr. Fraser's flight training, vacation and other like expenses from expenses incurred in the ordinary course of commuting.

Please contact me at (202) 551-4548 if you have any questions or concerns about this letter.

Sincerely,

David Williams

Encl:   A/S