**Peart Andre, Nicole**

| | |
|---|---|
| **From:** | Rabner, Nicole |
| **Sent:** | Thursday, December 20, 2012 4:25 PM |
| **To:** | Williams, David (WILLIAMSDAV@SEC.GOV) |
| **Cc:** | Valentine, John; Shoop, Kelly; Weissman, Andy; Zetlin-Jones, David |
| **Subject:** | SEC v. Kovzan -- follow-up |

Dave,

Thank you for your time today on our meet-and-confer. To memorialize our discussion, we discussed and agreed the following:

(1) Unfortunately, the parties have reached an impasse concerning the fundamental relevancy of Mr. Kovzan's Second Set of Requests for Admission and Third Set of Requests for Documents, and that question is therefore appropriate for the Court to decide. We made clear that Mr. Kovzan is willing to entertain proposals to mitigate any unreasonable burden the Commission may face should it be required to respond to these requests. You explained that the Commission has not searched and collected responsive documents (other than certain documents related to the OIG report cited in our requests), and that the privilege claims and Privacy Act assertions in your responses and objections are in effect placeholders to preserve the Commission's objections on those grounds if it is required to respond.

(2) You confirmed that in response to Requests 67-72 of Mr. Kovzan's First Set of Requests for Production, you searched the hard copy and electronic documents of all relevant Commission staff and those persons are still employed at the Commission.

(3) You agreed to expand the scope of your search for documents in response to Judge Lungstrum's order. Specifically, you agreed to identify any former employees from Corp Fin or OCA whose files may have responsive documents and conduct a search of those employees' electronic, email, and hard copy documents. You could not estimate how long this production would take and agreed to get back to us on that.

(4) You and we agreed to extend until January 16 the time for Mr. Kovzan to file any motion to compel on the Commission's production of documents in response to Judge Lungstrum's order (which the Commission may supplement in view of #3). We noted that we have continuing concerns about the adequacy of the Commission's Privilege Log related to its production of documents in response to Judge Lungstrum's order and intend to move to compel on those issues. You and we agreed that it would be more efficient for the court to hear at one time all issues related to the Commission's production of documents in response to Judge Lungstrum's order. After our meet-and-confer, you and we agreed on language for Mr. Kovzan's unopposed motion for extension, and we filed that motion earlier today.

(5) You noted that the Commission intends to file for protection from appearing for a Rule 30(b)(6) deposition (having considered our proposal for streamlining the topics).

(6) You agreed if feasible to provide us with a copy of the PwC productions to the SEC during the investigative phase in the form PwC produced them (which may be one or more Lotus Notes databases). You indicated you would get back to us on any issues and a timeframe.

Please let me know if any of this does not comport with your understanding of the substance of our discussion.

Regards,

Nicole

**Nicole Rabner | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6876 (t)
+1 202 663 6363 (f)
nicole.rabner@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.