IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN M. KOVZAN,<br><br>　　　　　　　　Defendant. | Civil No. 11-CV-2017 JWL/KGS |

**DECLARATION AND CERTIFICATION OF COMPLIANCE
<u>WITH FED. R. CIV. P. 37(A)(1) AND D. KAN. RULE 37.2</u>**

I, Kelly S. Shoop, declare as follows:

1.　　I am a counsel in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, co-counsel in this action for named defendant, Stephen M. Kovzan. The information contained herein is based on my personal knowledge.

2.　　Pursuant to Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 of the Rules of Practice of the United States District Court for the District of Kansas, I hereby certify that counsel for Mr. Kovzan and counsel for plaintiff Securities and Exchange Commission conferred in good faith in order to narrow and/or resolve the discovery disputes at issue in Mr. Kovzan's Fourth Motion To Compel with respect to the validity and sufficiency of plaintiff's privilege claims over documents withheld in response to Judge Lungstrum's October 10, 2012 Order ranting Mr. Kovzan's Motion For Review. (Dkt. No. 113)

3.　　On November 9, 2012, pursuant to Judge Lungstrum's October 10 Order, plaintiff served its Third Supplemental Responses and Objections to Mr. Kovzan's First Request for the

Production of Documents and Things. Plaintiff's document production consisted of three partially-redacted email chains from February and October 2006 and approximately 15 hard copy documents, the earliest of which appears to be dated sometime in 2002. As part of its response, plaintiff also provided a privilege log (the "November 9 Log") containing 68 entries describing documents dated between November 2002 and December 2006 that plaintiff withheld in full on the basis of deliberative process privilege, as well as two entries describing documents produced in redacted form.

4. The parties have conferred regarding plaintiff's Objections and Responses and the sufficiency of the information contained in plaintiff's November 9 Log.

5. Specifically, counsel for the parties participated in a phone conference of substantial length on November 30, 2012 regarding plaintiff's Objections and Responses, including the adequacy of the November 9 Log. The parties also exchanged written correspondence by email on December 4, 10 and 20, 2012 regarding the same. *See* Shoop Decl. ¶¶ 3-5.

6. Despite these good faith efforts, the parties have been unable to resolve significant issues regarding the sufficiency of plaintiff's privilege claims as reflected on the November 9 Log.

7. As set out in Mr. Kovzan's Memorandum of Law in Support of his Fourth Motion To Compel, the parties have fundamental disagreements on the adequacy and validity of plaintiff's invocation of the deliberative process privilege as reflected on the November 9 Log, making these issues appropriate for the Court to decide.

- 3 -

Signed under penalty of perjury this 16th day of January, 2013.

                                              /s/ Kelly S. Shoop
                                                 Kelly S. Shoop