| | |
|---|---|
| From: | Al Reynolds [al@nicusa.com] |
| Sent: | Monday, January 05, 2004 5:54 PM |
| To: | Eric Bur, Steve Kovzan |
| Subject: | Commuting and the IRS |
| Attachments: | Commuting IRS.doc |

Commuting IRS.doc
(28 KB)

Executive summary: Risk to company is low.

Reasoning:

Commuting expenses are NOT a deductible business expense and are considered by the IRS to be a personal expense. The risk to the company is that upon audit, payment of Jet travel to and from Wyoming may be considered commuting, the expenses would then be disallowed as a deduction. Given our NOL situation, we would not pay any additional tax, no cash impact.
However, we would take a hit in the deferred tax line and this would negatively impact book net income (depends on how large the adjustment is, but could be mitigated thru cushion release).

The key to assessing the risk is the definition of "commuting" and "regular place of work".

Commuting is defined by the IRS as travel from your residence to "your main or regular place of work". You cannot deduct commuting expenses no matter how far your home is from your regular place of work.

Travel outside of the regular place of work (not commuting) is considered a reasonable business expense and is deductible.

The determination of "main or regular place of work" is based on an analysis of time spent and level of business activity at each location. In our situation, the key is to define Jeff's "main or regular place of work". In order to disallow the Jet expense, the IRS would have to assert that Jeff's regular place of work is in Olathe Kansas or that he has no regular place of work.

I don't have enough information make the determination of where Jeff's regular place of work is. But its pretty simple, wherever Jeff does most of his work would be his regular place of business.

Realistically, I believe that the company would be able to show that Jeff's regular place of work is either a home office in Wyoming or an office in Jackson Wyoming and only spends a few days a month in Olathe. Given this assumption, his trips to Olathe would be deductible as they are away from his regular place of work. But again this would be based on an analysis of Jeff's business activity for a year.

Three things have to happen for this risk to become a real issue. 1. We have to be audited by IRS or state tax authority. 2. The issue has to be raised by the agent. 3. NIC would have to fail to show that Jeff's main place of work was in Wyoming.

Therefore, I believe the risk to the company to be LOW.

I've attached some exerpts of relevant publications for additional discussion and examples.

Let me know if you have questions or want to discuss,

1

KS EXHIBIT
2
Reynolds

NIC102794

CONFIDENTIAL TREATMENT REQUESTED BY NIC INC.

thanks, al

NIC102795

CONFIDENTIAL TREATMENT REQUESTED BY NIC INC.

**From IRS Publication 17 and Reg. 1.162**

**Travel expenses defined.** For tax purposes, travel expenses are the ordinary and necessary expenses (defined earlier) of traveling away from home for your business, profession, or job.

You will find examples of deductible travel expenses in *Table 28–1*.

### Traveling Away From Home

You are traveling away from home if:

1. Your duties require you to be away from the general area of your tax home (defined later) substantially longer than an ordinary day's work, and
2. You need to sleep or rest to meet the demands of your work while away from home.

This rest requirement is not satisfied by merely napping in your car. You do not have to be away from your tax home for a whole day or from dusk to dawn as long as your relief from duty is long enough to get necessary sleep or rest.

**Example 2.**

Your family home is in Pittsburgh, where you work 12 weeks a year. The rest of the year you work for the same employer in Baltimore. In Baltimore, you eat in restaurants and sleep in a rooming house. Your salary is the same whether you are in Pittsburgh or Baltimore.

Because you spend most of your working time and earn most of your salary in Baltimore, that city is your tax home. You cannot deduct any expenses you have for meals and lodging there. However, when you return to work in Pittsburgh, you are away from your tax home even though you stay at your family home. You can deduct the cost of your round trip between Baltimore and Pittsburgh. You can also deduct your part of your family's living expenses for meals and lodging while you are living and working in Pittsburgh.

### Tax Home

To determine whether you are traveling away from home, you must first determine the location of your tax home.

Generally, your tax home is your regular place of business or post of duty, regardless of where you maintain your family home. It includes the entire city or general area in which your business or work is located.

CONFIDENTIAL TREATMENT REQUESTED BY NIC INC.                                                                       NIC200427

If you have more than one regular place of business, your tax home is your main place of business. See *Main place of business or work,* later.

If you do not have a regular or a main place of business because of the nature of your work, then your tax home may be the place where you regularly live. See *No main place of business or work,* later.

If you do not have a regular place of business or post of duty and there is no place where you regularly live, you are considered a transient (an itinerant) and your tax home is wherever you work. As a transient, you cannot claim a travel expense deduction because you are never considered to be traveling away from home.

**Main place of business or work.** If you have more than one place of business or work, consider the following when determining which one is your main place of business or work.

1. The total time you ordinarily spend in each place.
2. The level of your business activity in each place.
3. Whether your income from each place is significant or insignificant.

### Example.

You live in Cincinnati where you have a seasonal job for 8 months each year and earn $25,000. You work the other 4 months in Miami, also at a seasonal job, and earn $9,000. Cincinnati is your main place of work because you spend most of your time there and earn most of your income there.

**No main place of business or work.** You may have a tax home even if you do not have a regular or main place of business or work. Your tax home may be the home where you regularly live.

***Factors used to determine tax home.*** If you do not have a regular or main place of business or work, use the following three factors to determine where your tax home is.

1. You perform part of your business in the area of your main home and use that home for lodging while doing business in the area.
2. You have living expenses at your main home that you duplicate because your business requires you to be away from that home.
3. You have not abandoned the area in which both your historical place of lodging and your claimed main home are located; you have a member or members of your family living at your main home; or you often use that home for lodging.

If you satisfy all three factors, your tax home is the home where you regularly live. If you satisfy only two factors, you may have a tax home depending on all

the facts and circumstances. If you satisfy only one factor, you are a transient; your tax home is wherever you work and you cannot deduct travel expenses.

**Example.**

You are single and live in Boston in an apartment you rent. You have worked for your employer in Boston for a number of years. Your employer enrolls you in a 12-month executive training program. You do not expect to return to work in Boston after you complete your training.

During your training, you do not do any work in Boston. Instead, you receive classroom and on-the-job training throughout the United States. You keep your apartment in Boston and return to it frequently. You use your apartment to conduct your personal business. You also keep up your community contacts in Boston. When you complete your training, you are transferred to Los Angeles.

You do not satisfy factor (1) because you did not work in Boston. You satisfy factor (2) because you had duplicate living expenses. You also satisfy factor (3) because you did not abandon your apartment in Boston as your main home, you kept your community contacts, and you frequently returned to live in your apartment. You have a tax home in Boston.

**Commuting expenses.** You cannot deduct the costs of taking a bus, trolley, subway, or taxi, or of driving a car between your home and your main or regular place of work. These costs are personal commuting expenses. You cannot deduct commuting expenses no matter how far your home is from your regular place of work. You cannot deduct commuting expenses even if you work during the commuting trip.

**Example 3.**

You have no regular office, and you do not have an office in your home. In this case, the location of your first business contact is considered your office. Transportation expenses between your home and this first contact are nondeductible commuting expenses. Transportation expenses between your last business contact and your home are also nondeductible commuting expenses. Although you cannot deduct the costs of these first and last trips, you can deduct the costs of going from one client or customer to another.

CONFIDENTIAL TREATMENT REQUESTED BY NIC INC.

NIC200429