IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>v.<br><br>STEPHEN M. KOVZAN,<br><br>               Defendant. | Civil No. 11-CV-2017<br>JWL/KGS |

**THE SEC'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO QUASH DEFENDANT
<u>STEPHEN KOVZAN'S RULE 30(b)(6) DEPOSITION NOTICE</u>**

<u>Of Counsel:</u>
Antonia Chion
(N.Y. Bar No. 1873405)
Lisa Weinstein Deitch
(California Bar No. 137492)
Holly A. Pal (D. C. Bar No. 490737)
Helaine Schwartz
(N.Y. Bar No. 1917046)
Securities And Exchange Commission

Jeffrey S. Kruske (Kansas Bar No. 20098)
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
Telephone: (785) 296-5215

A. David Williams (Cal. Bar 183854)
David S. Mendel (D.C. Bar 470796)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5546
E-mail: williamsdav@sec.gov
Phone: (202) 551-4548 (Williams)

Dated: February 4, 2013

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

INTRODUCTION ………………………………………………………………………1

    I.    DEFENDANT KOVZAN IS, IN FACT, SEEKING TO DEPOSE THE SEC'S COUNSEL, AND SHOULD NOT BE ALLOWED TO SO ...................3

    II.    THE SEC PROPERLY INVOKES THE DELIBERATIVE PROCESS PRIVILEGE.…………………………………………………………...………7

    III.    A RULE 30(b)(6) DEPOSITION WOULD BE INEFFICIENT……………….8

CONCLUSION…………………………………………………………………………..9

**TABLE OF AUTHORITIES**

**CASES**

*In re McKesson Governmental Entities Average Wholesale Price Litigation*,
  264 F.R.D. 595 (N.D. Cal. 2009) ................................................................................ 8

*SEC v. Buntrock*, 217 F.R.D. 441 (N.D. Ill. 2003) ........................................................... 4, 6

*SEC v. Kovzan*, 807 F. Supp. 2d 1024 (D. Kan. 2011) ......................................................... 2

*SEC v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011) .................................................. 3, 5

*SEC v. Merkin*, 283 F.R.D. 689 (S.D. Fla. 2012) ......................................................... 3, 4, 5

*SEC v. Merkin*, No. 11-23585, 2012 WL 5449464 (S.D. Fla. Aug. 13, 2012) ................... 5

*SEC v. Nacchio,* 614 F. Supp. 2d 1164 (D. Colo. 2009) ...................................................... 5

*SEC v. Rosenfeld*, No. 97-civ-1467, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997) ............ 4

*SEC v. SBM Investment Certificates, Inc.,* No. DKC 2006-0866,
  2007 WL 609888 (D. Md. Feb. 23, 2007) ................................................................ 3, 4

*United States v. Halifax Hospital Medical Center*, No. 6:09-cv-1002,
  2012 WL 3537070 (N.D. Fla. Aug. 14, 2012) ......................................................... 2, 5

*United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695 (S.D. Fla. 1990) ............... 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>STEPHEN M. KOVZAN,<br><br>                    Defendant. | Civil No. 11-CV-2017 JWL/KGS |

**THE SEC'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO QUASH DEFENDANT
STEPHEN KOVZAN'S RULE 30(b)(6) DEPOSITION NOTICE**

## INTRODUCTION

The Rule 30(b)(6) deposition notice served by defendant Stephen Kovzan ("Kovzan") seeks testimony that most courts do not permit. As set forth in Plaintiff Securities and Exchange Commission ("SEC")'s Memorandum of Law In Support Of Its Motion to Quash ("SEC Memo"), Kovzan seeks to depose the SEC's counsel and intrude on essential privileges, while avoiding a more efficient means of discovery. The SEC has thus sought a protective order under Rule 26(c). In its Opposition, Kovzan distorts the SEC's position and rehashes failed arguments. The SEC does not seek a blanket 30(b)(6) exemption. At the same time, in contrast to Kovzan's widely-rejected argument, the reference to "government agency" in

30(b)(6) does not entitle a party to examine counsel on otherwise privileged, burdensome or irrelevant topics. As one court recently explained:

> the point of all these [30(b)(6)] topics is to get the lawyers for the United States to disclose how they have interpreted and applied the law and government policies to the facts of this case. If the United States was required to produce a witness in response to these topics, it would necessarily have to provide its legal theories and positions on important issues. The United States would also have to reveal what facts its attorneys believe apply to these issues and how counsel intend to marshal the facts to support the United States' position.

