# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### KANSAS CITY DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

STEPHEN M. KOVZAN,

Defendant.

Civil No. 11-CV-2017 JWL/KGS

ORAL ARGUMENT
REQUESTED

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## STEPHEN M. KOVZAN'S FOURTH MOTION TO COMPEL

Andrew B. Weissman (*pro hac vice*)
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)
J. David Zetlin-Jones (*pro hac vice*)
Kelly S. Shoop (*pro hac vice*)

WILMER CUTLER PICKERING HALE AND
 DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.        KS # 78029
Maxwell Carr-Howard    KS # 21042
Lyndsey J. Conrad         KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

## TABLE OF CONTENTS

Page:

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT ...............................................................................................................2

I.     PLAINTIFF FAILED TO INVOKE PROPERLY ITS CLAIMS OF
DELIBERATIVE PROCESS PRIVILEGE. ........................................................2

    A.     PLAINTIFF'S SUPPORTING DECLARATIONS ARE INSUFFICIENT
AND UNTIMELY ......................................................................................3

    B.     PLAINTIFF HAS NOT DEMONSTRATED THAT EACH OF THE
WITHHELD DOCUMENTS IS PREDECISIONAL AND DELIBERATIVE ............7

    C.     PLAINTIFF HAS NOT SUPPORTED ITS CLAIM THAT ALL
FACTUAL MATERIAL IS "INEXTRICABLY INTERTWINED" WITH
DELIBERATIVE MATERIAL ....................................................................10

II.    IF THE COURT CONCLUDES THE PAPERS THEMSELVES DO NOT
JUSTIFY AN ORDER COMPELLING PRODUCTION, *IN CAMERA* REVIEW IS
APPROPRIATE. ...........................................................................................17

CONCLUSION...........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Archer v. Cirrincione*,
    722 F. Supp. 1117 (S.D.N.Y. 1989)..............................................................................13, 17

*Baker & Hostetler v. Dep't of Commerce*,
    473 F.3d 312 (D.C. Cir. 2006) ............................................................................................12

*Bloomberg, L.P. v. SEC*,
    357 F. Supp. 2d 156 (D.D.C. 2004) ....................................................................................12

*Brennan Ctr. for Justice at N.Y. Univ. Sch. Of Law v. United States*,
    697 F.3d 184 (2d Cir. 2012)................................................................................................17

*Carter, Fullerton & Hayes LLC v. FTC*,
    520 F. Supp. 2d 134 (D.D.C. 2007) ....................................................................................16

*Cities Service Co. v. FTC*,
    627 F. Supp. 827 (D.D.C. 1984) ...................................................................................13, 17

*Cobell v. Norton*,
    213 F.R.D. 1 (D.D.C. 2003).........................................................................................3, 7, 17

*Earthworks v. Dep't of Interior*,
    279 F.R.D. 180 (D.D.C. 2012)..............................................................................................4

*EPA v. Mink*,
    410 U.S. 73 (1973)..............................................................................................................10

*Feshbach v. SEC*,
    5 F. Supp. 2d 774 (N.D. Cal. 1997) ....................................................................................16

*Harvey's Wagon Wheel, Inc. v. NLRB*,
    550 F.2d 1139 (9th Cir. 1976) ............................................................................................18

*In re MBTE Products Liab. Litig.*,
    643 F. Supp. 2d 439 (S.D.N.Y. 2009).......................................................................5, 8, 10

*In re McKesson Govt. Entities Average Wholesale Price Litig.*,
    264 F.R.D. 595 (N.D. Cal. 2009).....................................................................................4, 15

*Info Network for Responsible Mining v. BLM*,
    611 F. Supp. 2d 1178 (D. Colo. 2009)..........................................................................16, 17

*Keenan v. Colorado Dep't of Human Services*,
    No. 05-cv-01933-WDM-MEH, 2006 WL 3469518 (D. Colo. Nov. 30, 2006).......................13

*Kerr v. United States Dist. Court for Northern Dist. Of California*,
   426 U.S. 394 (1976)........................................................................................18

*Montrose Chemical Corp. v. Train*,
   491 F.2d 63 (D.C. Cir. 1974) .........................................................................14

*Morrissey v. City of New York*,
   171 F.R.D. 85 (S.D.N.Y. 1997) ........................................................................4

*Northrop Corp. v. McDonnell Douglas Corp.*,
   751 F.2d 395 (D.C. Cir. 1984).........................................................................3

*Pac. Fisheries, Inc. v. United States*,
   539 F.3d 1143 (9th Cir. 2008) .......................................................................17

*Price v. County of San Diego*,
   165 F.R.D. 614 (S.D. Cal. 1996) ....................................................................16

*Resolution Trust Corp. v. Diamond*,
   137 F.R.D. 634 (S.D.N.Y. 1991) ......................................................................5

*SEC v. Collins & Aikman*,
   256 F.R.D. 403 (S.D.N.Y. 2009) ..................................................3, 6, 7, 9, 10, 18

*SEC v. Nacchio*,
   No. 05-480, 2009 WL 211511 (D. Colo. Jan. 29, 2009) ...................................7, 18

*SEC v. Sentinel Management Group, Inc.*,
   No. 07 C 4684, 2010 WL 4977220 (N.D. Ill. Dec. 2, 2010) ................................15

*Trentadue v. Integrity Committee*,
   2006 U.S. Dist. LEXIS 26847 (D. Utah 2006) .....................................................17

*Trentadue v. Integrity Committee*,
   501 F.3d 1215 (10th Cir. 2007) ...........................................7, 9, 10, 11, 12, 14, 17

*Williams v. Sprint/United Mgmt. Co.*,
   No. 03-2200-JWL-DJW, 2006 WL 266599 (D. Kan. Feb. 1, 2006) .........................3

OTHER AUTHORITIES

17 C.F.R. § 200.30-7......................................................................................6

Defendant Stephen M. Kovzan respectfully submits this Reply Memorandum of Law in Support of his Fourth Motion To Compel.

