**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 11-2017-JWL |
| STEPHEN M. KOVZAN, ) ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the court upon Stephen M. Kovzan's Fourth Motion to Compel (ECF No. 151). Mr. Kovzan seeks an order compelling the SEC to: (1) produce all documents on its November 9, 2012 privilege log for which the Securities and Exchange Commission has failed to invoke the deliberative-process privilege properly; (2) produce in redacted form all portions of privileged documents that are not protected from discovery, including the views expressed by third parties in communications with the SEC; and (3) with regard to any production by the SEC made in compliance with Judge Lungstrum's October 10, 2012 order, require the SEC to supply a privilege log or to produce responsive documents. For the reasons stated below, the motion is denied without prejudice to refiling within fourteen (14) days from the date of this order after the parties further confer about the documents listed on the SEC's privilege log.

Given the number of documents listed on the SEC's privilege log, the court finds that the parties' briefing could be framed in a way to allow the court to resolve this issue more efficiently. For one, the format of the SEC's privilege log (ECF No. 153-2) is not helpful. The privilege log does not number each entry, and the size of type is extremely small, making it quite

difficult to read. The lack of numbering of entries appearing on the log complicates the court's task because it provides no efficient means by which the court can quickly identify a particular document in its order. Moreover, Mr. Kovzan's motion to compel suggests that he accepts that some documents—or portions of documents—are properly withheld on the basis of the deliberative-process privilege.[1] The court would like to know specifically—by number—which privilege log entries Mr. Kovzan believes are deficient and precisely in what manner. The SEC should immediately serve on Mr. Kovzan an amended privilege log that numbers each entry and uses no smaller than a 10-point type.

This information is particularly important because Mr. Kovzan has stated he would be amenable to the court conducting an *in camera* review of the documents. Based on the parties' briefs, it seems reasonably likely an *in camera* review might be warranted as to some of these documents. A central issue is whether the SEC should produce documents containing factual information while redacting protected material. Both parties agree that in some cases, the deliberative-process privilege may shield certain factual information. For example, the Tenth Circuit has held that factual information may be protected when disclosure "would so expose the deliberative process within an agency that it must be deemed exempted."[2] The SEC is in the difficult position of providing the court and Mr. Kovzan with sufficient detail to evaluate whether the factual material contained in these documents is of the type that would be protected while being careful to avoid disclosing privileged material itself. Because of this, an *in camera*

---

[1] For example, Mr. Kovzan asks that as "to any documents *properly withheld* under claim of 'Attorney-Client Privilege' or 'Deliberative Process Privilege,' produce all factual portions of such documents that are not protected from discovery[.]" He also states that he seeks an order compelling production of documents "for which plaintiff failed to invoke the deliberative process privilege properly [,]"[1] which suggests that there are documents for which Mr. Kovzan believes the SEC has invoked the privilege properly. *See* Stephen M. Kovzan's Fourth Mot. to Compel at 1, ECF No. 151 (emphasis supplied).

[2] *See Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1227-28 (10th Cir. 2007).

inspection may prove the most efficient way to evaluate this issue. Before the court undertakes this task, it would like to know with certainty which entries on the log are subject to a genuine dispute.

In the same vein, the parties should do more to narrow this dispute. The SEC should again review the withheld materials to determine if any additional documents could be produced to Mr. Kovzan in redacted form. The parties should be prepared to call to the court's attention which documents contain factual information that the SEC suggests is protected. If the parties are unable to resolve this dispute, and the court undertakes a time-consuming *in camera* inspection that reveals the SEC was not substantially justified in withholding documents or portions of documents, the court will consider sanctions.

Accordingly,

**IT IS THEREFORE ORDERED** that Stephen M. Kovzan's Fourth Motion to Compel (ECF No. 151) is denied without prejudice to refiling within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge