**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-2017-JWL |
| STEPHEN M. KOVZAN, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Steven M. Kovzan's Third Motion to Compel (ECF No. 137). This is a civil enforcement action brought by the SEC against Mr. Kovzan under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*. Highly summarized, the SEC alleges that Mr. Kovzan was involved with the preparation and signing of public SEC filings for his employer, NIC, Inc., from 2002 to 2006 that were materially false and misleading because they failed to disclose as income the NIC chief executive officer's perquisites. Among the alleged perquisites are commuting expenses from the CEO's home in Wyoming to NIC's headquarters in Kansas.

Mr. Kovzan seeks an order compelling the SEC to respond to his Second Set of Requests for Admission and his Third Set of Requests for Production of Documents and Things. The requests for admission and requests for production concern what Mr. Kovzan contends is the SEC's analogous practice of allowing high-level officials to reside in locations of their choice while the SEC reimburses these individuals for their travel. The SEC has objected to the Requests for Admission and Requests for Production on the grounds of relevance, the

deliberative-process privilege, and on the basis of the Privacy Act, each of which is addressed below. For the reasons stated below, Mr. Kovzan's motion to compel is granted.

## I. Relevance

Fed. R. Civ. P. 26(b)(1) outlines the scope of discovery. It provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The court broadly construes relevance at the discovery stage, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1] "There is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[2] Relevance, however, is often apparent on the face of the request.[3] When it is not, the proponent of the discovery has the burden to show the relevance of the discovery sought.[4] If a discovery request seeks facially relevant information, or if the proponent has demonstrated relevance, the party resisting discovery must establish the lack of relevance by demonstrating that the requested discovery either: (1) is outside the scope of relevance as defined by Rule 26(b), or (2) is of such

---

[1] *Design Basics, LLC v. Strawn*, 271 F.R.D. 513, 527 (D. Kan. 2010) (citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) and *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004)).

[2] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[3] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[4] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20; *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[5]

Mr. Kovzan argues this discovery is relevant to the issue of scienter and to the definition of commuting expenses. Scienter is an element of the securities fraud claims the SEC asserts. "Scienter requires a showing of an intent to defraud or recklessness."[6] Relying on the Tenth Circuit opinion *City of Philadelphia v. Fleming Companies*, the district judge presiding over this case made clear that scienter includes an objective component that may take into account industry practice or standard,

> In *Fleming,* the Tenth Circuit defined recklessness as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Thus, defendant argues that scienter may include an objective component, such that the standard of care in the industry is relevant. . . . The Court agrees with defendant that, under the Tenth Circuit's definition of recklessness to include an extreme departure from the standard of ordinary care, evidence of the practice within the industry may be relevant to the issue of scienter. Of course, the SEC could attempt to prove scienter in this case solely by showing an intent to defraud, thereby removing the issue recklessness from the case. The SEC has not limited its case in that manner, however. Accordingly, the Court concludes that defendant is entitled to seek evidence relating to the industry standard, whether or not such evidence was previously known to him or the public. The Court notes in this regard that that evidence need not be ultimately admissible to be discoverable, and the Court concludes that these requests are reasonably calculated to lead to the discovery of admissible evidence relevant to the issue of scienter.[7]

---

[5] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[6] *SEC v. Kovzan*, 807 F. Supp. 2d 1024, 1039 (D. Kan. 2001) (citing *City of Phila. v.Fleming Cos.*, 264 F.3d 1245, 1257-58 (10th Cir. 2001)).

[7] *SEC v. Kovzan*, No. 11-2017-JWL, 2012 WL 4819011, at *4 (D. Kan. Oct. 10, 2012) (internal citations omitted).

Mr. Kovzan contends that in this respect, the SEC's similar practices would provide insight into whether it would be reckless to treat these types of expenses as ordinary business expenses rather than as personal communing expenses. He also argues this information is relevant to the meaning of "commuting" expenses versus ordinary business expenses because the SEC has stated in the course of discovery that its proxy rules and regulations do not contain any specialized definition of commuting or any guidance for distinguishing commuting expenses from business travel expenses. In response to discovery requests, the SEC has informed Mr. Kovzan that it is according the term "commuting" its "plain and ordinary meaning." Therefore, the SEC's arguably analogous practices could shed light on what is a proper commuting expense versus a business travel expense. Based on Mr. Kovzan's explanation, the court finds this information may be relevant.

The SEC's arguments in support of its relevance objection do not alter this conclusion. The SEC argues this information is not relevant for several reasons. First, the SEC contends Mr. Kovzan was not aware of and did not rely upon the SEC's judgments in making his decision regarding the reporting of the CEO's alleged commuting expenses. This argument fails to take into account Judge Lungstrum's most recent opinion in this case, in which he makes clear that the standard for reasonableness encompasses an objective component. In other words, discovery regarding the reasonableness of Mr. Kovzan's actions does not require Mr. Kovzan to have known about or relied upon the SEC's own practices regarding its high-level officials.

The SEC also argues the situation involving its officials is not factually similar to the situation involving NIC's CEO. More specifically, the SEC says it reimbursed its officials for travel from their permanent duty stations, whereas the NIC CEO's travel was not necessary or

related to the business of NIC. These are contested factual issues, however, that the court is not prepared or equipped to resolve on the briefing for a motion to compel.

This argument is also intertwined with the SEC's position that the discovery Mr. Kovzan seeks is not relevant because the SEC's travel policy is not the "industry standard" with regard to a public company's reporting obligations of executive perquisites under Item 402 of Regulation S-K. Judge Lungstrum's most recent opinion confirms that industry practice could be relevant to the issue of scienter, but the opinion does not limit relevant evidence on this issue to industry practice. In other words, just because the SEC and NIC are not in the same industry and are not subject to the same requirements does not mean that information about how the SEC classified or treated its high-level officials' travel or commuting expenses could not be relevant to whether Mr. Kovzan's conduct constitutes an extreme departure from the standards of ordinary care. As Mr. Kovzan points out, the SEC's approval of certain expense reimbursements for tax and other purposes could conceivably shed light on when similar expenses may be considered ordinary travel costs and not commuting costs.

The SEC also makes conclusory statements that this discovery is burdensome and expensive, but the SEC has failed to provide specific details regarding the expense or time it would take to comply with what Mr. Kovzan has requested. Because of this, the SEC has not made a sufficient showing that the discovery is of such marginal relevance that the potential harm occasioned by this discovery would outweigh the presumption in favor of broad discovery. And the SEC has not shown that the information Mr. Kovzan seeks is outside the scope of relevance. That is not to say that the information Mr. Kovzan seeks will ultimately be admissible or that the district judge or the jury will find that this information does indeed bear upon the issues for which Mr. Kovzan seeks it. The court overrules the SEC's relevance objection because

there is at least a possibility this information could be relevant to the claims or defenses in this case.[8]

## II.     Deliberative-Process Privilege

The SEC has also asserted the deliberative-process privilege as a separate basis for withholding responsive information, but the court cannot evaluate this objection because it appears the SEC has not conducted a search for responsive documents and therefore has failed to come forward with any details about the documents withheld—assuming they exist. The SEC, as the party objecting to discovery, bears the burden of supporting its objections.[9] Under Fed. R. Civ. P. 26(b)(5), a party withholding discoverable information on the grounds that it is privileged must expressly make the claim and must also describe the information withheld "and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[10] In the context of objections to discovery on the basis of the attorney-client privilege or the work-product doctrine, the objecting party must establish the existence of the privilege or immunity prior to the time the court is asked to rule on the issue.[11] Failure to make this showing "is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made."[12]

The court sees no reason why these principles should not apply to the SEC's objection to discovery on the grounds that some responsive information may be protected by the deliberative-

---

[8] *See Design Basics*, 271 F.R.D. at 527 ("[A] request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.").

[9] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004) (stating that in response to a motion to compel, the objecting party must specifically show how each discovery request is objectionable).

[10] Fed. R. Civ. P. 26(b)(5)(A).

[11] *Williams v. Sprint United/Mgmt. Co.*, 245 F.R.D. 660, 667 (D. Kan. 2007).

[12] *Id.* (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)).

process privilege. In the past, the court has allowed the SEC to supplement a preexisting privilege log after a further search for responsive documents. In that instance, however, the SEC had made an attempt to provide Mr. Kovzan and the court with information to evaluate its claim of privilege even though the privilege log lacked certain categories of information typically required in this district.[13] Here, however, the SEC has failed to come forward with any specific information that would allow Mr. Kovzan or the court to assess what, if any, information may be withheld on the basis that it is protected by the deliberative-process privilege.[14] Excusing this failure by allowing the SEC to continue to rely on the deliberative-process privilege would likely only prolong this discovery dispute by potentially forcing Mr. Kovzan to file another motion to compel regarding the same discovery he seeks in this motion.

Additionally, the SEC's deliberative-process privilege claim also appears less colorable in this instance. The deliberative-process privilege shields "documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated."[15] It serves not only to "enhance the quality of agency decisions by protecting open and frank discussion," but it also prevents "the premature disclosure of proposed policies, and avoids misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate

---

[13] *See SEC v. Kovzan*, No. 11-2017-JWL, 2012 WL 3111729, at *10 (D. Kan. July 31, 2012), *overruled in part on unrelated grounds*, 2012 WL 4819011 (D. Kan. Oct. 12, 2012).

[14] *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266-68 (D. Kan. 2008) (discussing cases in which the court excused a belated submission of a privilege log and noting that in the few cases where the court found waiver, "the privilege log had been prepared after the court was asked to rule on the issue and after entry of an order directing production of documents").

[15] *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)).

reasons for the agency's action."[16] Generally, a party asserting the deliberative-process privilege must show the documents withheld are predecisional and deliberative.[17] Predecisional documents are those that assist an agency decisionmaker in arriving at the decision.[18]

Here, the SEC has referenced only Request Nos. 5, 11, 12, 20, and 21 with respect to its assertion of the deliberative-process privilege. Those requests seek documents concerning consideration of whether the reimbursements of the SEC officials' travel expenses should be considered income for tax reporting purposes or otherwise and documents concerning approval of the reimbursements. The SEC has not adequately explained how these documents would fall within the scope of the deliberative-process privilege other than to say they relate to the agency's policies and practices regarding travel reimbursement. The SEC has failed to cite any authority suggesting these types of documents are those which would be subject to protection under the deliberative-process privilege. On their face, the requests do not seek documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated. For these reasons, the SEC's deliberative-process privilege objection is overruled.

### III.   Privacy Act Objections

The SEC also argues that Mr. Kovzan's discovery requests are improper because they seek information about federal government employees that is subject to the Privacy Act, specifically 5 U.S.C. § 552a, which governs records maintained on individuals. To the extent the SEC is asserting an objection based on the Privacy Act, it is overruled. The Tenth Circuit has

---

[16] *Id.* (quoting *Klamath Water Users Protective Ass'n*, 532 U.S. at 8-9) and *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980)).

[17] *Id.* at 1227.

[18] *Id.*

held that an objection to discovery based on §552a(b)(11)—which prohibits the release of personnel files without a court order—"does not state a claim of privilege."[19] While some courts have found that the applicability of the Privacy Act to certain discovery materials is a relevant factor for the court to consider when evaluating whether to permit discovery, it is also clear that "the Privacy Act was not intended to serve as a limiting amendment . . . to the Federal Rules of Civil Procedure."[20] In fact, this court typically approves protective orders directing the release of information coming within the protections of the Privacy Act. To the extent the SEC is concerned about the privacy rights of its employees, it may designate this information as "confidential" under the protective order in place in this case.

Mr. Kovzan's motion to compel is granted. The court further finds the SEC's position was substantially justified, and therefore, the parties shall bear their own attorney fees and expenses incurred as a result of the briefing on this motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Steven M. Kovzan's Third Motion to Compel (ECF No. 137) is granted. Within thirty (30) calendar days from the date of this order, the SEC shall fully respond, without objection, to Mr. Kovzan's Second Set of Requests for Admission (ECF No. 140-2) and to Mr. Kovzan's Third Set of Requests for Production (ECF No. 140-3).

**IT IS SO ORDERED.**

Dated this 21st day of February, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[19] *Weahkee v. Norton*, 621 F.2d 1080, 1080 (10th Cir. 1980).

[20] *Adelman v. Brady*, No. 89-4714, 1990 WL 39147, at *2 (E.D. Pa. Mar. 28, 1990).