IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11-2017-JWL |
| STEPHEN M. KOVZAN, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court upon the Securities and Exchange Commission's Motion to Quash Defendant Stephen M. Kovzan's Rule 30(b)(6) Notice (ECF No. 143). The SEC requests that the court issue a protective order prohibiting the Fed. R. Civ. P. 36(b)(6) deposition of its representative. The court agrees that while the deposition topics are in some cases broad and perhaps seek information similar to what was sought through written discovery, the SEC has not carried its burden of making a specific showing justifying the entry of a protective order prohibiting its deposition. Therefore, the court denies the SEC's motion.[1]

### I.   Background

This is a civil enforcement action brought by the SEC against Mr. Kovzan under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq*. Highly summarized, the SEC alleges that Mr. Kovzan was involved with the preparation and signing of public SEC filings for his employer, NIC, Inc., from 2002 to 2006 that were materially false and misleading because they failed to disclose as income the NIC chief executive officer's perquisites.

---

[1] The request for oral argument is also denied.

On December 18, 2012, Mr. Kovzan served on the SEC his Rule 30(b)(6) Notice of the SEC's Deposition. The notice lists twenty-six deposition topics that fall into one of three general categories.[2] Several topics concern the factual basis for the SEC's contentions and theories of this case and the related case, *SEC v. NIC, Inc.*, 11-2016-EFM. [3] Other topics concern the steps the SEC took to obtain and produce discovery documents in this case and the reasons for the SEC's objections to certain discovery requests.[4] The remainder of the topics concern the interpretation and meaning of certain regulatory terms and guidance and any confusion regarding those terms and guidance.[5] The SEC has now moved for a protective order barring the deposition.

**II.     Discussion**

Fed. R. Civ. P. 26(c) governs protective orders. The rule states, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[6] The district court has broad discretion to fashion the scope of a protective order.[7] Despite this substantial latitude, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[8] The party seeking a protective order bears the burden of establishing good cause for it.[9]

---

[2] The final topic asks the deponent to be prepared to testify about the steps taken to prepare answers for the deposition.

[3] *See* Def. Stephen M. Kovzan's Am. Notice of Dep. Pursuant to Fed. R. Civ. P. 26 and 30(b)(6) Directed to Pl. Securities and Exchange Commission, Topics Nos. 1, 12, 14, 15, 16, 17, 19, 20, and 21, ECF No. 145-1.

[4] *Id.* at Topic Nos. 13, 22, 23, 24, and 25.

[5] *Id.* at Topic Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 18.

[6] Fed. R. Civ. P. 26(c)(1).

[7] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

To do this, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conculsory statements."[10]

The SEC argues a protective order is warranted because Mr. Kovzan is essentially seeking the deposition of opposing counsel and because other more efficient means exist to obtain the information sought through the deposition. As discussed below, the court agrees that questions on some topics could venture into privileged or protected information and that in some cases, written discovery may prove a more efficient way for Mr. Kovzan to discover the information he seeks. The notice does not itself seek the deposition of opposing counsel, and the SEC would be able to assert privilege and work-product objections to specific questions during the deposition. As to the burden of the deposition, the SEC has failed to come forward with a particular and specific demonstration of fact that would allow the court to conclude that the deposition would result in an undue burden or expense, justifying the entry of a protective order.

Fed. R. Civ. P. 30(b)(6) expressly allows for the deposition of a governmental agency. In this type of deposition, there is no distinction between the deponent and the agency.[11] The notice of the deposition "must describe with reasonable particularity the matters for examination."[12] The agency must then produce a deponent or deponents to testify on the agency's behalf.[13] The

---

[8] *Herrera v. Easygates, LLC*, No. 11-2558-EFM-GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikins v. Delux Fin. Svs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[9] *Layne Christensen Co.*, 271 F.R.D. at 244.

[10] *Aikins*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, n.16 (1981).

[11] *See Sprint Comm'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 526 (D. Kan. 2006).

[12] Fed. R. Civ. P. 30(b)(6).

[13] *Id.*

3

designee or designees must be prepared to testify about the information known or reasonably available to the organization.[14]

### A. Deposition of Opposing Counsel

On its face, the deposition notice does not seek the deposition of opposing counsel. The SEC, however, argues that a number of topics seek the judgment and assessments of the SEC's attorneys in responding to discovery and articulating the factual basis for the SEC's clams in this case. The SEC argues that other topics essentially require the SEC to articulate and explain the law, and the SEC has cited several cases in which courts have prohibited the depositions of governmental agencies. First, there is no blanket rule prohibiting the deposition of a governmental agency in an action such as this one. The court acknowledges that some judges, in their discretion, have found it appropriate to prohibit Rule 30(b)(6) depositions of governmental agencies lacking any first-hand knowledge of the facts at issue. This line of cases, however, does not relieve the SEC of its obligation to come forward with a particular and specific demonstration of fact that would justify the entry of a protective order—particularly when Rule 30(b)(6) expressly allows for the depositions of governmental agencies.

Second, Rule 30(b)(6) deponents need not have independent personal knowledge of the deposition topics. The rule requires deponents "to testify about information known or reasonably available to the organization."[15] "In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence."[16] Thus, a party is not permitted to

---

[14] *Id.*

[15] *Id.*

[16] *Sprint Comm'ns Co.*, 236 F.R.D. at 528.

undermine the rule by suggesting it has no available witnesses with direct knowledge of the deposition topics.[17]

Here, the deposition notice does not itself seek the deposition of opposing counsel. The SEC may designate a deponent or deponents of its choice, and it is under no obligation to produce one of its attorneys for the deposition. That SEC attorneys may be involved in preparing a witness to testify is not itself a reason to prohibit the deposition. Moreover, the court would not necessarily expect SEC counsel in this action to have any special knowledge concerning the interpretation and meaning of certain regulatory terms and guidance or confusion regarding the same. Therefore, it is difficult to see how the inclusion of these topics would lead the SEC to believe it may only produce counsel appearing in this action. Because the court finds Mr. Kovzan is not seeking to take the deposition of opposing counsel, it need not address the SEC's argument that Mr. Kovzan has not met the heightened showing required for deposing opposing counsel.

### B. Privilege and Work Product

The SEC raises concerns about privilege and work-product protection in the context of its argument that Mr. Kovzan cannot meet the heightened showing required to depose opposing counsel. Because privilege and work-product concerns could conceivably arise during the deposition—and because the SEC attempts in its reply brief to assert this as a separate basis for prohibiting the deposition—the court will briefly address these topics. Courts have generally declined to uphold privilege or work-product objections to Rule 30(b)(6) deposition notices unless the deposition topics, on their face, call for testimony that would be protected from

---

[17] *Id.*

disclosure.[18] The first two categories of topics—the factual basis for the SEC's contentions and theories in this case and the SEC's actions in discovery—do not, on their face, implicate the attorney-client privilege or the work-product doctrine. These topics indicate that Mr. Kovzan is seeking the facts that support the theories and information about how the SEC has gone about identifying responsive information in discovery. The SEC even suggests that many of these topics would be more appropriately discovered through interrogatories. But the fact that discovery is sought through another vehicle—in this case a Rule 30(b)(6) deposition—does not transform discoverable material into protected material.

As for the third category of topics—those concerning the interpretation and meaning of certain regulatory terms and guidance and any confusion regarding the same—certain questions could conceivably call for information protected by the deliberative-process privilege. Mr. Kovzan may not obtain through deposition privileged information contained in documents he could not obtain through written discovery. Again, however, it would be speculative to prohibit the deposition on this basis. For example, the SEC has also set forth public guidance and communicated with third parties about these topics. This information would not be privileged and would likely form the basis for at least some of the deponent's answers. The SEC is free to raise privilege and work-product objections to specific questions during the deposition. Counsel may then explore background facts concerning the objection, and the deponent can substantiate the objection.[19]

### C. Efficiency & Undue Burden

---

[18] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008)

[19] *Miller v. Union Pacific R.R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *6 (D. Kan. Oct. 24, 2008) (explaining that the more appropriate procedure is to raise privilege and work-product objections during the deposition).

The SEC also argues the Rule 30(b)(6) deposition would be highly inefficient because the deposition topics are "extraordinarily broad and encompassing," making it impossible to prepare any witness or witnesses to meaningfully respond to follow-up questions. The SEC also argues it would be manifestly unfair to bind the SEC to answers to follow-up questions that cannot be researched, studied, and addressed beforehand as a result of the breadth of the topics.

Again, the SEC has failed to come forward with a specific demonstration of fact that would justify the entry of a protective order. In the section of its memorandum addressing inefficiency and undue burden, the SEC does not state which deposition topics it believes are impermissibly broad. Moreover, the SEC has only speculated about the time and effort it would take for a Rule 30(b)(6) deponent to prepare. The declaration submitted by SEC counsel states that the deponent would have to review voluminous record evidence, totaling "tens of thousands of pages" and "thousands of pages of investigative and deposition testimony as well as interpretive regulatory history[.]"[20] The deposition topics pertaining to this case, however, are arguably more narrow—the basis for certain allegations and theories of the case and information about the SEC's actions in discovery. It is difficult to see how these topics would require this level of preparation. It could conceivably take longer for a deponent to become familiar with the regulatory history. However, the SEC does not provide an estimate of how long this process would take other than to say it would certainly "consume an extraordinary amount of time and resources" and would "amount to an extraordinary burden."[21] Without a more precise number of documents the deponent would need to review and an estimate regarding the amount of time it

---

[20] Decl. of David Williams in Supp. of Mot. for Protective Order at ¶ 8, ECF No. 145.

[21] *Id.*

would take for the deponent to prepare, the court is left with no specific information to evaluate whether the deposition would truly pose an undue burden to the SEC.

The court does, however, acknowledge that in some instances, judges in this district have entered protective orders when discovery could be obtained through more efficient methods.[22] Generally, however, parties are free to "choose the manner and method in which they conduct discovery," and the court will not interfere with that choice.[23] Here, there is a compelling argument that the deposition topics pertaining to the SEC's factual allegations, legal theories, and conduct during discovery could be obtained through interrogatories, eliminating the need for the SEC to prepare a deponent to testify about these topics. Indeed, Mr. Kovzan states that the offer remains open that he drop nearly a third of the deposition topics and serve additional interrogatories so long as the SEC provides sufficient interrogatory responses.[24] This seems like a reasonable compromise, and the court encourages the parties to confer in an attempt to reach an agreement to proceed in this manner. The court will not, however, bar the SEC's deposition on this basis. As Mr. Kovzan notes, the undersigned has now twice compelled the SEC to fully and completely answer Mr. Kovzan's Interrogatory No. 1, which the court has ruled is a permissible contention interrogatory. Given the history of this case, Mr. Kovzan has articulated a well-founded concern that interrogatories may not be the most efficient way for Mr. Kovzan to obtain the information he seeks.

---

[22] *See, e.g., In re Indep. Svs. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654-55 (D. Kan. 1996) (finding that a Rule 30(b)(6) deposition notice containing topics such as was overbroad, burdensome, and a highly inefficient method through which to obtain facts supporting denials and affirmative defenses in a pleading).

[23] *White v. Union Pac. R.R. Co.*, No. 09-1407-EFM-KGG, 2011 WL 721550, at *2 (D. Kan. Feb. 22, 2011).

[24] Mem. of Law in Supp. of Stephen M. Kovzan's Opp'n to Pl.'s Mot. to Quash at 35, ECF No. 157.

Finally, the SEC has noted that several of the deposition topics overlap with previous discovery requests. Again, this alone does not demonstrate that the deposition would result in an undue burden. It is not uncommon for counsel to question deponents about documents produced through discovery.[25] In fact, "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery."[26] For these reasons, the court denies the SEC's motion for a protective order.

### D. Other Matters

In a footnote in its reply brief, the SEC now states it will no longer pursue its argument that the statute of limitations was tolled based on the discovery rule. The SEC goes on to state that because of this, Topic Nos. 12-17 "are now moot," which the court construes to mean the SEC believes they are no longer relevant in this case.[27] Mr. Kovzan has sought leave to file a surreply addressing why these topics are still relevant. Quite simply, the SEC's conclusory statement in a footnote in a reply brief regarding "mootness" is not a sufficient basis for the court to prohibit or limit the SEC's deposition. The court encourages the parties to confer to discuss the discovery implications of the SEC's abandonment of this legal theory. The court also encourages the parties to continue to discuss Mr. Kovzan's offer of using interrogatories to obtain some of the information he seeks through the Rule 30(b)(6) deposition.

Finally, this case has been the subject of a number of discovery disputes resulting in motion practice with lengthy briefing. Some of these motions involve disputes that the parties should have been capable of resolving without judicial intervention. The parties' inability to

---

[25] *White*, 2011 WL 721550, at *7.

[26] *Id.* (quoting *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 126 (D.D.C. 2005)).

[27] The SEC's Reply Mem. in Supp. of its Mot. to Quash Def. Stephen Kovzan's Rule 30(b)(6) Dep. Notice at 5 n.1, ECF No. 162.

reach agreements on these issues has delayed this case and taken up a significant amount of the court's time. The parties are put on notice that from this point on, any additional motions seeking resolution of discovery disputes must outline in very specific detail the steps the parties took to resolve the issue prior to seeking relief from the court. If the parties have not *meaningfully* conferred, the court will deny the motion without prejudice and order that they do so.[28]

Accordingly,

**IT IS THEREFORE ORDERED** that Securities and Exchange Commission's Motion to Quash Defendant Stephen M. Kovzan's Rule 30(b)(6) Notice (ECF No. 143) is denied. Within the next fourteen (14) days, the parties shall confer about a mutually agreeable time, date, and place for the Rule 30(b)(6) deposition of the SEC.

**IT IS FURTHER ORDERED** that Defendant Stephen M. Kovzan's Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion to Quash (ECF No. 165) is granted. The court has considered the brief in making its ruling.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[28] *See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (outlining the conference requirements imposed by the Federal Rules of Civil Procedure and by this district's local rules).