# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil No. 11-CV-2017 JWL/KGS |
| v. | |
| STEPHEN M. KOVZAN, | |
| Defendant. | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE TO COMPEL

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)

WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.          KS # 78029
Maxwell Carr-Howard    KS # 21042
Lyndsey J. Conrad          KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

Pursuant to D. Kan. Rule 6.1(a), Defendant Stephen M. Kovzan hereby respectfully moves this Court for an extension of time, up to and including April 3, 2013, to file any motion to compel with respect to Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, pursuant to Judge Sebelius' December 21, 2012 Order granting in part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136), if the parties are unable to resolve their differences before that date.  In support of his motion, Mr. Kovzan states:

1. On November 14, 2012, Mr. Kovzan filed his Second Motion To Compel, which challenged the sufficiency of Plaintiff's supplemental responses to Mr. Kovzan's First Set of Interrogatories, which plaintiff provided pursuant the Court's July 31, 2012 Order on Mr. Kovzan's First Motion To Compel.  (Dkt. Nos. 89, 118-20)

2. On November 28, 2012, Plaintiff filed its response to Mr. Kovzan's Second Motion To Compel and on December 12, 2012, Mr. Kovzan filed his reply.  (Dkt. Nos. 123, 130)

3. On December 21, 2012, the Court entered an Order granting in part and denying in part Mr. Kovzan's Second Motion To Compel.  (Dkt. No. 136)  The Court ordered plaintiff "to supplement its responses to Interrogatory No. 1's subparts by answering in the manner the subparts direct."  (Dkt. No. 136)

4. On December 27, 2012, plaintiff filed an unopposed motion for a one-week extension of the time to comply with the Court's December 21, 2012 Order, which the Court granted on January 3, 2013.  (Dkt. Nos. 141-42)

5. On January 11, 2013, plaintiff served its Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories (the "January 11 Responses").  These Responses contained over well over 100 pages of information concerning evidentiary support

2

for over 2000 individual expenses that plaintiff contends were undisclosed perquisites.

6.   On February 7, 2013, Mr. Kovzan filed, and this Court granted, an unopposed motion for a two-week extension of the time to move to compel as to the sufficiency of the January 11 Responses.  (Dkt. Nos. 163-64)

7.   On February 22, 2013, Mr. Kovzan filed, and this Court granted, an unopposed motion for an additional two-week extension of the time to move to compel as to the sufficiency of the January 11 Responses.  (Dkt. Nos. 172-73)

8.   The parties have been working diligently to resolve outstanding disputes with respect to the January 11 Responses, having engaged in meet-and-confer telephone calls on February 4 and 12, 2013.  During this meet-and-confer, plaintiff agreed to look into questions raised concerning the detail of the supplemental responses and consider Mr. Kovzan's request that plaintiff supplement its January 11 Responses further.  Plaintiff made a proposal concerning Mr. Kovzan's request by letter dated February 15, 2013.  Specifically, plaintiff proposed to examine its collection of "hot documents" in the case and to identify instances where individual expenses relate to particular documents.  Mr. Kovzan accepted this proposal by letter dated March 5 contingent upon plaintiff's agreement that Mr. Kovzan would have the right to seek court intervention in the future.  It is not known at this time when plaintiff will be able to provide these supplemental responses.

9.   The Court's February 22, 2013 Order provided that any motion to compel as to these interrogatory responses must be filed by March 11, 2013.  Although in accordance with D. Kan. R. 31.1(b), the Court may conclude that the time for filing a motion to compel as to plaintiff's forthcoming supplemental responses does not begin to run until those responses are served, Mr. Kovzan nonetheless seeks to extend the time for filing a renewed motion to compel

pursuant to that Order.

10.  If the Court views this motion for extension as belated, the Court may nevertheless grant Mr. Kovzan's request upon a showing of excusable neglect, which involves consideration of (1) whether the movant acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) the danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceeding.  *See* D. Kan. R. 6.1(a)(4); *Hock Foods, Inc. v. William Blair & Co., LLC*, 2011 WL 884446, *4 (D. Kan. Mar. 11, 2011).

11.  Consideration of these factors weighs in favor of a finding of excusable neglect in this case.  At all times, counsel have acted in good faith.  The parties have been diligently working to resolve or narrow the issues with regard to plaintiff's responses to discovery without court intervention.  Plaintiff has offered to supplement its responses but has not yet done so. *See Hock Foods*, 2011 WL 884446 at *4 (the parties' good faith effort to resolve their discovery dispute without court intervention weighed in favor of a finding of excusable neglect).  The short two-day delay in moving for an extension will have no impact on these proceedings.  The Scheduling Order has been temporarily suspended pending resolution of discovery disputes, (Dkt. No. 173), including one that is still subject to briefing and oral argument.  (Dkt. No. 179); *see also Hock Foods*, 2011 WL 884446 at *4 (concluding that, because another discovery dispute was pending, the court's consideration of the motion would not cause significant delay).  Nor will granting the motion cause any prejudice to plaintiff— indeed, following consultation with counsel for plaintiff, plaintiff has no objection to the requested extension of time.

12.  The purpose of this extension is to allow plaintiff sufficient time to supplement its

responses, to allow Mr. Kovzan time to meaningfully review plaintiff's forthcoming supplemental responses, and to allow the parties to attempt to resolve any remaining disputes without the need for additional motion practice.

**WHEREFORE**, Defendant Stephen M. Kovzan, respectfully requests that this Court grant his motion and enter an order permitting him to file any motion to compel on or before April 3, 2013 with respect to Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, as directed in the December 21, 2012 Order.  (Dkt. No. 136)

Dated: March 13, 2013

Respectfully submitted,

/s/ Stephen L. Hill, Jr.

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

Jeffrey S. Kruske
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

Erica Y. Williams
David Williams
Holly A. Pal
Helaine Schwartz
David S. Mendel
Natalie Shioji
Daniel J. Maher
U.S. Securities and Exchange Commission
100 F. Street NE
Washington, DC  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
palh@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
shiojin@sec.gov
maherd@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney