**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                                   **Plaintiff,**<br><br>         **v.**<br><br>**STEPHEN M. KOVZAN,**<br><br>                                   **Defendant.** | **Civil No. 11-CV-2017 JWL/KGS** |

## JOINT MOTION FOR EXTENSION OF TIME TO MOVE TO COMPEL

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)

WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.          KS # 78029
Maxwell Carr-Howard      KS # 21042
Lyndsey J. Conrad          KS # 23527

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

*Attorneys for Defendant Stephen M. Kovzan*

KCP-4309663-1

Pursuant to D. Kan. Rule 6.1(a), Defendant Stephen M. Kovzan and Plaintiff Securities and Exchange Commission hereby respectfully move this Court for an extension of time, up to and including April 19, 2013, for Mr. Kovzan to file any motion to compel with respect to (1) Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things (Dkt. No. 51); (2) Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, pursuant to Judge Sebelius' December 21, 2012 Order granting in part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136); and (3) Plaintiff's privilege claims as reflected on its November 9, 2012 Privilege Log ("November 9 Log"), pursuant to Judge Sebelius' February 21, 2013 Order denying Mr. Kovzan's Fourth Motion To Compel without prejudice and with leave to refile (Dkt. No. 169), if the parties are unable to resolve their differences before that date.  In addition, the parties hereby respectfully move this Court for an extension of time, up to and including April 19, 2013, for Plaintiff to file any motion to compel with respect to Mr. Kovzan's February 27, 2013 Responses and Objections to Plaintiff's First Set of Interrogatories.  In support of this joint motion, the parties state:

I.      **Plaintiff's February 15, 2013 Response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things (Dkt. No. 51).**

1.      On November 15, 2011, Mr. Kovzan served his First Set of Requests for the Production of Documents and Things.  (Dkt. No. 51).  Request 83 sought all "notes, memoranda and other documents concerning interviews conducted in connection with the investigation captioned *In the Matter of NIC Inc.*, HO-10670."

2.      On February 15, 2013, in response to a question from counsel from Mr. Kovzan on a meet-and-confer telephone call, Plaintiff advised in a letter that it was in possession of notes and one memorandum of conversations with Mark Thornhill (the "February 15 Letter")

between February 4, 2008 and September 8, 2009.  Spencer Fane Britt & Browne ("Spencer Fane") was retained by NIC's Audit Committee to examine, among other things, the expense reporting of NIC's former CEO, Jeffery Fraser that is now a key issue in this litigation.  Mr. Thornhill, a lawyer for Spencer Fane, led that investigation.  Plaintiff advised in the February 15 Letter that the materials it identified "are all on the subject of Mr. Thornhill's internal investigation, and are all being withheld pursuant to an assertion of privilege, including the work product and potentially the deliberative process privilege."

3.      On March 19, 2013, Magistrate Judge Sebelius entered an Order granting Mr. Kovzan's Unopposed Motion for Extension of Time To File Motion To Compel with respect to Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things. (Dkt. No. 184)

4.      Absent an extension, Magistrate Judge Sebelius' March 19, 2013 Order would require Mr. Kovzan to file a motion to compel these materials by April 3, 2013, unless the Court extends the time for filing such motion for good cause.

5.      The parties have been working diligently to resolve outstanding disputes with respect to issues addressed in the February 15 Letter, having exchanged views in correspondence dated March 5 and 18, 2013, as well as in a meet-and-confer meeting on March 12, 2013.  Plaintiff's March 18, 2013 letter identified 21 sets of notes and one memorandum reflecting 11 conversations between Mr. Thornhill and SEC Enforcement Staff occurring between February 4, 2008 and September 9, 2009.  The parties have a continuing dispute about whether these materials are protected work product.

6.      The purpose of this extension is to allow Mr. Kovzan time to meaningfully review Plaintiff's March 18, 2013 response, and to allow the parties to attempt to resolve any

remaining disputes over the materials referenced in the February 15 Letter without the need for additional motion practice.

II.     **Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, Pursuant to Judge Sebelius' December 21, 2012 Order Granting in Part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136).**

7.     On November 14, 2012, Mr. Kovzan filed his Second Motion To Compel, which challenged the sufficiency of Plaintiff's supplemental responses to Mr. Kovzan's First Set of Interrogatories that Plaintiff provided pursuant the Court's July 31, 2012 Order on Mr. Kovzan's First Motion To Compel.  (Dkt. Nos. 89, 118-20)

8.     On November 28, 2012, Plaintiff filed its response to Mr. Kovzan's Second Motion To Compel, and on December 12, 2012, Mr. Kovzan filed his reply.  (Dkt. Nos. 123, 130)

9.     On December 21, 2012, the Court entered an Order granting in part and denying in part Mr. Kovzan's Second Motion To Compel.  (Dkt. No. 136)  The Court ordered Plaintiff "to supplement its responses to Interrogatory No. 1's subparts by answering in the manner the subparts direct."  (Dkt. No. 136)

10.     On December 27, 2012, Plaintiff filed an unopposed motion for a one-week extension of the time to comply with the Court's December 21, 2012 Order, which the Court granted on January 3, 2013.  (Dkt. Nos. 141-42)

11.     On January 11, 2013, Plaintiff served its Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories (the "January 11 Responses").  These Responses contained well over 100 pages of information concerning evidentiary support for over 2,000 individual expenses that Plaintiff contends were undisclosed perquisites.

12.     On February 7, 2013, Mr. Kovzan filed, and this Court granted, an unopposed motion for a two-week extension of the time to move to compel as to the sufficiency of the

January 11 Responses.  (Dkt. Nos. 163-64)  On February 22, 2013, as well as March 13, 2013,

Mr. Kovzan filed, and this Court granted, additional extensions, and the current deadline for

moving to compel as to the sufficiency of the January 11 Responses is now April 3, 2013.

(Dkt. Nos. 172-73 and 180-81)

   13. The parties have been working diligently to resolve outstanding disputes with

respect to the January 11 Responses, having engaged in meet-and-confer telephone calls on

February 4 and 12, 2013.  During this meet-and-confer, Plaintiff agreed to look into questions

raised concerning the detail of the supplemental responses and consider Mr. Kovzan's request

that Plaintiff supplement its January 11 Responses further.  Plaintiff made a proposal

concerning Mr. Kovzan's request by letter dated February 15, 2013.  Specifically, Plaintiff

proposed to examine its collection of "hot documents" in the case and to identify instances

where individual expenses relate to particular documents.  Mr. Kovzan accepted this proposal

by letter dated March 5, 2013, contingent upon Plaintiff's agreement that Mr. Kovzan would

have the right to seek court intervention in the future, if necessary.  Plaintiff has indicated that it

expects to provide these supplemental responses by April 5, 2013.

   14. The purpose of the extension as to these discovery responses is to allow Mr.

Kovzan meaningful time to review Plaintiff's forthcoming responses and engage in additional

meet-and-confer discussions as needed to resolve remaining disputes without the need for

additional motion practice.

**III. Plaintiff's Privilege Claims Reflected in its November 9, 2012 Privilege Log
("November 9 Log"), Pursuant to Magistrate Judge Sebelius' February 21, 2013
Order Denying Mr. Kovzan's Fourth Motion To Compel without Prejudice and
with Leave To Refile (Dkt. No. 169).**

   15. On January 16, 2013, Mr. Kovzan filed his Fourth Motion To Compel, which

challenged the sufficiency of Plaintiff's privilege claims as reflected on its November 9 Log

and sought an order compelling Plaintiff to (1) produce all documents on the November 9 Log

for which Plaintiff failed to invoke the deliberative process privilege properly; (2) as to any

documents properly withheld under claim of "Attorney-Client Privilege" or "Deliberative

Process Privilege," produce all factual portions of such documents that are not protected from

discovery, including the views expressed by third parties in communications with the SEC; and

(3) as to any future production made by Plaintiff in compliance with Judge Lungstrum's

October 10, 2012 Order (Dkt. No. 113), supply a privilege log that complies with the

requirements of the law or produce the relevant documents.  (Dkt. Nos. 151-152)

      16.     On January 30, 2013, Plaintiff filed its opposition to Mr. Kovzan's Fourth Motion

To Compel, and on February 13, 2013, Mr. Kovzan filed his reply.  (Dkt. Nos. 161, 166)

      17.     On February 21, 2013, the Court entered an Order denying Mr. Kovzan's Fourth

Motion To Compel without prejudice and with leave to refile within 14 days of the Order.

(Dkt. No. 169).  The Court ordered Plaintiff to serve Mr. Kovzan with an amended privilege log

and to "again review the withheld materials to determine if any additional documents could be

produced to Mr. Kovzan in redacted form."  Order at 3. (Dkt. No. 169)  The Court further

directed the parties to make efforts to narrow the dispute.  *Id.*

      18.     Immediately following the entry of the Order, Plaintiff provided Mr. Kovzan with

an amended privilege log.  On March 2 and 4, 2013, Plaintiff provided Mr. Kovzan with

completely or partially redacted hard copy documents, which Plaintiff represented constitutes

all documents reflected on the November 9 Log.  These productions consisted of three large

redwelds of documents, most of which contain redactions based on the assertion of deliberative

process privilege.

19.     On March 6, 2013, Mr. Kovzan filed, and this Court granted, an unopposed motion for an extension of the time to file a renewed Fourth Motion To Compel with respect to Plaintiff's privilege claims as reflected on its November 9 Log, to March 28, 2013.  (Dkt. Nos. 176-77)

20.     The parties have been working diligently to resolve outstanding disputes with respect to Plaintiff's privilege claims as reflected on its November 9 Log.  The parties held a meet-and-confer telephone call on February 27, 2013, and exchanged written correspondence dated February 21, February 26, February 28, March 4, March 5, March 20, and March 26, 2013.  The parties also engaged in an in-person meet-and-confer of substantial length on March 12, 2013, to discuss the basis for certain of Plaintiff's redactions in an effort to narrow the dispute.  Plaintiff made an additional production of documents with certain redactions removed on March 26, 2013.

21.     The purpose of this extension is to allow Mr. Kovzan time to review Plaintiff's March 26, 2013 response, and to allow the parties to attempt to narrow or resolve any remaining disputes without the need for additional motion practice.

IV.     **Mr. Kovzan's Responses and Objections to Plaintiff's First Set of Interrogatories.**

22.     On December 5, 2012, Plaintiff served its First Set of Interrogatories on Mr. Kovzan, and on February 27, 2013, Mr. Kovzan served his Responses and Objections.

23.     In a meet-and-confer on March 12, 2013, and in a follow-up letter dated March 22, 2013, Plaintiff requested supplemental responses as to three of the Interrogatories.  Mr. Kovzan is preparing a response and expects to provide that to Plaintiff by March 29, 2013.

24.     Absent an extension, D. Kan. Rules 7.1 and 37.2 currently requires Plaintiff to file any motion to compel with respect to the sufficiency of Mr. Kovzan's Responses and Objections to Plaintiff's First Set of Interrogatories by March 29, 2013.

25.     The purpose of the extension as to these Responses and Objections is to give Plaintiff adequate time to review Mr. Kovzan's supplemental response, and to allow the parties time to engage in additional meet-and-confer sessions to resolve any remaining disputes without the need for additional motion practice.

26.     The purpose of the requested extension as to each of the four disputes identified above is also to place all disputes on the same deadline of April 19, 2013 for filing a motion to compel as to any or all of these outstanding disputes.

27.     Neither party will be prejudiced by the granting of this motion.

28.     Neither party has an objection to the requested extensions of time.

**WHEREFORE**, the parties respectfully request that this Court grant this motion and enter an order permitting Mr. Kovzan to file any motion to compel on or before April 19, 2013 with respect to (1) Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things (Dkt. No. 51); (2) Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, pursuant to Judge Sebelius' December 21, 2012 Order granting in part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136); and (3) Plaintiff's privilege claims as reflected on its November 9, 2012 Privilege Log ("November 9 Log"), pursuant to Judge Sebelius' February 21, 2013 Order denying Mr. Kovzan's Fourth Motion To Compel without prejudice and with leave to refile (Dkt. No. 169); and (4) permitting Plaintiff to file any motion to compel on or before April 19, 2013 with respect to Mr. Kovzan's Responses and Objections to Plaintiff's First Set of Interrogatories, if the parties are unable to resolve their differences before that date.

Dated:  March 27, 2013

Respectfully submitted,

/s/ Stephen L. Hill, Jr.

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr. KS # 78029
Maxwell Carr-Howard KS # 21042
Lyndsey J. Conrad KS # 23527
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
(816) 983-8000
(816) 983-8080
stephen.hill@huschblackwell.com
max.carr-howard@huschblackwell.com
lyndsey.conrad@huschblackwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

Jeffrey S. Kruske
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

Erica Y. Williams
David Williams
Holly A. Pal
Helaine Schwartz
David S. Mendel
Natalie Shioji
Daniel J. Maher
U.S. Securities and Exchange Commission
100 F. Street NE
Washington, DC  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
palh@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
shiojin@sec.gov
maherd@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney