**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | Civil No. 11-CV-2017 JWL/KGS |
| v. | |
| **STEPHEN M. KOVZAN,** | |
| Defendant. | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE TO COMPEL

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)

WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

Stephen L. Hill, Jr.        KS # 78029
Maxwell Carr-Howard     KS # 21042

DENTONS
4520 Main Street, Suite 1100
Kansas City, Missouri  64111
(816) 460-2400
(816) 531-7545
stephen.hill@dentons.com
maxwell.carr-howard@dentons.com

*Attorneys for Defendant Stephen M. Kovzan*

Pursuant to D. Kan. Rule 6.1(a), Defendant Stephen M. Kovzan and Plaintiff Securities and Exchange Commission hereby respectfully move this Court for an extension of time, up to and including May 3, 2013, for Mr. Kovzan to file any motion to compel with respect to (1) Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things (Dkt. No. 51); (2) Plaintiff's Fourth and Fifth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, pursuant to Judge Sebelius' December 21, 2012 Order granting in part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136); and (3) Plaintiff's privilege claims as reflected on its November 9, 2012 Privilege Log ("November 9 Log"), pursuant to Judge Sebelius' February 21, 2013 Order denying Mr. Kovzan's Fourth Motion To Compel without prejudice and with leave to refile (Dkt. No. 169), if the parties are unable to resolve their differences before that date.  In support of his motion, Mr. Kovzan states:

**I.    Plaintiff's February 15, 2013 Response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things (Dkt. No. 51).**

1. On November 15, 2011, Mr. Kovzan served his First Set of Requests for the Production of Documents and Things.  (Dkt. No. 51).  Request 83 sought all "notes, memoranda and other documents concerning interviews conducted in connection with the investigation captioned *In the Matter of NIC Inc.*, HO-10670."

2. On February 15, 2013, in response to a question from counsel from Mr. Kovzan on a meet-and-confer telephone call, Plaintiff advised in a letter that it was in possession of notes and one memorandum of conversations with Mark Thornhill (the "February 15 Letter") between February 4, 2008 and September 8, 2009.  Spencer Fane Britt & Browne ("Spencer Fane") was retained by NIC's Audit Committee to examine, among other things, the expense reporting of NIC's former CEO, Jeffery Fraser that is now a key issue in this litigation.  Mr.

Thornhill, a lawyer for Spencer Fane, led that investigation. Plaintiff advised in the February 15 Letter that the materials it identified "are all on the subject of Mr. Thornhill's internal investigation, and are all being withheld pursuant to an assertion of privilege, including the work product and potentially the deliberative process privilege."

3.  On March 19, 2013, Magistrate Judge Sebelius entered an Order granting Mr. Kovzan's Unopposed Motion for Extension of Time To File Motion To Compel with respect to Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests for the Production of Documents and Things. (Dkt. No. 184)  On March 28, 2013, Magistrate Judge Sebelius entered an Order granting the parties' Joint Motion for Extension of Time To Move To Compel with respect to, among other items, the notes and memorandum of Plaintiff's conversations with Mr. Thornhill.  (Dkt. No. 188)

4.  Absent an extension, Magistrate Judge Sebelius' March 28, 2013 Order would require Mr. Kovzan to file a motion to compel these materials by April 19, 2013, unless the Court extends the time for filing such motion for good cause.

5.  The parties have been working diligently to resolve outstanding disputes with respect to issues addressed in the February 15 Letter, having exchanged views in correspondence dated March 5, March 18, and April 3, 2013, as well as in a meet-and-confer meeting on March 12, 2013 and a meet-and-confer telephone call on April 15, 2013.  Plaintiff's March 18, 2013 letter identified 21 sets of notes and one memorandum reflecting 11 conversations between Mr. Thornhill and SEC Enforcement Staff occurring between February 4, 2008 and September 9, 2009.  The parties have a continuing dispute about whether these materials are protected work product.

6. The purpose of this extension is to allow the parties to attempt to resolve any remaining disputes over the materials referenced in the February 15 Letter without the need for additional motion practice.

## II. Plaintiff's Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, Pursuant to Judge Sebelius' December 21, 2012 Order Granting in Part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136).

7. On November 14, 2012, Mr. Kovzan filed his Second Motion To Compel, which challenged the sufficiency of Plaintiff's supplemental responses to Mr. Kovzan's First Set of Interrogatories that Plaintiff provided pursuant the Court's July 31, 2012 Order on Mr. Kovzan's First Motion To Compel. (Dkt. Nos. 89, 118-20)

8. On November 28, 2012, Plaintiff filed its response to Mr. Kovzan's Second Motion To Compel, and on December 12, 2012, Mr. Kovzan filed his reply. (Dkt. Nos. 123, 130)

9. On December 21, 2012, the Court entered an Order granting in part and denying in part Mr. Kovzan's Second Motion To Compel. (Dkt. No. 136) The Court ordered Plaintiff "to supplement its responses to Interrogatory No. 1's subparts by answering in the manner the subparts direct." (Dkt. No. 136)

10. On December 27, 2012, Plaintiff filed an unopposed motion for a one-week extension of the time to comply with the Court's December 21, 2012 Order, which the Court granted on January 3, 2013. (Dkt. Nos. 141-42)

11. On January 11, 2013, Plaintiff served its Fourth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories (the "January 11 Responses"). These Responses contained over well over 100 pages of information concerning evidentiary support for over 2000 individual expenses that plaintiff contends were undisclosed perquisites.

12. On February 7, 2013, Mr. Kovzan filed, and this Court granted, an unopposed motion for a two-week extension of the time to move to compel as to the sufficiency of the January 11 Responses. (Dkt. Nos. 163-64) On February 22, 2013, March 13, 2013, and March 27, 2013, Mr. Kovzan filed, and this Court granted, additional extensions, and the current deadline for moving to compel as to the sufficiency of the January 11 Responses is now April 19, 2013. (Dkt. Nos. 172-73, 180-81, 188-89)

13. The parties have been working diligently to resolve outstanding disputes with respect to the January 11 Responses, having engaged in meet-and-confer telephone calls on February 4 and 12, 2013, as well as April 15, 2013. During the February 4 and 12 meet-and-confer telephone calls, Plaintiff agreed to look into questions raised concerning the detail of the supplemental responses and consider Mr. Kovzan's request that plaintiff supplement its January 11 Responses further. Plaintiff made a proposal concerning Mr. Kovzan's request by letter dated February 15, 2013. Specifically, Plaintiff proposed to examine its collection of "hot documents" in the case and to identify instances where individual expenses relate to particular documents. Mr. Kovzan accepted this proposal by letter dated March 5, 2013, contingent upon Plaintiff's agreement that Mr. Kovzan would have the right to seek court intervention in the future, if necessary. Plaintiff provided its Fifth Supplemental Responses on April 5, 2013 (the "Fifth Supplemental Responses").

14. The purpose of the extension as to these discovery responses is to allow Mr. Kovzan meaningful time to review Plaintiff's Fifth Supplemental Responses and engage in additional meet-and-confer discussions as needed to resolve remaining disputes without the need for additional motion practice.

**III.     Plaintiff's Privilege Claims Reflected in its November 9, 2012 Privilege Log ("November 9 Log"), Pursuant to Magistrate Judge Sebelius' February 21, 2013 Order Denying Mr. Kovzan's Fourth Motion To Compel without Prejudice and with Leave To Refile (Dkt. No. 169).**

15.     On January 16, 2013, Mr. Kovzan filed his Fourth Motion To Compel, which challenged the sufficiency of Plaintiff's privilege claims as reflected on its November 9 Log and sought an order compelling plaintiff to (1) produce all documents on the November 9 Log for which plaintiff failed to invoke the deliberative process privilege properly; (2) as to any documents properly withheld under claim of "Attorney-Client Privilege" or "Deliberative Process Privilege," produce all factual portions of such documents that are not protected from discovery, including the views expressed by third parties in communications with the SEC; and (3) as to any future production made by plaintiff in compliance with Judge Lungstrum's October 10, 2012 Order (Dkt. No. 113), supply a privilege log that complies with the requirements of the law or produce the relevant documents. (Dkt. Nos. 151-152)

16.     On January 30, 2013, Plaintiff filed its opposition to Mr. Kovzan's Fourth Motion To Compel, and on February 13, 2013, Mr. Kovzan filed his reply. (Dkt. Nos. 161, 166)

17.     On February 21, 2013, the Court entered an Order denying Mr. Kovzan's Fourth Motion To Compel without prejudice and with leave to refile within 14 days of the Order. (Dkt. No. 169). The Court ordered Plaintiff to serve Mr. Kovzan with an amended privilege log and to "again review the withheld materials to determine if any additional documents could be produced to Mr. Kovzan in redacted form." Order at 3. (Dkt. No. 169)  The Court further directed the parties to make efforts to narrow the dispute. *Id*.

18.     Immediately following the entry of the Order, Plaintiff provided Mr. Kovzan with an amended privilege log. On March 2 and 4, 2013, Plaintiff provided Mr. Kovzan with completely or partially redacted hard copy documents, which Plaintiff represented constitutes

all documents reflected on the November 9 Log.  These productions consisted of three large redwelds of documents, most of which contain redactions based on the assertion of deliberative process privilege.

19. On March 6 and 27, 2013, Mr. Kovzan filed, and this Court granted, unopposed motions for extensions of the time to file a renewed Fourth Motion To Compel with respect to Plaintiff's privilege claims as reflected on its November 9 Log, to March 28, 2013.  (Dkt. Nos. 176-77, 188-89)

20. The parties have been working diligently to resolve outstanding disputes with respect to Plaintiff's privilege claims as reflected on its November 9 Log.  The parties held a meet-and-confer telephone call on February 27, 2013, and exchanged written correspondence dated February 21, February 26, February 28, March 4, March 5, March 20, and March 26, 2013.  The parties also engaged in an in-person meet-and-confer of substantial length on March 12, 2013, to discuss the basis for certain of Plaintiff's redactions in an effort to narrow the dispute.  Plaintiff made an additional production of documents with certain redactions removed on March 26, 2013.  The parties have since exchanged written correspondence dated April 8, 2013 and engaged in a meet-and-confer telephone call on April 15, 2013.

21. The purpose of this extension is to allow the parties to attempt to narrow or resolve any remaining disputes without the need for additional motion practice.

22. Neither party will be prejudiced by the granting of this motion.

23. Plaintiff has no objection to the requested extensions of time.

**WHEREFORE**, Mr. Kovzan respectfully requests that this Court grant this motion and enter an order permitting Mr. Kovzan to file any motion to compel on or before May 3, 2013 with respect to (1) Plaintiff's February 15, 2013 response to Mr. Kovzan's First Set of Requests

for the Production of Documents and Things (Dkt. No. 51); (2) Plaintiff's Fourth and Fifth Supplemental Responses and Objections to Mr. Kovzan's First Set of Interrogatories, pursuant to Judge Sebelius' December 21, 2012 Order granting in part Mr. Kovzan's Second Motion To Compel (Dkt. No. 136); and (3) Plaintiff's privilege claims as reflected on its November 9, 2012 Privilege Log ("November 9 Log"), pursuant to Judge Sebelius' February 21, 2013 Order denying Mr. Kovzan's Fourth Motion To Compel without prejudice and with leave to refile (Dkt. No. 169), if the parties are unable to resolve their differences before that date.

Dated:  April 17, 2013

Respectfully submitted,
/s/ Stephen L. Hill, Jr.

Andrew B. Weissman (admitted *pro hac vice*)
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
andrew.weissman@wilmerhale.com
john.valentine@wilmerhale.com
nicole.rabner@wilmerhale.com
david.zetlin-jones@wilmerhale.com
kelly.shoop@wilmerhale.com

DENTONS
4520 Main Street, Suite 1100
Kansas City, Missouri  64111
(816) 460-2400
(816) 531-7545
stephen.hill@dentons.com
maxwell.carr-howard@dentons.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to:

Jeffrey S. Kruske
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov

Erica Y. Williams
David Williams
Holly A. Pal
Helaine Schwartz
David S. Mendel
Natalie Shioji
Daniel J. Maher
U.S. Securities and Exchange Commission
100 F. Street NE
Washington, DC  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
palh@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
shiojin@sec.gov
maherd@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill, Jr.
Attorney