# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### KANSAS CITY DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil No. 11-CV-2017 JWL/KGS |
| v. | |
| STEPHEN M. KOVZAN, | |
| Defendant. | |

## DEFENDANT STEPHEN M. KOVZAN'S MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF YANIV GRINSTEIN

Defendant Stephen M. Kovzan hereby moves that this Court strike the supplemental report of Dr. Yaniv Grinstein, the materiality expert proffered by Plaintiff Securities and Exchange Commission ("SEC").[1] Dr. Grinstein's supplemental report is untimely and highly prejudicial to Mr. Kovzan because it contains new opinions and was served just yesterday—more than three months after the close of expert discovery, only one business day (and four total days) before the deadline for the filing of Mr. Kovzan's *Daubert* motion to exclude Dr. Grinstein's proffered expert testimony, and less than five weeks before trial.

## I.      FACTUAL BACKGROUND

Pursuant to this Court's scheduling order, plaintiff was required to, and did, serve disclosures required by Fed. R. Civ. P. 26(a)(2), including expert reports on issues for which plaintiff bears the burden of proof, on May 24, 2013.  *See* Dkt. No. 194 (May 10, 2013); Dkt.

---

[1]      In accordance with D. Kan. R. 37.2 and Fed. R. Civ. P. 37(a)(1), the parties have made reasonable efforts to confer and to resolve the parties' differences without resorting to motions practice, having exchanged written correspondence on October 11, 2013.

No. 198 (May 28, 2013).  These disclosures included the initial expert report of Dr. Grinstein, setting forth, among other things, his opinion that NIC's alleged failure to disclose perquisites provided to former NIC Inc. CEO Jeffery Fraser was relevant and important (*i.e.*, material) for investors.  On June 25, 2013, plaintiff served the amended expert report of Dr. Grinstein, correcting his initial expert report.  On July 2, 2013, Mr. Kovzan deposed Dr. Grinstein.

In accordance with the scheduling order, Mr. Kovzan served two of its expert reports on issues for which plaintiff bears the burden of proof and in rebuttal to plaintiff's expert reports on July 1, 2013.  *See* Dkt. No. 194 (May 10, 2013); Dkt. No. 211 (July 2, 2013).  In light of the unanticipated amendment of Dr. Grinstein's report on June 25, 2013, the Court granted an extension of the deadline for Mr. Kovzan's expert report addressing materiality issues until July 5, 2013.  *See* Dkt. No. 208 (June 26, 2013).  On July 5, 2013, Mr. Kovzan served the expert report of Marcia Kramer Mayer, Ph.D, setting forth, among other things, Dr. Mayer's opinion that Dr. Grinstein's opinion as expressed in his amended expert report suffers from a number of significant methodological flaws that render it unreliable.  *See* Dkt. No. 214 (July 8, 2013). Plaintiff did not depose Dr. Mayer until October 1, 2013.

This Court's orders dated May 10, 2013 and June 26, 2013 required the completion of expert reports by July 5, 2013.  *See* Dkt. Nos. 194, 208.  The pretrial order entered July 1, 2013 stated that expert discovery was otherwise complete except that neither party had deposed the other party's expert witnesses and were permitted to do so following disclosure of expert reports. *See* Dkt. No. 209.  The pretrial order did not authorize any other expert discovery.  Further, the pretrial order stated:  "It shall not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice.  *See* Fed. R. Civ. P. 16(d); D. Kan. Rule 16.2(c)."  *Id.*  It also set a deadline of 28 days before trial for the filing of *Daubert*

motions to exclude expert testimony. *See id.* That date is October 15, 2013.

At 4:30 p.m. C.S.T. on October 10, 2013, plaintiff served a 40-page, 91-paragraph supplemental report of Dr. Grinstein in which he purports to respond to Dr. Mayer's opinion and to expand on the foundations for his conclusions. *See* Supplemental Report of Dr. Yaniv Grinstein (Oct. 10, 2013) (Exh. 1). (By comparison, Dr. Grinstein's initial and amended report, including his 8-page curriculum vitae, was only 26 pages and 43 paragraphs long.)

This supplemental report was served more than three months after the close of expert discovery, only one business day (and four total days) before the October 15 deadline for Mr. Kovzan to file a *Daubert* motion to exclude Dr. Grinstein's testimony, and less than five weeks before the trial of this complex securities fraud action is set to begin. Plaintiff neither conferred with Mr. Kovzan nor sought leave of Court before serving the supplemental report.

The supplemental report does not suggest that it corrects any error in Dr. Grinstein's amended report; does not explain why any expansion of Dr. Grinstein's conclusions and analysis could not have been done before the close of expert discovery or even before Dr. Grinstein submitted his initial report; and does not explain why any response it has to Dr. Mayer's criticisms of his methodology could not have been served within a month of her July 5th report. Dr. Grinstein's belated submission is unaccompanied by any explanation of why it was served so shortly before trial, other than a cover letter from plaintiff's counsel stating that Dr. Grinstein's amended "report has been supplemented to respond to the issues raised in the July 5, 2013 Report of Dr. Marcia Kramer Mayer and the October 1, 2013 Deposition of Dr. Marcia Kramer Mayer." Letter from David Williams to Counsel (Oct. 10, 2013) (Exh. 2). Neither Dr. Grinstein's supplemental report nor the cover letter from plaintiff's counsel explains what new issues were raised when plaintiff deposed Dr. Mayer.

## II.      DR. GRINSTEIN'S SUPPLEMENTAL REPORT SHOULD BE STRICKEN.

Dr. Grinstein's eleventh-hour submission, as Mr. Kovzan is preparing for trial and only one business day before his *Daubert* motion to exclude Dr. Grinstein is due, violates the Federal Rules of Civil Procedure, contravenes this Court's Scheduling Order, and would prejudice Mr. Kovzan.  Plaintiff's attempt at "trial preparation by surprise" should not be permitted.

### A.      Dr. Grinstein's New Report Is Not a Proper "Supplemental" Report.

Dr. Grinstein's opinion should stand or fall based on the disclosure he made during expert discovery.  Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert witnesses and reports. When an expert report is produced, the report must contain, among other information, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "any exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B). If the parties have a scheduling order in place, then the parties must make these disclosures "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  This Court's scheduling order provided that  Dr. Grinstein's initial report was due by May 24, 2013—more than four months before his "supplemental" report was served.  Dkt. No. 194 (May 10, 2013).

Only in limited circumstances may an expert who has made a disclosure under Rule 26(a) later supplement his report.  A party should timely supplement its expert's report if that party learns that the report is "incomplete or incorrect, and if the additional or corrective information" has not yet been produced.  Fed. R. Civ. P. 26(e)(1)(A).  But "[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."  *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998).[2]  As one district court within the Tenth Circuit explained:

---

[2]      *See also Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630 (E.D.N.C.

A supplemental expert report that *states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation* and is subject to exclusion under Rule 37(c).  To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given.  This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).

*Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) (emphasis added).

Similarly, here Dr. Grinstein's "supplemental" report is not the kind of supplementation permitted under Fed. R. Civ. P. 26(e).  Dr. Grinstein does not suggest that his prior report was incomplete or incorrect.  Rather, the opening lines of his additional report explain that he will (1) offer conclusions criticizing Dr. Mayer's opinions and (2) "expand on the foundations" for his conclusion and provide "additional support for my conclusion that investors in NIC care about perquisite disclosure."  Exh. 1, at 1-2.  This attempt to bolster the conclusions set forth in his prior report is clearly impermissible supplementation.

Nor is his rebuttal to Dr. Mayer's opinions permitted under Fed. R. Civ. P. 26(e).  A party may not cloak a rebuttal report by calling it a "supplement."  *See RMD, LLC v. Nitto Americas,*

---

2008) ("Supplementation of an expert report permits a party to correct inadvertent errors or omissions.  Supplementation, however, is not a license to amend an expert report to avoid summary judgment."); *Solaia Tech., LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806 (N.D. Ill. 2005) ("It would appear that Nuschke's much expanded opinion was prompted solely by ArvinMeritor's summary judgment motion…. This is not the proper role for supplementation of a report by an expert."); *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003) ("'[Rule 26(e)] does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report."); *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003) ("[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to …."); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) ("In short, Rule 26 imposes a duty on Plaintiffs; it grants them no *right* to produce information in a belated fashion." (emphasis in original)); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation.").

*Inc.*, 09-2056, 2012 WL 5398345 (D. Kan. Nov. 5, 2012) ("The Court agrees with Defendants

that the report is a rebuttal report.  Indeed, Vianello's opening line of the report stated the

purpose is to respond with his observations regarding Defendants' expert report, and is organized

by sub-headings that correspond to the numbered paragraphs in Defendants' expert report,

critiquing it paragraph by paragraph.").  Further, Rule 26(a) contemplates disclosure of rebuttal

reports.  Only if there is no stipulation or court order governing expert disclosures may an

unprovided-for rebuttal disclosure be made, and even then, it "must be made … within 30 days

after the other party's disclosure."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Here, the Court's scheduling

order provided for the last expert reports (Dr. Mayer's report) to be filed by July 5, 2013.  No

further rebuttal report was permitted by the Court.  To the extent a rebuttal of Dr. Mayer's report

could be deemed permissible by Rule 26(a)(2) even when not provided in the Court's discovery

schedule (and it cannot), it would be required to be filed within 30 days, which was August 5,

2013, more than two months ago.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

"Courts distinguish 'true supplementation' (*e.g.*, correcting inadvertent errors or

omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert

summary judgment by 'supplementing' an expert report with a 'new and improved' expert

report."  *Gallagher*, 568 F. Supp. 2d at 631.  Plaintiff's attempt to "supplement" Dr. Grinstein's

initial report is eleventh-hour gamesmanship and should be stricken by the Court.

### B.    Dr. Grinstein's New Report Is Unjustifiably Untimely and Is Prejudicial.

When a party fails to comply with the timeliness requirements of Rule 26(a), then "the

party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

37(c)(1).  The burden to establish harmlessness is on the party who failed to make the required

disclosure.  *FTC v. Affiliate Strategies, Inc.*, 09-4104, 2011 WL 2084147 (D. Kan. May 24, 2011).  In the Tenth Circuit, the following factors should guide the district court's discretion under Rule 37: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). None of those factors justifies the late service of Dr. Grinstein's additional report.

Plaintiff has not shown why the extraordinarily late submission of Dr. Grinstein's new opinions is substantially justified.  Plaintiff's letter asserts that Dr. Grinstein's report was intended to respond to issues raised in Dr. Mayer's deposition on October 1, 2013.  Responding to deposition testimony is not a valid basis for a rebuttal report in violation of the Court's scheduling order.  Moreover, it was plaintiff's choice to wait until October 1 to depose Dr. Mayer.  Mr. Kovzan, in contrast, deposed Dr. Grinstein just one week after receiving his amended report and less than five weeks after receiving his initial report.  Plaintiff cannot create an excuse for the lateness of Dr. Grinstein's new opinions by pointing to its own delay in deposing Dr. Mayer.  Moreover, neither plaintiff nor Dr. Grinstein explains just what in Dr. Mayer's testimony was new.  Rather, his supplemental report criticizes opinions she raised in her report, which was served three months earlier.

Mr. Kovzan would be severely prejudiced if Dr. Grinstein's additional report were permitted to stand:

- Mr. Kovzan's *Daubert* motion is due October 15—one business day (and only four total days) after Dr. Grinstein's new report was served.  Mr. Kovzan was in the final stages of completing his *Daubert* motion to exclude Dr. Grinstein's opinion when plaintiff served the supplemental report.  There is insufficient time for Mr. Kovzan to analyze the extensive new opinions and methodologies set forth in that report to address the compliance of those reviews with *Daubert* and

Rule 702, and delaying the preparation of a *Daubert* motion would distract Mr. Kovzan from adequate trial preparation under the Court's existing schedule, which has been guiding the parties' trial preparation ever since entry of the pretrial order.

- Mr. Kovzan has relied on his own expert, Dr. Mayer, to help analyze Dr. Grinstein's opinions, but there is insufficient time for Dr. Mayer to do the extensive work necessary to analyze Dr. Grinstein's newly issued views. Plaintiff's timing appears designed to impede meaningful analysis of Dr. Grinstein's new opinions for motions practice and to prepare for trial.

- Mr. Kovzan already deposed Dr. Grinstein on July 2, 2013 based on his amended report. Dr. Grinstein's new report would require another deposition on the eve of trial at great time and expense, which would be highly prejudicial to Mr. Kovzan.[3] It introduces a new burden on Mr. Kovzan at a critical time, which cannot be shouldered without impeding Mr. Kovzan's compliance with the tasks mandated in the pretrial order.

- Trial is set to begin on November 12, less than five weeks from now. If Dr. Grinstein's testimony is not excluded under *Daubert*, there is insufficient time for Mr. Kovzan to work with his expert to prepare for the cross-examination of Dr. Grinstein on the new opinions set forth in the supplemental report.

The surprise to Mr. Kovzan could not be greater. With the exception of two discrete expert depositions, the pretrial order provided for expert discovery to close on July 5, 2013 and stated that the order "shall not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice." *See* Dkt. No. 209. Plaintiff never conferred with Mr. Kovzan regarding any modification of the schedule or any supplemental reports. Plaintiff had opportunities to confer with Mr. Kovzan's counsel, among other times, at Dr. Mayer's deposition on October 1, at Robert Temkin's deposition on October 8, and at Dianna Harrington's deposition on the morning of October 10. In addition, Magistrate

[3]    Indeed, in its September 25, 2013 briefing on Mr. Kovzan's motion for leave to depose Dianna Harrington and Jeffrey Risinger, plaintiff noted that "trial in this matter is imminent" as it was "less than two months away." Dkt. No. 276, at 4. Plaintiff said that it would be "prejudiced by the need to prepare for additional deposition practice given that it is in the midst of trial preparation" and that reopening "discovery at this juncture will impose an unfair burden on the Commission." *Id.* at 5. The burden on Mr. Kovzan to re-depose Dr. Grinstein, who is critical to plaintiff's materiality argument, would be exponentially greater.

Judge Sebelius held a telephonic conference on October 2 (the day after Dr. Mayer's deposition), at the end of which he asked the parties whether there were other matters that required the Court's attention; plaintiff responded "no." Plaintiff's delivery of a new expert report nine days later with no notice to Mr. Kovzan or request to the Court should not abided.

The other factors that the Tenth Circuit considers under Rule 37(c)(1) also favor striking Dr. Grinstein's supplemental report. There is no other way to cure the prejudice caused by the late service of the report. A timely *Daubert* submission is impossible, and delaying the *Daubert* briefing schedule, re-deposing Dr. Grinstein, and allowing his opinion to be a continually moving target would only heighten the prejudice to Mr. Kovzan given the imminent trial date. The very purpose of expert discovery deadlines is to avoid such prejudice. Allowing plaintiff to gain a tactical advantage by flouting the Court's orders would be unfair and unjust.

Finally, plaintiff's "trial preparation by surprise" tactic evidences inappropriate conduct. Given the sheer length of Dr. Grinstein's supplemental report, it is safe to conclude that it was not prepared in a day or two. At a minimum, plaintiff knew it would be submitting a new report and failed to mention that fact to both Mr. Kovzan and Magistrate Judge Sebelius. Plaintiff should be held accountable for this conduct.

WHEREFORE, Mr. Kovzan respectfully requests that this Court:

1.      Strike from the record the supplemental report of plaintiff's proffered expert, Dr. Yaniv Grinstein;

2.      Order that, should he be permitted to testify at all, Dr. Grinstein is barred from testifying at trial on the matters addressed in his supplemental report; and

3.      Order any other relief that this Court deems just and proper.

Dated:  October 11, 2013

Andrew B. Weissman (admitted *pro hac vice*)          Respectfully submitted,
John A. Valentine (admitted *pro hac vice*)
Nicole R. Rabner (admitted *pro hac vice*)               /s/ Stephen L. Hill
J. David Zetlin-Jones (admitted *pro hac vice*)
Kelly S. Shoop (admitted *pro hac vice*)                   Stephen L. Hill, Jr. KS # 78029
WILMER CUTLER PICKERING HALE AND DOOR LLP   Maxwell Carr-Howard KS # 21042
1875 Pennsylvania Avenue, NW                                DENTONS US LLP
Washington, DC 20006                                           4520 Main Street, Suite 1100
(202) 663-6000                                                      Kansas City, Missouri  64111
andrew.weissman@wilmerhale.com                       (816) 460-2400
john.valentine@wilmerhale.com                            (816) 531-7545
nicole.rabner@wilmerhale.com                              stephen.hill@dentons.com
david.zetlin-jones@wilmerhale.com                        maxwell.carr-howard@dentons.com
kelly.shoop@wilmerhale.com

                                                                          *Attorneys for Defendant Stephen M. Kovzan*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2013, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/Dkt. system to:

Jeffrey S. Kruske
Office of the Securities Commissioner
109 SW 9th Street, Suite 600
Topeka, KS  66612
(785) 296-5215
jeff.kruske@ksc.ks.gov
Erica Y. Williams
David Williams
Holly A. Pal
Helaine Schwartz
David S. Mendel
Natalie Shioji
Daniel J. Maher
Patrick M. Bryan
U.S. Securities and Exchange Commission
100 F. Street NE
Washington, DC  20549-4010
(202) 551-4450
(202) 772-9246 (FAX)
williamse@sec.gov
williamsdav@sec.gov
palh@sec.gov
schwartzh@sec.gov
mendeld@sec.gov
shiojin@sec.gov
maherd@sec.gov
bryanp@sec.gov
*Attorneys for Plaintiff Securities & Exchange Commission*

/s/ Stephen L. Hill
Attorney