*U.S. v. Halifax Hospital Medical Center*, No. 6:09-cv-1002, 2012 WL 3537070, at *4, (N.D. Fla. Aug. 14, 2012) (denying Defendants' motion to compel a 30(b)(6) deposition during prosecution of False Claims Act and other violations). Kovzan argues that his matters for examination skirt such protected material. This argument is hardly novel. Like so many defendants before him, Kovzan hopes that artful drafting will win him the authority to root around in the preparation and execution of the SEC's case. Most courts have seen through this approach, refusing to allow such an expedition. *See, e.g., id.* (noting that defendant's artful use of the word "factual" in the topics "is of no consequence"); *see* SEC's Memo at 6-7. The SEC respectfully asks that the Court do the same here.[1]

---

[1] In the Court's August 4, 2011 opinion denying Kovzan's motion to dismiss, *SEC v. Kovzan*, 807 F.Supp.2d 1024 (D.Kan. 2011), the Court found that the "continuing violation doctrine" made "[d]enial of defendant's limitations argument . . . appropriate," and added that "the Court will recognize the continuing violation doctrine for purposes of this case." *Id.* at 1035-36. The continuing violation doctrine holds that "if the alleged unlawful practice continues into the limitations period, the complaint is timely if filed within the required limitations period . . . measured from the end of that practice." *Id.* at 1035. In light of that opinion, the SEC will no longer pursue its argument that the limitations period was tolled based on the "discovery rule" or Kovzan's "fraudulent concealment." As a result, matters for examination 12-17, which concern Kovzan's argument that the alleged conduct should have been discovered prior to the limitations period, are now moot.

2

## I.   DEFENDANT KOVZAN IS, IN FACT, SEEKING TO DEPOSE THE SEC'S COUNSEL, AND SHOULD NOT BE ALLOWED TO DO SO

As explained in SEC's Memo at 6-8 and 11-16, Kovzan hopes to examine the SEC's counsel. Kovzan's matters for examination either require an intimate knowledge of the SEC's investigation and litigation strategy or, at a minimum, the ability to testify on internal deliberations or legal guidance. Kovzan tries to argue his way out of this in four ways: first, by claiming that the SEC could designate "one attorney, multiple attorneys, or no attorneys at all," Def. Opp'n at 10 (docket 157); second, by resorting to generalities about discovery under Rules 26 and 30; third, by insisting that the information it wants is not protected; and finally, by arguing that to the extent work-product and deliberative privileges are implicated, the SEC could simply object during the deposition. These arguments largely avoid direct precedent for a reason: nearly every court to consider similar arguments has refused to allow a 30(b)(6) deposition on the SEC.[2] *See* SEC's Memo at 6-7 and 12-14.

Kovzan relies heavily on two opinions requiring the SEC to produce a 30(b)(6) deponent: *SEC v. Merkin*, 283 F.R.D. 689 (S.D.Fla. 2012) and *SEC v. Kramer*, 778 F.Supp.2d 1320 (M.D.Fla. 2011). *See* Def. Opp'n at 1, 6, 8, 14, 20, 24 and 26. In *Merkin*, the court drew a conceptual distinction between "facts underlying their opponent's claims and defenses," on the one hand, and "the origin of those facts or how those facts were selected or ordered," on the other. 283 F.R.D. at 697-98 (quoting with approval *U.S. v. Pepper's Steel & Alloys, Inc.,* 132 F.R.D. 695, 698 (S.D.Fla. 1990)). In the court's view, the former was a proper subject for

---

[2] For example, Kovzan proclaims at length on parties' obligations under Rule 26(b), the standards for a protective order under Rule 26(c), and related issues under Rule 30. While collecting far-flung authority, Kovzan omits that numerous courts have already found the SEC to be entitled to a protective order under Rule 26(c) in response to a defendant's 30(b)(6) deposition notice. *See, e.g., SEC v. SBM Inv. Certificates, Inc.*, No. DKC 2006-0866, 2007 WL 609888, at **20-26 (D.Md. Feb. 23, 2007).

3

discovery, while the latter would violate the Commission's privileges. *See also Kramer*, 778 F.Supp.2d at 1328 (permitting the defendant to "discover only the facts underlying the claim against him and not the mental impressions of Commission counsel.")

As other courts have recognized, however, the *Merkin* distinction has little meaning in this context. Because the SEC is an investigating, law enforcement agency, it lacks independent knowledge of the facts. Any questions on the "facts" require the SEC to disclose its opinion on what facts are relevant, how those facts support its claims and what it believes the governing statutes require it to show.[3] As a result, courts have consistently shielded the SEC from being deposed. *See, e.g., SEC v. SBM Inv. Certificates, Inc.*, No. DKC 2006-0866, 2007 WL 609888, at *25 (D.Md. Feb. 23, 2007) ("The SEC, a law enforcement agency . . . has no independent knowledge of Defendants' financial affairs. Therefore, only the results of the SEC's investigation could be inquired into in a Rule 30(b)(6) deposition, and such inquiry would inevitably and improperly invade the work product of SEC investigating attorneys."); *SEC v. Buntrock*, 217 F.R.D. 441, 445-46 (N.D.Ill. 2003) ("[I]t becomes clear that Buntrock is after more than just 'facts.' Buntrock is seeking to discover the SEC's theories as to the underlying facts, how it intends to marshal those facts, and its belief as to inferences that may be drawn from those facts."); *SEC v. Rosenfeld*, No. 97-civ-1467, 1997 WL 576021, at **2-3 (S.D.N.Y. Sept. 16, 1997) ("[S]ince the investigation was conducted by the SEC attorneys, preparation of the witness would include disclosure of SEC attorneys' legal and factual theories . . . and their

---

[3] This is going to be true no matter who the SEC designates. Despite Kovzan's repeated argument that the SEC need not designate trial counsel, it is trial and investigative counsel that will by definition need either to prepare a witness or appear themselves. As courts have recognized, simply designating someone else does not insulate the SEC from the risk of disclosing privileged material. *See, e.g., SBM*, 2007 WL 609888, at *24; *SEC v. Rosenfeld*, No. 97-civ-1467, 1997 WL 576021, at **2-3 (S.D.N.Y. Sept. 16, 1997).

4

opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product.").

These prudent rulings do not amount to a blanket privilege. They simply reflect the reality that, in the context of law enforcement litigation, a deposition purely on the "facts" would be useless, redundant and inefficient,[4] while an intrusion on privileged material would be almost unavoidable. Indeed, it is on these grounds that a court recently *criticized and rejected* the *Merkin* and *Kramer* logic. In *Halifax Hospital*, the court reasoned that:

> Some courts, in similar circumstances, have suggested that the United States should produce a witness and then counsel can interpose objections and instruct the witness not to answer when appropriate. *Merkin*, 2012 WL 2899387, at *5; *SEC v. Kramer*, 778 F.Supp.2d [at] 1328 . . . This approach risks the disclosure of privileged information, it would increase the burden on the United States to prepare a witness, and it would increase the burden on this Court which would likely have to make many otherwise unnecessary decisions about issues of work product privilege.

2012 WL 3537070, at *5. In short, Kovzan's reliance on *Merkin* and *Kramer* undermines his position. The conceptual distinction the *Merkin* court draws has no application here. Because the SEC lacks first-hand knowledge of the facts, there is no meaningful boundary between fact and other types of testimony. A 30(b)(6) deposition would be inefficient and unfair.[5]

---

[4] As the Magistrate Judge in *SEC v. Nacchio* put it: "to require the SEC to marshal facts would literally require some person to spend untold weeks if not months learning this case. That's inefficient in the extreme. . . [I]t almost becomes a quiz. Can you recite by rote all of the facts in excruciating detail for the allegations in paragraph 132 or 147. . .?" 614 F.Supp.2d 1164, 1177 (D.Colo. 2009) (quoting the Magistrate opinion, and overruling defendant's objections thereto).

[5] The Magistrate Judge who authored the *Merkin* opinion may have come to regret it. During the deposition, counsel for the SEC gave a vast number of instructions not to answer. In response to Merkin's subsequent motion to compel, the Magistrate soundly criticized counsel's questions, and upheld the SEC's refusal to answer on all but a handful of questions, which only went to basic facts. *SEC v. Merkin,* No. 11-23585, 2012 WL 5449464, at **2-3 (S.D. Fla. August 13, 2012).

Further, Kovzan's Opposition confirms that his true intent is to depose the SEC on protected topics. He claims to respect the SEC's privileges, stating that he "has no desire to inquire into how the SEC developed its litigation position." Def. Opp'n at 16. However, he justifies his matters for examination by insisting that he be able to explore "what plaintiff believes," "what plaintiff meant," "the bases for plaintiff's written discovery responses," the "basis" for legal interpretations, "the meaning and purpose of its regulations and guidance," the "definition of terms," "how the SEC would apply each of these tests to its allegations in this case," and an explanation of *why* an event did not occur. *See* Def. Opp'n at 10-12, 22-23, 25-26. These topics intrude on what the SEC thinks, and are intended to discover much more than the underlying facts. Moreover, while Kovzan wishes to explore "what plaintiff contends its positions and the facts are," Def. Opp'n at 16, courts find that a Rule 30(b)(6) deposition is an inefficient and risky way to explore those contentions, precisely for the reasons set forth above: the unavoidable forays into privileged material, the burden and unfairness of trial counsel either having to appear or prepare witnesses, and the inefficiency when interrogatories could easily convey the discoverable facts. *See* SEC's Memo at 12-14.

Kovzan is not really interested in basic underlying facts or simple contentions, which have either already been disclosed, or are readily available; he wants to explore why Plaintiff believes what it does, and why it has proceeded as it has. The court's analysis in *Buntrock* is thus highly relevant. The court found that:

> Buntrock himself betrays the true nature of the discovery he seeks. . . . Buntrock argues that he is entitled to discovery of the 'facts' . . . . But after a close reading of Buntrock's submissions . . . it becomes clear that . . . . Buntrock is seeking to discover the SEC's theories as to the underlying facts, how it intends to marshal those facts, and its belief as to the inferences that may be drawn from those facts.

6

217 F.R.D. 445-46. The court elaborates, noting that, as in this case, "the 'facts' – if that is truly what Buntrock is after – are available elsewhere and through other means. . . . Buntrock seeks knowledge a step beyond 'factual knowledge alone;' he seeks . . . what the SEC's attorneys brought to bear having discovered those facts." *Id*. at 446. The court refused to indulge such an improper inquiry, quashing Buntrock's Rule 30(b)(6) subpoena. The situation here tightly parallels that in *Buntrock*. Plaintiff respectfully asks for the same result.

## II.   THE SEC PROPERLY INVOKES THE DELIBERATIVE PROCESS PRIVILEGE

Kovzan attacks Plaintiff's invocation of the deliberative process privilege in much the same way – by arguing that it seeks only non-privileged objective facts and that Plaintiff can interpose objections in the deposition. *See* Def. Opp'n at 18-19, 23. The matters for examination, however, speak for themselves: as described in SEC's Memo at 14-16, the SEC cannot possibly explain, analyze and chronicle its regulatory history and deliberative process without disclosing privileged material. Kovzan does not directly contest Plaintiff's argument. Rather, he argues, at length, that it is premature to invoke the privilege, that Plaintiff's claim is, in places, overbroad, and that Plaintiff has not made an adequate showing.

Kovzan grounds his arguments in the idea that "the government's own decisionmaking process or violation of a party's due process right is at issue." Def. Opp'n at 17. That premise is deeply flawed. The issue in this case is Kovzan's decision to omit, mis-state, and conceal material information he had a duty to disclose – conduct that persisted despite repeated, specific warnings that it was improper. The SEC is not on trial. The rules that applied to Kovzan, and the SEC's official comments thereon, are public. The burden is on Kovzan to justify a foray into material even he agrees is likely privileged, not on Plaintiff to painstakingly specify privileged material that is in many cases over three decades old.

7

Kovzan's attempts an end-run around the deliberative process privilege by accusing the SEC of laying some type of regulatory trap to ensnare accounting executives. *See* Def. Opp'n at 18. The "evidence" of this purported scheme is, in Kovzan's view, that the SEC has been too "oblique" or non-specific in its guidance. *Id*. at n.10. That is an exceptionally weak basis on which to seek privileged testimony. The SEC's rules are not "at issue" simply because a serial wrongdoer considers them to be too "oblique," or because an attack on those rules is "essential" to Kovzan's "core defenses" for unlawful conduct. *Id*. at 22-23. The very factors Kovzan claims warrant a foray into privileged testimony actually counsel strongly in Plaintiff's favor. *See* Def. Opp'n at 22, quoting *In re McKesson Governmental Entities Average Wholesale Price Litig.,* 264 F.R.D. 595, 601 (N.D. Cal. 2009). The evidence sought is likely irrelevant, otherwise available, and is being sought from an agency that is simply enforcing publicly-disclosed laws. Testimony on topics 2-11 and 18 would be the quintessential fishing expedition. Plaintiff thus respectfully asks that the SEC's deliberative process privilege be respected.

### III.   A RULE 30(b)(6) DEPOSITION WOULD BE INEFFICIENT

Plaintiff has explained that there are more efficient and equitable means for Kovzan to acquire information to which he may be entitled. *See* SEC's Memo at 16-19. The scope and historical depth of Kovzan's topics would create a true "memory test" situation, while risking incorrect factual answers and, as set forth above, an intrusion on privileged material. Kovzan claims, in response, that Plaintiff is attempting to "dictate" his discovery methods. Def. Opp'n at 26. Nothing could be farther from the truth. Plaintiff is merely trying to suggest the most efficient means to provide the information that Kovzan is actually entitled to discover.

The flaws in Kovzan's position are two-fold: he is actually seeking privileged information, and he intends to proceed as if the SEC is an "ordinary litigant." *See* Def. Opp'n at

8

27. As set forth in sections I and II above, however, the scope of Kovzan's permissible discovery is limited to facts and basic contentions. It serves no purpose to take weeks to prepare witnesses to recite facts that are either already disclosed or buried in history, subject those witnesses to a deposition certain to feature innumerable objections and instructions not to answer, and then litigate those instructions, when Kovzan could simply get discoverable information by way of interrogatories.

## CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court enter a protective order quashing Kovzan's Rule (30)(b)(6) Notice of Deposition, and precluding Kovzan from conducting such a deposition.

Dated: February 4, 2013                                  Respectfully submitted,

/s/ Jeffrey S. Kruske
Jeffrey S. Kruske (Kansas Bar No. 20098)
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
Telephone: (785) 296-5215


David Williams (Cal. Bar 182854)
David Mendel (D.C. Bar No. 470796)
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5546
Phone: (202) 551-4858

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, the foregoing Reply in Support of Plaintiff's Motion To Quash Defendant Steven M. Kovzan's Rule 30(b)(6) Deposition Notice with the Clerk of Court via the CM/ECF system, causing it to be served on Defendant's counsel of record.

                                                   _/s/ Jeffrey S. Kruske_____
                                                   Jeffrey S. Kruske (Kansas Bar No. 20098)

                                                   Office of the Securities Commissioner
                                                   109 SW 9th Street, Suite 600
                                                   Topeka, KS 66612
                                                   Telephone: (785) 296-5215