## PRELIMINARY STATEMENT

Plaintiff's Opposition does nothing to elucidate or substantiate its sweeping claims of deliberative process privilege as a basis to withhold documents responsive to Mr. Kovzan's requests.  Plaintiff offers conclusory assertions – including that the withheld documents are "situated in the realm of the indisputably privileged" – without supplying anything but the most conclusory evidentiary support and without justifying its position that plainly factual material contained in those documents cannot be segregated and produced.  Opposition at 8 (Dkt. No. 161).

The three supporting declarations plaintiff attached to its Opposition are untimely and fail to meet the requirements of the law governing the assertion of the deliberative process privilege. The law makes clear that this privilege may be invoked only by the head of the government agency or a designated subordinate.  Despite the fact that Judge Lungstrum ordered plaintiff to supply a privilege log substantiating any privilege claims, *see* October 10 Order at 14 (Dkt. No. 113), plaintiff failed to do so.  As an initial matter, plaintiff has claimed protection under the deliberative process privilege since November 9, 2012.  Yet the Murphy Declaration attached to plaintiff's Opposition makes clear that the SEC formally asserted the deliberative process privilege only as of January 29, 2013 – one day before plaintiff filed its Opposition.  *See* Plf.'s Ex. F (Dkt. No. 161-6).  Mr. Kovzan should not be forced to file a motion to compel in order for plaintiff to comply with basic requirements of the law.

More important, neither plaintiff's Opposition nor any of its three supporting declarations supply the substantiation required by the law for invoking the deliberative process privilege.

Specifically, plaintiff fails to support that each document it withheld contributed in some way to a subsequent agency decision.  Plaintiff also fails to explain why the factual information contained in those documents – including statements and views expressed by third parties plainly recorded in withheld memoranda and notes – cannot be segregated and produced.

Because plaintiff's deliberative process privilege claims are insufficient under the law, Mr. Kovzan respectfully requests that this Court enter an order requiring plaintiff to produce promptly all documents on its November 9 Log.  In the alternative, Mr. Kovzan requests that the Court conduct an *in camera* review of the documents on plaintiff's November 9 Log and require plaintiff to produce all segregable factual material contained in those documents.

## ARGUMENT

**I.    PLAINTIFF FAILED TO INVOKE PROPERLY ITS CLAIMS OF DELIBERATIVE PROCESS PRIVILEGE.**

In its Opposition, plaintiff contends that through the attached declaration signed by Elizabeth Murphy, Secretary of the Commission ("Murphy Declaration"), it adequately invoked the deliberative process privilege for the documents on its November 9 Log, *see* Opposition at 16 (Dkt. No. 161); that it has supplied adequate justification for its invocation of the privilege, *see id*. at 7-8; and that it has shown that any factual material in the withheld documents is inextricably intertwined with the deliberative sections of those documents, *see id*. at 14; *see also* Def.'s Ex. 3 at 3 (Dkt. No. 153-3).  None of these contentions is correct.[1]

---

[1]    Plaintiff asserted by way of background that it produced to Mr. Kovzan the "entirety" of various communications maintained by the Commission in response to Judge Lungstrum's October 10 Order.  *See* Opposition at 4 (Dkt. No. 161).  This is plainly incorrect.  As Mr. Kovzan explained in his Opening Brief, on December 20, 2012, plaintiff agreed to expand its search for responsive materials based on Mr. Kovzan's complaint that plaintiff's search was unreasonably narrow.  *See* Def.'s Memo. in Support of Fourth Motion To Compel at 6 n.6 (Dkt. No. 152).  Mr. Kovzan has not received any documents from plaintiff based on this expanded search.

### A.      Plaintiff's Supporting Declarations Are Insufficient and Untimely.

Plaintiff relies on three declarations it appended to its Opposition to support its assertions of deliberative process privilege,[2/] but those declarations are insufficient as a matter of law and untimely.  As a threshold matter, plaintiff fails to establish that the deliberative process privilege was properly invoked by "the head of an agency or a designated subordinate."  *See SEC v. Collins & Aikman*, 256 F.R.D. 403, 416 n. 77 (S.D.N.Y. 2009); *see also Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 405 n.11 (D.C. Cir. 1984) ("Assertion of the deliberative process privilege, like the state secrets privilege, requires a formal claim of privilege by the head of the department with control over the information."); *Cobell v. Norton*, 213 F.R.D. 1, 7 (D.D.C. 2003) (holding that to invoke the privilege, agency must provide:  "(1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) a detailed specification of the information for which the privilege is claimed,

---

[2/]      Plaintiff has asserted the attorney-client privilege, in addition to deliberative process privilege, over ten documents on its November 9 Log.  *See* Opposition at 15 (Dkt. No. 161); Def.'s Ex. 2 (Dkt. No. 153-2).  As Mr. Kovzan explained in his opening brief, plaintiff did not provide in its log any indication as to which portions of the referenced documents rely on the attorney-client privilege as a basis for disclosure and whether any of the documents contain segregable, non-protected facts.  *See* Def.'s Memo. in Support of Fourth Motion To Compel at 11 n.10 (Dkt. No. 152).  Plaintiff's Opposition provides no additional clarity.  To the extent plaintiff relies on the attorney-client privilege to shield factual material from discovery, plaintiff's claim is contrary to law, since the attorney-client privilege shields only communications, not facts.  *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 WL 266599, at *7 (D. Kan. Feb. 1, 2006) ("[A] party cannot shield documents and/or facts from disclosure by combining them or interlacing them with privileged material; nonprivileged underlying factual information must be disclosed and the log must be specific enough for the Court and the opposing party to determine into which category the information falls.").  For example, plaintiff claims both attorney-client and deliberative process privilege over internal memoranda summarizing a June 24, 2004 meeting on corporate transparency with a number of third parties, including the Greenlining Institute.  *See* Def.'s Ex. 2 (Dkt. No. 153-2).  It seems implausible that memoranda of these meetings contain no segregable facts.

along with an explanation why it properly falls within the scope of the privilege"). Here, plaintiff failed to provide any evidence that the Chairman of the SEC or a properly designated subordinate actually reviewed the documents on the November 9 Log and considered the potential privilege claims personally.

The Murphy Declaration attached to plaintiff's Opposition describes no personal review of the withheld materials by Ms. Murphy. Instead, Ms. Murphy purports to invoke the privilege on behalf of the Commission on the basis of the views of an unnamed Associate General Counsel. *See* Plf.'s Ex. F (Dkt. No. 161-6). The Murphy Declaration does not represent that the Associate General Counsel personally reviewed each of the withheld documents, only that he gave "personal consideration to the matter." *See id.* This is insufficient. *See Earthworks v. Dep't of Interior*, 279 F.R.D. 180, 193 (D.D.C. 2012) (concluding that agency failed to invoke the deliberative process privilege in part because supporting declaration from agency division chief provided "no indication whatsoever that he has *personally reviewed* the documents and that, based on his assessment, they are protected by the deliberative process privilege") (emphasis added); *In re McKesson Govt. Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal. 2009) ("Generally, the deliberative process privilege may be invoked only by the agency head after *personally reviewing* the documents for which the privilege is asserted.") (emphasis added); *Morrissey v. City of New York*, 171 F.R.D. 85, 89 n.3 (S.D.N.Y. 1997) (noting that government failed to invoke the privilege where "the head of the [agency] did submit an affidavit, but nowhere is it stated that he *personally reviewed* the documents in question in order to determine that the privilege was applicable") (emphasis added).

Further, even if the unnamed Associate General Counsel did personally review each of the documents on the November 9 Log (which the Murphy Declaration nowhere indicates),

courts have criticized an agency's delegation of authority to a lawyer for the agency because that "attorney is an advocate for the agency and has every incentive to withhold documents from an adversary." *See In re MBTE Products Liab. Litig*., 643 F. Supp. 2d 439, 443 (S.D.N.Y. 2009). The court in *In re MBTE* provided an instructive explanation of the underlying policy reasons for this:

> The requirement that the head of an agency be the deciding authority rests on the notion that the decisionmaker is in the best position to know what documents were prepared to assist a decision, what documents express deliberative opinions, and what documents must be protected in order to maintain internal candor. An attorney outside of the decisionmaking process – or at least below its apex – lacks the necessary perspective to assess the applicability of the privilege to individual documents.
>
> ...
>
> Although a high-level agency official is more likely to be involved in the decisionmaking process, [the assistant commissioner of the agency] is still not empowered to assert the deliberative process privilege.  That power may be delegated from the head of a government agency only through the promulgation of official guidelines.  This is not a mere formality.  The assertion of the deliberative process privilege reflects a deviation from the norm of full transparency in litigation; thus it should only be exercised by the head of an agency or through tightly controlled delegation. The burden imposed by these requirements is not without salutary effects, as transaction costs deter reflexive assertion of the privilege and unnecessary government secrecy.

*Id.*; *see also Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991) (head of the agency may delegate the power to invoke the privilege to a subordinate with high authority only if "the head of the agency issues guidelines on the use of the privilege," and "assertion of the privilege by an attorney is therefore improper").  The Murphy Declaration cites no official guideline or regulation delegating to the Secretary of the Commission the authority to invoke deliberative process privilege on behalf of the agency, and the general regulation addressing

powers delegated to the Secretary is silent on the issue.  *See* 17 C.F.R. § 200.30-7.  Plaintiff's purported invocation of the privilege by Ms. Murphy based on the say-so of an unnamed Associate Attorney General (who may not have reviewed the materials) under unspecified criteria is thus insufficient.

Plaintiff's declarations also are untimely.  Two of the declarations were signed the *very day* plaintiff filed its Opposition.  *See* Plf.'s Ex. G (Dkt. No. 161-7); Plf.'s Ex. H (Dkt. No. 161-8).  And the Murphy Declaration, which unlike the others actually purports to invoke the privilege on behalf of the SEC, was executed *the day before plaintiff filed its Opposition*.  *See* Plf.'s Ex. F (Dkt. No. 161-6).  On its face, Ms. Murphy's declaration establishes that the SEC did not purport to invoke the privilege formally when its lawyers asserted it.  Instead, it waited until the day before plaintiff's Opposition to Mr. Kovzan's Fourth Motion To Compel was filed.  Ms. Murphy expressly stated, "[o]n January 29, 2013, the Commission … determined … to assert the deliberative process privilege as to the documents sought by defendant."  *See id.*  Thus, there can be no dispute that in November 2012, when plaintiff supplied its privilege log listing the materials that were withheld on the basis of deliberative process privilege, and during the parties' subsequent communications on these issues, the Commission had made no formal decision to assert the privilege.  Mr. Kovzan should not have to seek court intervention before plaintiff follows basic and well-established requirements for invoking privileges available only to government agencies.  *See, e.g., Collins & Aikman*, 256 F.R.D. at 416 ("Although the SEC's letter provides additional explanation for the assertion of privilege to broad categories of documents, it should not be necessary for a party to seek court intervention in order to receive sufficient information to assess the strength of an adversary's privilege claim.").

**B.**     **Plaintiff Has Not Demonstrated that Each of the Withheld Documents Is Predecisional and Deliberative.**

Plaintiff concedes that it bears the burden of demonstrating that the documents on its November 9 Log are both predecisional and deliberative, *see* Opposition at 7-8 (Dkt. No. 161), but it falls short of making either required evidentiary showing.

Plaintiff argues that all of the withheld documents are "inarguably pre-decisional" because they "pre-date pertinent rulemakings identified in the column 'basis of privilege assertion.'"  Opposition at 8 (Dkt. No. 161).  The law requires more than this conclusory assertion.  A document is considered predecisional only if plaintiff can demonstrate that it was "prepared in order to assist an agency decisionmaker in arriving at his decision."  *Trentadue v. Integrity Committee*, 501 F.3d 1215, 1227 (10th Cir. 2007).  Plaintiff must "pinpoint" a specific agency decision facing the agency to which the document contributed.  *See, e.g., Collins & Aikman*, 256 F.R.D. at 416; *Cobell v. Norton*, 213 F.R.D. at 4 ("[T]o approve exemption of a document as predecisional, a court must be able to pinpoint an agency decision or policy to which the document contributed."); *SEC v. Nacchio*, No. 05-480, 2009 WL 211511, at *3 (D. Colo. Jan. 29, 2009) (documents must relate to a specific decision in order to qualify as predecisional).

Plaintiff's "Basis of Privilege Assertion" set out on its November 9 Log does not tie any document to the specific rulemaking cited, but instead asserts obliquely that the documents "reflects SEC staff opinions, assessments, and analysis *relating to legal/policy matters* bearing on the Commission's decision to adopt these final amendments."  *See* Def.'s Ex. 2 (Dkt. No.

153-2) (emphasis added).  With very few exceptions,[3] one cannot tell from the information

provided – and plaintiff's Opposition brief does not elucidate – whether the withheld documents

actually contributed to the cited rulemaking or instead relate to other undefined "legal/policy

matters" that in turn bear on those rulemakings.  The Murphy Declaration offers no more

precision, stating only that the unnamed Associate General Counsel determined that the

documents "include intra-governmental communications, including advice, evaluations, opinions

and recommendations of the legal staff of the Commission which pre-date determinations of the

Commission and its staff regarding rulemaking, promulgation of regulatory guidance,

investigation, potential enforcement, and potential criminal referral."[4]  *See* Plf.'s Ex. F at 2 (Dkt.

No. 161-6).  Plaintiff's ambiguous statements do not meet the legal test for designating a

document as predecisional.  *See In re MBTE*, 643 F. Supp. 2d at 444 (rejecting city agency's

---

[3]      A few of the entries on plaintiff's log describe "Draft Proposed Rule" or "Draft Action
Memoranda," each dated relatively close in time to the public release of plaintiff's proposed
amendments to Item 402 of Regulation S-K.  *See* Def.'s Ex. 2 (Dkt. No. 153-2).  For the reasons
stated in his Opening Brief and herein, plaintiff has neither properly invoked the deliberative
process privilege as to these entries nor explained why factual material contained in those
memoranda cannot be produced with appropriate redactions of deliberative material.  In contrast,
the majority of items on plaintiff's November 9 Log either describe meetings with third parties
or leave the basis for the privilege claim unclear.

[4]      Plaintiff also asserts vaguely in its Opposition brief (with no specific support) that the
withheld documents "related to" Commission rulemakings and that certain documents were
generated "in the context of" a rulemaking process.  *See* Opposition at 5, 8 (Dkt. No. 161).  In
their declarations, Ms. Krauskopf and Mr. Minton merely express their "understandings" that the
certain of the withheld documents "relate to internal communications, emails, discussions and
memoranda" from SEC personnel "leading up to the promulgation" of rulemakings.  *See* Plf.'s
Ex. G ¶ 3 (Dkt. No. 161-7); Plf.'s Ex. H ¶ 3 (Dkt. No. 161-8).  The import of these declarations
is unclear, but Ms. Krauskopf and Mr. Minton do not represent that they reviewed any of the
underlying documents; instead, they refer only to specified entries on the November 9 Log.  *See*
Plf.'s Ex. G ¶¶ 3, 6 (Dkt. No. 161-7); Plf.'s Ex. H ¶ 3 (Dkt. No. 161-8).  Accordingly, their
unsupported "understandings" are irrelevant.  In any event, Mr. Minton in his declaration appears
to suggest that documents of the Office of Chief Accountant fall within the scope of the
deliberative process privilege if they reflect that office's "evaluation of the current state of the
regulatory environment," *see id.*, a position that has no basis in the law.

argument that the documents at issue "facilitate formulating policy and the decision-making process" as "not sufficiently specific to support the invocation of the deliberative process privilege").

As the Tenth Circuit has acknowledged, determining whether a document is deliberative is a difficult assessment because "the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process." *Trentadue*, 501 F.3d at 1227 (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980)). Plaintiff must show that each document is "related to the process by which policies are formulated." *Collins & Aikman*, 256 F.R.D. at 416. Courts assess a number of factors to determine whether a document is deliberative, including whether the document: "(i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id*.

Plaintiff's November 9 Log identifies no "essential link" between each of the withheld documents and the formulation of policy. Plaintiff has provided only conclusory, boilerplate generalizations as support for its contention that each document is deliberative. *See* Def.'s Ex. 2 (Dkt. No. 153-2). Likewise, none of plaintiff's declarants indicates whether each of the withheld documents actually contributed to the specific Commission decisions that those materials happen to pre-date. Neither the Murphy Declaration nor the Minton or Krauskopf Declarations provides any concrete support for how the specific withheld documents formed an "essential link" in the consultative process. *See* Plf.'s Exs. G, H (Dkt. Nos. 161-7, 161-8). The Krauskopf Declaration in fact suggests otherwise, as it specifically states that a number of entries on the log "reflect the assessments, interpretations and evaluation of the views *of the public*." *See* Plf.'s Ex. G (Dkt.

9

No. 161-7) (emphasis added).  Plaintiff's internal documents do not automatically qualify as deliberative, however.  Only "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" warrant that designation.  *See Collins & Aikman*, 256 F.R.D. at 415; *see also Trentadue*, 501 F.3d at 1226 (same).  Plaintiff has not complied with the mandate to state why each document on its November 9 Log falls within this narrow category.

### C.     Plaintiff Has Not Supported Its Claim that All Factual Material Is "Inextricably Intertwined" with Deliberative Material.

Plaintiff does not dispute that factual material is not protected by the deliberative process privilege, except to the extent that facts are "inextricably intertwined" with the policymaking process.  *See Trentadue*, 501 F.3d at 1227 ("factual materials are generally not privileged unless they are 'inextricably intertwined with policy-making processes"); *In re MTBE*, 643 F. Supp. 2d at 442 ("[T]he privilege does not extend to 'purely factual material or subjective discussions insofar as they were later adopted or incorporated in a final agency opinion.'").  As the Supreme Court has explained, this is a limited exception to the general principle that "purely factual material" – even if "compiled" or contained in an agency's "deliberative memoranda" – is not protected by the deliberative process privilege.  *See EPA v. Mink,* 410 U.S. 73, 87-88 (1973).

In *Trentadue*, the Tenth Circuit rejected the agency's argument that factual material should be protected "whenever it would 'expose the deliberative process,'" concluding that such a test is overbroad in light of the requirement that the deliberative process privilege be construed narrowly.  *See Trentadue*, 501 F.3d at 1228.  For this reason, the court concluded, "information is not protected simply because disclosure would reveal some minor or obvious detail of an agency's decisionmaking process."  *Id*.  Instead, factual material will be withheld only "when disclosure would '*so* expose the deliberative process within an agency that it must be deemed

exempted.'"  *See id.* (emphasis in original).  Stated differently, this exception "is limited to situations in which disclosure of factual content would reveal deliberative information by allowing the public to easily infer the latter from the former."  *Id*. at 1229.

Plaintiff does not dispute that at least some of the materials on its November 9 Log contain "notes and memoranda of discussions with various industry groups in contemplation of future rulemakings."  Opposition at 5 (Dkt. No. 161); Plf.'s Ex. G at ¶ 6 (noting that "entries 1, 2, 3, 4, 29, 33, 37, 50-52 … reflect the assessments, interpretations and evaluation of the views of the public.").  Yet plaintiff justifies its decision to withhold by stating that the "very purpose of meetings with outside third parties is to aid and assist those within the Commission responsible for advising the agency on pending agency action by exposing the staff to a breadth of knowledge and understanding of the problems, issues, needs, and concerns reflected by those groups that will be subject to regulation."  *See* Opposition at 10 (Dkt. No. 161).  This misses the point entirely.  The deliberative process privilege does not attach to every factual portion of a document merely because the SEC says that the "purpose" of every one of its meetings is to inform its work.  Rather, those factual portions must reveal deliberative information in order to merit protection.  Plaintiff has not made the required showing.

At most, plaintiff has asserted certain portions of the documents "reflect the assessments, interpretations and evaluation of the views of the public," and in plaintiff's subjective view, statements made by members of the public are privileged because they "aid in the employee's deliberation and formulation of recommendations."  *See* Plf.'s Ex. G (Dkt. No. 161-7); Opposition at 13 (Dkt. No. 161).  Plaintiff's view is impermissibly overbroad, and would sweep in virtually every non-public communication the agency has with any third party under any circumstances.  The Tenth Circuit in *Trentadue* expressly held that "[w]hether a portion of a

11

document is deliberative is an objective question, and it is the duty of courts to answer that question." *Trentadue*, 501 F.3d at 1230. The *Trentadue* court specifically rejected the agency's argument that it could withhold factual material as deliberative because the internal agency document reflected a choice as to which facts to include: "The manner in which an author organizes her thoughts may make [the court's objective] duty more or less difficult, but the solution is not to simply abdicate and allow withholding en masse." *Id*. at 1230-31.

Plaintiff's reliance on the cases it cites is misplaced. Plaintiff's description of *Baker & Hostetler v. Dep't of Commerce*, 473 F.3d 312 (D.C. Cir. 2006), entirely misstates the holding of that case.[5/] And none of the other cases cited by plaintiff in support of its position that notes and memoranda documenting meetings with third parties fall within the protection of the deliberative process privilege is controlling law. In fact, those cases either employed a standard different from the one expressly adopted by the Tenth Circuit or made its determination on whether the privilege protected facts as "inextricably intertwined" with deliberative material only after a document-by-document analysis.[6/] Further, in none of the cases cited by plaintiff were the

---

[5/]    *Baker & Hostetler v. Dep't of Commerce*, 473 F.3d 312 (D.C. Cir. 2006), analyzed solely whether the meeting notes at issue in that case were "covered by the Tariff Act's public record requirement for ex parte meetings." *Id*. at 322. The court did not address the application of deliberative process privilege at all, except to acknowledge that "[a]s a general matter, notes taken by government officials often fall within the deliberative process privilege" and that Baker Hostetler did not dispute the characterization of the notes at issue as "pre-decisional and deliberative" and of the type that "ordinarily would be protected under the deliberative process privilege." *Id*. at 321-22. Nowhere did the court address the application of the privilege to the specific documents at issue in that case.

[6/]    For example, the court in *Bloomberg, L.P. v. SEC*, 357 F. Supp. 2d 156 (D.D.C. 2004), held that where "predecisional materials, even if 'factual' in form, reflect an agency's preliminary positions or ruminations about how to exercise discretion on some policy matter," those documents fall within the scope of the privilege. *Id*. at 169. This is not the law in the Tenth Circuit. The other cases cited by plaintiff at most stand for the proposition that, on the specific facts of those cases, the factual material in the documents at issue were "inextricably interwined" with deliberative material, and in one case holding that some materials were not in

documents at issue gathered in response to a court order where the party seeking to compel

discovery expressly sought only factual portions of documents and where the withholding party

identified those documents as responsive to the order.  *See* October 10 Order at 14 (Dkt. No.

113).

Plaintiff next argues that Mr. Kovzan does not need the materials at issue, reasoning that

"the views of the industry groups" reflected on plaintiff's November 9 Log are "not a mystery"

because plaintiff previously pointed Mr. Kovzan to publicly available comment letters submitted

in 2006 by certain of the third parties reflected on plaintiff's log in response to the Commission's

proposed amendments to Item 402 of Regulation S-K.[7/]  *See* Plf.'s Opp. at 14 (Dkt. No. 161).

This is a red herring.  Whether third parties reflected on plaintiff's November 9 Log submitted

publicly-available comment letters in 2006 in response to a specific proposed rulemaking is

irrelevant to whether documents responsive to Judge Lungstrum's October 10 Order are properly

protected by the deliberative process privilege.  *See* October 10 Order (Dkt. No. 113); Def.'s Ex.

2 (Dkt. No. 153-2).  In any event, plaintiff cannot seriously contend that a comment letter

submitted by the HR Policy Association on October 23, 2006 is duplicative of statements made

---

fact protected by the privilege.  *See, e.g., Keenan v. Colorado Dep't of Human Services*, No. 05-cv-01933-WDM-MEH, 2006 WL 3469518, at *2 (D. Colo. Nov. 30, 2006) (concluding that correspondence between auditors and other individuals regarding agency employees were investigatory, not predecisional, and thus *not* covered by the deliberative process privilege); *Archer v. Cirrincione*, 772 F. Supp. 1118, 1121 (S.D.N.Y. 1989) (concluding that the documents contained no severable factual material only after undertaking an *in camera* review); *Cities Service Co. v. FTC*, 627 F. Supp. 827, 836 (D.D.C. 1984) (concluding that factual material was "inextricably intertwined" with "the reasoning and conclusions that form the basis of the author's recommendations and advice to the Commission").

[7/]      Plaintiff raised this argument in its Opposition to Mr. Kovzan's Motion For Review of this Court's July 31, 2012 discovery order.  *See* Opposition to Mot. For Review at 14-15 (Dkt. No. 102).  Judge Lungstrum nonetheless ordered plaintiff to search for and produce non-public documents responsive to Mr. Kovzan's document requests.  *See* October 10 Order at 13 (Dkt. No. 113).

by a representative of that same organization in three separate meetings with the Commission in July, September, and October 2004, over two years earlier. *See* Def.'s Ex. 2 (Dkt. No. 153-2). Or that a 2006 comment letter provided by the Greenlining Institute serves as a basis to withhold factual portions of internal memoranda reflecting a meeting with a representative of the Greenlining Institute and other third parties on corporate transparency that occurred in *June 2004. See* Plf.'s Opp. at 14 (Dkt. No. 161); Def.'s Ex. 2 (Dkt. No. 153-2).[8/] Plaintiff's reliance on *Trentadue* for the proposition that where a record of an agency hearing was publicly available, staff summaries of that same hearing are always privileged, *see* Opposition at 6 (Dkt. No. 161), is simply incorrect. *Trentadue* described another case, *Montrose Chemical Corp. v. Train*, 491 F.2d 63 (D.C. Cir. 1974), where, on the specific facts before it, the court held that staff memos summarizing evidence submitted at an agency hearing for which a transcript of the hearing was publicly available were protected. *Trentadue*, 501 F.3d at 1229. The court in *Montrose* made its determination only after conducting an *in camera* review and specifically distinguished its holding from "a situation in which the only place certain facts are to be found is in the [internal] memoranda." *Montrose*, 491 F.2d at 70. At most, plaintiff's rationale applies to only one entry on its November 9 Log: Ms. Krauskopf's notes of the Rock Center conference, for which plaintiff has provided a transcript.[9/] *See* Def.'s Ex. 2 (Dkt. No. 153-2).

---

[8/]     The comment letter submitted by the Society of Corporate Secretaries and Governance Professionals on April 6, 2006, likewise does not obviate Mr. Kovzan's right to factual portions of notes of meetings with that organization occurring in *May 2005. See* Opposition at 14 (Dkt. No. 161); Def.'s Ex. 2 (Dkt. No. 153-2). In any event, a "comment letter" by its own terms is a response to a specific request by an agency for stakeholders' views on particular questions and issues. There is no logical reason why stakeholders' views expressed in a meeting *prior to* the SEC's request for comment would be duplicated in a subsequent comment letter.

[9/]     Even as to this entry, plaintiff's rationale does not apply if Ms. Krauskopf's notes of the conference reflect, for example, *ex parte* communications with third parties concerning the subject matter of Mr. Kovzan's document requests.

Plaintiff's contention that the views of the Society of Corporate Secretaries and Governance Professionals "are specifically and expressly spelled out in a formal comment letter to the Commission submitted as part of the rulemaking" and were "expressly taken into account as part of the Commission's rulemaking," *see* Opposition at 13-14 (Dkt. No. 161), likewise does not address the issue of whether factual statements contained in notes and memoranda of these meetings are "inextricably intertwined" with protected deliberative material. To the extent plaintiff argues that the views of this third party expressed in the meeting were adopted and/or incorporated into the Commission's final rule, the document is no longer privileged at all. *See, e.g., SEC v. Sentinel Management Group, Inc*., No. 07 C 4684, 2010 WL 4977220, at *5 (N.D. Ill. Dec. 2, 2010) (ordering the SEC to "produce those documents or portions of documents that contain purely factual information or contain opinions or recommendations that were ultimately adopted by the SEC as its final position").

Plaintiff also provides no credible reason why a protective order will not adequately address its disclosure concerns. Instead, it simply argues that a protective order does not justify any waiver of the privilege and complains that Mr. Kovzan is putting "the SEC itself on trial."[10/] Plf.'s Opp. at 16. This is insufficient. Plaintiff is required to provide specific facts concerning "what type of protective order would be necessary to reduce" plaintiff's claimed harm suffered as a result of disclosure or "alternatively, why a protective order would not reduce this harm." *In re McKesson*, 264 F.R.D. at 602 (rejecting state agency's deliberative process privilege claims and separately concluding that the agency failed to demonstrate why a protective order would

---

[10/]    Plaintiff's repeated complaint in its Opposition that Mr. Kovzan is seeking to "put the SEC itself on trial," *see* Opposition at 16 (Dkt. No. 161), does not warrant response. The SEC initiated this litigation and is a party to it. Mr. Kovzan is entitled under the Federal Rules of Civil Procedure to responsive discovery. *See*, *e.g*., October 10 Order (Dkt. No. 113).

"eliminate any harm that might result from ordering their production"); *Price v. County of San Diego*, 165 F.R.D. 614, 620 (S.D. Cal. 1996) ("[T]he Court is convinced that the infringement upon the frank and independent discussions regarding contemplated policies and decisions of the County … can be alleviated through the use of a strict protective order against use or dissemination of the materials outside of this lawsuit.").  Plaintiff provides no explanation as to how or why the current protective order is insufficient, except to say that it is "of small comfort."[11]

In sum, plaintiff has offered no legally sufficient rationale for its contention that the each of the withheld documents is both predecisional and deliberative, or for its contention that any factual material contained in the documents is "inextricably intertwined" with deliberative material.  *See, e.g., Carter, Fullerton & Hayes LLC v. FTC*, 520 F. Supp. 2d 134, 148 (D.D.C. 2007) ("The defendant's generic declaration that deliberative factual content is inextricably intertwined with the basis for withholding and is therefore, not segregable, does not constitute a sufficient explanation of segregability."); *Feshbach v. SEC*, 5 F. Supp. 2d 774, 785 (N.D. Cal. 1997) (noting that "the deliberative process privilege does not apply to factual information that may be reasonably segregated from deliberative material" and ordering the SEC to "review the documents withheld pursuant to the deliberative process privilege that are not otherwise exempt from disclosure and to disclose segregable portions or provide explanations why such factual material may be withheld"); *Info Network for Responsible Mining v. BLM*, 611 F. Supp. 2d 1178,

---

[11]       In fact, the Agreed Protective Order in this case specifically states that "Plaintiff anticipates producing confidential materials pertaining to its investigative practices and processes that Plaintiff believes contain sensitive and non-public information."  Agreed Protective Order at 1 (Dkt. No. 128).  It is unclear why this is not sufficient to address plaintiff's stated concerns; however, Mr. Kovzan is open to amending the protective order in the event plaintiff believes additional protection is warranted for these materials.

1188 (D. Colo. 2009) ("[T]he agency seeking to withhold all or part of a deliberative document [must] conduct a detailed analysis to determine whether factual or other non-exempt material can be severed from privileged material and produced.").  Plaintiff has offered no explanation for how "disclosure of factual content would reveal deliberative information by allowing the public to easily infer the latter from the former."  *Trentadue*, 501 F.3d at 1229.  Plaintiff's privilege claims thus fail as a matter of law.

## II.    IF THE COURT CONCLUDES THE PAPERS THEMSELVES DO NOT JUSTIFY AN ORDER COMPELLING PRODUCTION, *IN CAMERA* REVIEW IS APPROPRIATE.

Due to the narrow scope and discretionary nature of the deliberative process privilege, courts have observed that "general guidelines are of limited utility in this area, for the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process."  *Cobell*, 213 F.R.D. at 6.  As a result, courts in the Tenth Circuit and elsewhere generally analyze an agency's deliberative process privilege claims on a document-by-document basis, and routinely require *in camera* review to settle disputes.  *See, e.g., Brennan Ctr. for Justice at N.Y. Univ. Sch. Of Law v. United States,* 697 F.3d 184, 193 (2d Cir. 2012) (noting that district court conducted *in camera* review to assess deliberative process privilege claims); *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1150 (9th Cir. 2008) ("If the government is unable to provide sufficiently specific affidavits, the district court should review the documents *in camera* to determine whether the factual portions were properly segregated and disclosed."); *Trentadue v. Integrity Committee*, 2006 U.S. Dist. LEXIS 26847, at *6 (D. Utah May 2, 2006) (reviewing documents in camera to assess agency's claims of deliberative process privilege); *Cities Service Co. v. FTC*, 627 F. Supp. 827, 829 (D.D.C. 1984) (conducting *in camera* review); *Archer v. Cirrincione*, 722 F. Supp. 1117, 1121 (S.D.N.Y. 1989)

(concluding that *in camera* review was "the most expeditious course of action" for assessing deliberative process privilege claims); *Collins & Aikman*, 256 F.R.D. at 416-17 (ordering documents to be submitted for *in camera* review); *Nacchio*, 2009 WL 211511, at *7 ("The SEC also has provided for my *in camera* review proposed testimony that the Rule 30(b)(6) deponents would have provided in response to the deposition questions to which the deliberative process privilege was asserted").

Indeed, the Supreme Court has "long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. United States Dist. Court for Northern Dist. Of California*, 426 U.S. 394, 405-06 (1976); *see also Harvey's Wagon Wheel, Inc. v. NLRB*, 550 F.2d 1139, 1142 (9th Cir. 1976) (stating that "in camera inspection [is] appropriate and perhaps necessary" where a "factual dispute exists as to the nature of the statements sought").

Mr. Kovzan respectfully requests that, if the Court concludes the parties' submissions alone do not support issuing an order compelling production, it should consider an *in camera* review of the disputed materials.[12]

## **CONCLUSION**

For the reasons stated herein and in Mr. Kovzan's Opening Brief, Mr. Kovzan respectfully requests that the Court enter an order compelling plaintiff to:

> 1. Produce all documents on the November 9 Log for which plaintiff failed to invoke the deliberative process privilege properly, instead making a broad claim of privilege inconsistent with the law;

---

[12] Plaintiff appears to agree that *in camera* review may be appropriate. *See* Opposition at 17 (Dkt. No. 161).

2. As to any documents properly withheld under a claim of "Attorney-Client Privilege" or "Deliberative Process Privilege," produce all factual portions of such documents that are not protected from discovery, including the views expressed by third parties in communications with the SEC; and

3. As to any future production made by plaintiff in compliance with Judge Lungstrum's October 10 Order, supply a privilege log that complies with the requirements of the law or produce the relevant documents.

In the alternative, Mr. Kovzan respectfully requests that the Court order an *in camera* review of the disputed materials to determine which documents or portions of documents must be produced.

Dated:  February 13, 2013

Andrew B. Weissman (*pro hac vice*)                    Respectfully submitted,
John A. Valentine (*pro hac vice*)
Nicole R. Rabner (*pro hac vice*)                      /s/ Stephen L. Hill, Jr.
J. David Zetlin-Jones (*pro hac vice*)                 Stephen L. Hill, Jr. KS # 78029
Kelly S. Shoop (*pro hac vice*)                        Maxwell Carr-Howard KS # 21042
WILMER CUTLER PICKERING                                Lyndsey J. Conrad KS # 23527
HALE AND DORR LLP                                      HUSCH BLACKWELL LLP
1875 Pennsylvania Avenue, NW                           4801 Main Street, Suite 1000
Washington, D.C. 20006                                 Kansas City, Missouri  64112
(202) 663-6000                                         (816) 983-8000
andrew.weissman@wilmerhale.com                         (816) 983-8080
john.valentine@wilmerhale.com                          stephen.hill@huschblackwell.com
nicole.rabner@wilmerhale.com                           max.carr-howard@huschblackwell.com
david.zetlin-jones@wilmerhale.com                      lyndsey.conrad@huschblackwell.com
kelly.shoop@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

Erica Y. Williams
David Williams
Helaine Schwartz
David S. Mendel
Holly A. Pal
Natalie Shioji
U.S. Securities & Exchange Commission-DC
100 F. Street NE
Washington, D.C.  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
palh@sec.gov
shiojin@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

Jeffrey S. Kruske
Office of the Kansas Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS 66612
(785) 296-5215
(785) 296-5482 (FAX)
Jeff.Kruske@ksc.ks.gov
*Attorney for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney